**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| KYLE SLOAN, Individually, and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan, KYLE SLOAN as Surviving Spouse of Jamie Sloan, and KYLE SLOAN as Surviving Parent of Rylie Sloan,<br><br>       Plaintiffs,<br><br>v.<br><br>NICHOLAS BURIST; MAYFLOWER TRANSIT LLC; JOE MOHOLLAND, INC.; WESCO INSURANCE COMPANY; AND XYZ COMPANIES 1-3,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Kyle Sloan, individually, and as Personal Representative of the estates of Rylie Sloan and Jamie Sloan; and as surviving spouse of Jamie Sloan; and as surviving parent of Rylie Sloan, by and through his counsel of record, and files his Complaint for Damages, showing this Honorable Court as follows:

## NATURE OF COMPLAINT

1.     This is a civil action for damages against Defendants arising out of a motor vehicle collision. Plaintiff brings this action to obtain full and complete relief

from defendants.

## PARTIES, JURISDICTION, AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1332, under diversity of citizenship. More than $75,000 is in controversy and Plaintiff and Defendants are citizens of different states.

3.      Plaintiff is a citizen of Spartanburg County, South Carolina.

4.      Decedents were residents and citizens of Spartanburg County, South Carolina at the time of their death.   The vast majority of the evidence in this action will relate to establishing the beauty and value of their lives.

5.      Kyle Sloan sustained personal injuries after his vehicle was struck by a semi-truck on Interstate 95 in Camden County, Georgia at approximately 2:30 P.M. on July 1, 2022.

6.      Kyle Sloan is the widower of Jamie Sloan, deceased. Kyle Sloan is the proper party to bring this wrongful death action for the value of Jamie's life.

7.      Kyle Sloan is the father of Rylie Sloan, deceased. Since Rylie Sloan died without spouse or child, Kyle Sloan is the proper party to bring this wrongful death action for the value of Rylie's life.

8.      Kyle Sloan is the duly appointed Personal Representative of the Estates of Jamie Sloan and Rylie Sloan and is therefore the proper party to bring this action for all damages recoverable by their estates. Kyle Sloan was appointed Personal

Representative of these estates by Spartanburg County, South Carolina Probate Court.

9.     Defendant Nicholas Burist ("Defendant Driver") is a citizen and resident of Virginia.   At all times relevant hereto, Defendant Driver was an employee/agent of Defendant Mayflower Transit LLC ("Defendant Mayflower" or "Mayflower") and Defendant Joe Moholland Inc. ("Defendant Moholland") and was the driver of a 2014 ProStar International tractor trailer Vin # 3HSDJAPR7EN491357 with tag number 59AP8M that killed the Decedents and severely injured the Plaintiff.   Defendant Driver can be served with process at 3005 Roanoke Avenue, Newport News, Virginia 23607.

10.     Defendant Driver is a non-resident motorist who availed himself of the laws and protections of the State of Georgia by operating a commercial motor vehicle in Camden County, Georgia, that was owned by Defendant Joe Moholland and/or Defendant Mayflower.

11.     Defendant Mayflower is a foreign, for-profit business entity organized and existing under the laws of the state of Missouri.   Its principal place of business is located in Fenton, Missouri. Defendant Mayflower may be served through its registered agent, to wit, CT Corporation System, 289 S. Culver St., Lawrenceville, Gwinnett County, Georgia 31146.

12.     At all times material herein, Defendant Mayflower engaged in the

3

business of long haul commercial over-the-road trucking and transportation. Additionally, Defendant Mayflower regularly does and solicits business within the state of Georgia. Further, Defendant Mayflower derived substantial revenue from goods used or consumed or services rendered in Georgia.

13.     At all times material herein, Defendant Mayflower was licensed by the U.S. Department of Transportation and was subject to Federal and State laws governing that industry.   Defendant Mayflower's DOT number is 125563 and Defendant Driver was operating with this number on his commercial vehicle at the time of this collision.

14.     Defendant Moholland is a foreign, for-profit business entity organized and existing under the laws of the state of Virginia.   Its principal place of business is in Woodbridge, Virginia. Service may be had upon this defendant at 15481 Farm Creek Drive, Woodbridge, Virginia 22191.

15.     At all times material herein, Defendant Moholland was licensed by the U.S. Department of Transportation and was subject to Federal and State laws governing that industry. Defendant Moholland's DOT number is 486221. Defendant Moholland and/or Mayflower were the direct owner of the tractor trailer that killed Decedents and severely injured the Plaintiff.

16.     Defendant Wesco Insurance Company ("Defendant Wesco" or "Wesco") covered Defendants Mayflower and Moholland and their employees with

a policy of insurance at all times pertinent to this Complaint for Damages and therefore it is subject to the jurisdiction and venue of this Court.   Said policy was written for and provided to a motor carrier.   This direct action is, therefore, permitted by O.C.G.A. § 40-1-112.   Defendant Wesco is a foreign insurance company organized and existing under the laws of New Mexico. Defendant Wesco may be served through its registered agent, to wit, United Agent Group Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia.

17.   Defendant XYZ Companies Nos. 1-3 are not-yet-identified entities which either owned, operated, placarded, maintained, controlled, insured or were otherwise responsible for the tractor and/or trailer in the motor vehicle collision pertinent to this action and/or employed, were a principal of, or otherwise had an agent/principal relationship with the named Defendants on the date of the wreck at issue, or are otherwise liable for the wreck at issue. Defendants XYZ Corp. Nos. 1-3 will be named and served with Summons and Complaint once their respective identities are revealed.

18.   That herein, Defendant Mayflower, Defendant Moholland, Defendant Wesco, Defendant Driver, and Defendants XYZ are referred to collectively as the "Defendants."

19.   Pursuant to O.C.G.A. § 14-2-504 Defendant Mayflower Transit and Defendant Moholland may be served with Process upon their registered agent and/or

on the Secretary of State pursuant to Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-1 et seq.

20.    In accordance with 28 U.S.C § 1391 (c) and (d), venue is proper in the Southern District of Georgia as Defendants maintain minimum contacts, transact business in the Southern District of Georgia, and are therefore subject to personal jurisdiction.  Additionally, and more specifically, venue is appropriate in this Court and this Court has personal jurisdiction over Defendants because the incident causing the tortious injury giving rise to this complaint took place in the Southern District of Georgia. As pleaded herein, subject matter jurisdiction, personal jurisdiction, and venue are proper.

## DEFENDANTS' ORGANIZATIONAL STRUCTURE

21.    At all times relevant to the Complaint, Defendant Driver was employed and working in the course and scope of his employment with Defendant Mayflower and Defendant Moholland.  Defendant Driver operated the tractor-trailer in furtherance of Mayflower Transit and/or Defendant Moholland's business.

22.    Defendant Mayflower and Defendant Moholland are liable for all Defendant Driver' acts under the doctrine of *respondeat superior*, agency, ostensible/apparent agency, and/or master-servant doctrines.

23.    That at all times material, Defendant Joe Moholland was the owner and/or lessor of the commercial tractor-trailer driven by Defendant Driver.

6

Defendant Joe Moholland is an agent for Defendant Mayflower.

24.     Defendant Joe Moholland advertises on its Facebook page that "We are a Mayflower moving and storage company that operates out of Virginia and the Washington DC area, and we provide all types of moving and storage services both locally and internationally."1

25.     Defendant Mayflower authorized and was responsible for the use of said tractor-trailer by Defendant Driver, and under its authority as a motor carrier. Defendants DOT numbers were displayed on the tractor trailer.

26.     That upon information and belief, at all times relevant hereto, Mayflower and Moholland were acting in concert and/or alternatively, Moholland was acting as authorized agent for Mayflower, and all improper acts and unlawful conduct of Moholland and Defendant Driver are attributable to both Moholland and Mayflower.

27.     Defendant Mayflower uses its marketing and advertising to encourage and promote the services its agent, Defendant Moholland, for its own pecuniary gain.

### GENERAL ALLEGATIONS

28.     Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

29.     That on or about July 1, 2022, Defendant Driver, in his capacity as an

---

1 https://www.facebook.com/joemohollandmoving/

employee/agent and/or apparent agent of Defendant Moholland and Defendant Mayflower, was traveling southbound on I-95 in Camden County, Georgia.

30.    That on or about July 1, 2022, Defendant Driver, after recklessly colliding with other vehicles, left his lane of travel and began to travel through the center guardrails.

31.    After traveling through the guardrails, the tractor trailer entered the northbound lane of travel and struck Plaintiff's 2021 Honda Pilot bearing SC license plate number NKU208 and Vin # 5FNYF5H26MB047898.

32.    The Defendant Driver suddenly and without warning left his proper lane of travel, crossed over the median and forcefully struck Plaintiff's vehicle.

33.    Inside Plaintiff's Honda Pilot was the driver, Plaintiff Kyle Sloan, along with Decedents Jamie Sloan and Rylie Sloan.

34.    As a result of Defendants' negligence, four people died, and several more were hospitalized.

35.    Further, the interstate was closed in both directions for several hours.

36.    As set forth in the Georgia Motor Vehicle Crash Report, specifically Report Number C000745264-01, Defendant Driver was driving under the influence of drugs and/or alcohol which was also one of the contributing factors of Plaintiff's injuries and the untimely death of Decedents.   This constitutes a violation of O.C.G.A § 40-6-391(A)(2) and further constitutes negligence *per se* under Georgia

law.

37.     As a result of the incident, Defendant Driver was given several citations by the investigating offers. These citations include (1) O.C.G.A. § 40-8.76.1; (2) O.C.G.A. § 40-6-393(A); (3) O.C.G.A. § 16-13-2(b); (4) O.C.G.A. § 40-6-253; (5) O.C.G.A. § 40-6-49; (6) O.C.G.A. § 40-6-48; (7) O.C.G.A. § 40-1-8(b)(2)(E); (8) O.C.G.A. § 40-6-391(a)(1-5); and (9) O.C.G.A. § 40-6-39.

38.     In addition to the above, Defendant Driver was negligent *per se* in violating laws of the State of Georgia.  Specifically, Defendant Driver violated O.C.G.A § 40-6-48 in failing to maintain his lane of travel; O.C.G.A § 40-6-93 in failing to exercise due care; O.C.G.A § 40-6-390 for driving reckless; and O.C.G.A § 40-6-394 for causing serious injury by a vehicle.

39.     That at all times material hereto, Defendant Driver had a duty to operate the vehicle he was driving in a safe and prudent manner and to avoid injuring other motorists, specifically the Plaintiff and his Decedents.

40.     Defendant Driver chose not to operate the tractor-trailer with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff and the Decedents. All Defendants are legally responsible for these actions and inactions of Defendant Driver.

41.     Plaintiff and his Decedents acted with reasonable care under the

conditions and circumstances then existing.

42.    Plaintiff and his Decedents did nothing to contribute to their bodily injuries and/or fatal injuries.

## COUNT ONE - NEGLIGENCE OF NICHOLAS BURIST

43.    Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

44.    At all times material hereto, Defendant Driver was a professional driver with a commercial driver's license, and, at the time of the incident, was driving a dangerous vehicle entrusted to him by Defendant Moholland and Defendant Mayflower.

45.    At all times material hereto, Defendant Driver was driving a commercial motor vehicle in interstate commerce and was subject to not only to Georgia traffic laws and trucking safety regulations, but also the Federal Motor Carrier Safety Regulations.

46.    At all times material hereto, Defendant Driver owed a duty of care to maintain and operate its commercial motor vehicle in a safe manner in compliance with all safety rules, including statutes, rules and regulations governing the operation and maintenance of vehicles including tractor trailers upon Georgia, and interstate roadways.

47.    Defendant Driver was negligent in the operation, maintenance, and

inspection of the commercial motor vehicle he was driving.

48.     Defendant Driver was driving in a grossly negligent manner, including driving recklessly and erratically before losing control of his tractor trailer and killing the Decedents and severely injuring the Plaintiff.

49.     Defendant Driver's actions in refraining from stopping and/or slowing his tractor-trailer showed willful misconduct or an entire want of care, which would raise the presumption of conscious indifference to consequences as defined by O.C.G.A. § 51-12-5.1.   Thus, Plaintiff and the Estates are also entitled to an award of punitive damages.

50.     Defendant Driver was negligent, grossly negligent, and/or negligent *per se* which constitutes the direct and proximate cause of the injury to Plaintiff and Decedents, also consisted of, but is not limited to the following:

a)  Not maintaining control of his vehicle in violation of O.C.G.A. § 40-6-48;

b)  Driving an unsafe vehicle in violation of O.C.G.A. § 40-8-7;

c)  Not keeping his vehicle under control at all times, in violation of O.C.G.A. § 40-6-390;

d)  Not exercising due care in operating a motor vehicle in violation of O.C.G.A. § 40-6-241;

e)  Acting in reckless disregard for the safety of persons or property in violation of O.C.G.A. § 40-6-241.2;

f) Not keeping a proper lookout;

g) Driving under the influence of alcohol and/or drugs;

h) Not adhering to safe driving principles expected of professional drivers;

i) Not operating the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

j) Not operating the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collisions;

k) Violating the Georgia Uniform Rules of the Road including O.C.G.A. § 40-6-49 (following too closely); O.C.G.A. § 40-6-180 (failing to drive his vehicle at a reasonable and prudent speed under the conditions); O.C.G.A. § 40-6-390 (driving a vehicle in reckless disregard of the safety of persons or property); and any other violations, each of which constitute negligence *per se*;

l) Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances; and

m) Such other specifications of negligence that shall be added by amendment or proven at trial.

51.    At the time of the subject wreck, Defendant Driver had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Georgia law

as well as the industry and corporate standards and guidelines emanating from these safety regulations and Georgia law, including, but not limited to, the Required Knowledge and Skills set forth in 49 CFR §§ 383.111 and 383.113 as well as the mandates of 49 CFR §§ 390-395.

52.     Alone or in conjunction with the negligence of the other defendants, Defendant Nicholas Burist negligence directly and proximately caused Plaintiff's injuries and damages. Defendant Nicholas Burist is therefore liable for Plaintiff's injuries and damages.

## COUNT TWO - NEGLIGENCE OF MAYFLOWER TRANSIT

53.     Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

54.     At all times material hereto, Defendant Driver was an employee, agent, and/or apparent agent of Defendant Mayflower acting within the scope of course of his employment or agency.

55.     Defendant Moholland acted as an agent of Defendant Mayflower and in furtherance of Defendant Mayflower's business.

56.     At all times material hereto, Defendant Driver was operating a commercial motor vehicle under dispatch and under the authority granted to Defendant Driver by Defendant Mayflower.

57.     Defendant Driver was operating on behalf of Defendant Mayflower and

in furtherance of the business of Defendant Mayflower.

58.    At all times material hereto, Defendant Mayflower maintained immediate direction and control of Defendant Driver, and the vehicle he was operating.

59.    Plaintiff and Decedents suffered injuries, harm, fatal injuries, and damages as a result of Defendant Mayflower's employee's operation of the subject vehicle in a negligent and reckless manner.

60.    Defendant Mayflower is liable for its own negligence and for the tortious acts, negligence and for the negligent actions and omissions of Defendant Driver and Defendant Moholland pursuant to the doctrine of *respondeat superior*, rules of agency and by operation of common law and Federal Motor Carrier statutes and regulations.

61.    As a direct and proximate result of the foregoing breaches of duties, Plaintiff did suffer the injuries and damages laid out herein.

## COUNT THREE - NEGLIGENCE OF JOE MOHOLLAND

62.    Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

63.    At all times material hereto, Defendant Driver was an employee, agent, and/or apparent agent of Defendant Joe Moholland acting within the scope of course of his employment or agency.

64.     At all times material hereto, Defendant Driver was operating a commercial motor vehicle under dispatch and under the authority granted to Defendant Driver by Defendant Joe Moholland.

65.     Defendant Driver was operating on behalf of Defendant Joe Moholland and in furtherance of the business of Defendant Joe Moholland.

66.     Defendant Moholland and Defendant Mayflower gave Defendant Driver and their employees/agents authority to perform services on their behalf.

67.     Plaintiff and Decedents suffered injuries, harm, fatal injuries, and damages as a direct and proximate result of Defendant Moholland's Employee's operation of the subject vehicle in a negligent and reckless manner.

68.     Defendant Joe Moholland is liable for its own negligence and for the tortious acts, negligence and for the negligent actions and omissions of Defendant Driver and Defendant Mayflower pursuant to the doctrine of *respondeat superior*, rules of agency and by operation of common law and Federal Motor Carrier statutes and regulations.

## COUNT FOUR - NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION BY DEFENDANTS MOHOLLAND AND MAYFLOWER

69.     Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

70.     Defendant Moholland and Defendant Mayflower Transit have certain

duties and responsibilities, including but not limited to those defined by the Federal Motor Carrier Safety Regulations, State trucking safety regulations and trucking industry standards.

71.    Those duties include the duty to properly qualify Defendant Driver, the duty to properly train Defendant Driver, the duty to properly supervise Defendant Driver, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement appropriate management controls and systems for the safe operation of its commercial motor vehicle.

72.    Defendant Moholland and Defendant Mayflower were negligent and/or grossly negligent in one or more of the following particulars:

(a) In negligently entrusting the vehicle to someone Defendants knew or should have known would operate the vehicle without using due care and without regard for the safety and rights of the public using the roadway and the Plaintiff in particular;

(b) In negligently entrusting the vehicle to someone they knew or should have known would operate the vehicle in a negligent, grossly negligent, careless, reckless, willful, wanton, and unlawful manner as to create a dangerous situation and render an collision inevitable or highly likely, in disregard of the laws of the State of Georgia;

(c) In negligently entrusting the vehicle to someone they knew or should have known would fail to exercise that degree of care that a reasonable and prudent person would have exercised under the same or similar circumstances;

(d) In choosing not to appreciate the gravity and seriousness of having an unsafe, unqualified driver with a history of careless driving use their vehicle;

(e) In choosing not to ensure that the driver of their vehicle would comply with all applicable statutory codes and regulations;

(f) In choosing not to properly hire, train, and/or supervise their employee/agent driver Defendant Driver to ensure that the vehicle was driven and operated in a safe and proper manner.

(g) In choosing not to properly train and/or supervise their employee/agent driver Defendant Driver and others involved with maintenance, regulatory compliance, and/or safety to ensure that proper pre-trip, post-trip, periodic, quarterly, and/or annual inspections were performed, including properly on the subject vehicle, and its component parts;

(h) In choosing, by and through their employee/agent driver Defendant Driver, not to have the required driver knowledge necessary in order to safely operate the subject vehicle, including but not limited to the procedures to obey traffic laws and the rules of the road;

(i) In choosing not to create, maintain, adhere to, and/or implement appropriate policies and procedures to ensure alcohol and drugs were not being used or consumed by its employees and drivers;

(j) In choosing not to create, maintain, and/or implement appropriate policies and procedures related to inspection and safety for its drivers, including their employee/agent driver Defendant Driver, and for safety, regulatory compliance, and/or inspection, maintenance, and service of motor vehicle;

(k) In choosing not to properly and/or timely inspect, maintain, service, and/or repair the subject vehicle and its component parts to ensure that the same could be utilized and operated safety;

(l) In choosing not to use due care;

(m)   In any other acts that represent a breach of the statutory or common laws of the State of Georgia or the United States; and

(n) In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

73.   Additionally, Defendants knew or should have known about Defendant

Driver's drug and/or alcohol addiction and abuse of drugs.

74.    Defendants knew or should have known about Defendants current use, abuse and/or addiction to drugs and/or alcohol.

75.    Defendants knew or should have known that Defendant Driver's current and/or past addiction to drugs and alcohol and/or abuse of drugs could cause severe injuries and death to the general public, including Decedents and Plaintiff.

76.    Despite having the aforesaid knowledge, Defendant Moholland and Defendant Mayflower hired and retained Defendant Driver and allowed him to operate a vehicle while in its employ.

77.    Despite knowing, or having reasons to know of the above, Defendants failed to terminate Defendant Driver prior to this collision, and continued to allow him to operate the commercial motor vehicle to facilitate Defendants' business interests.

78.    Defendant Mayflower and Defendant Moholland not only allowed Defendant Driver to operate the vehicle within the state of his residence, Virginia, but allowed, facilitated, and encouraged Defendant Driver's transportation throughout the United States without properly monitoring or supervising this driver.

79.    Defendant Mayflower was _independently_ negligent in hiring, qualifying, training, entrusting, supervising, and retaining Defendant Driver in connection with his operation of its commercial motor vehicle.

80.     Defendant Moholland was <u>independently</u> negligent in hiring, qualifying, training, entrusting, supervising, and retaining Defendant Driver in connection with his operation of its commercial motor vehicle.

81.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendants, as is set forth more fully herein, Plaintiff was injured, has endured pain and suffering, has suffered mentally and emotionally, and has incurred, and will incur, various medical expenses, and has otherwise been damaged and injured.

82.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, as is set forth more fully herein, Decedents were killed and Plaintiff suffered mentally and emotionally, endured pain and suffering, lost the companionship of Decedents and has incurred, and will incur, various medical expenses, and otherwise suffered damages.

83.     As a direct and proximate result of negligence of Defendant Moholland, Defendant Mayflower, and Defendant Driver, Plaintiff and Decedents sustained serious bodily injuries, pain and suffering, and fatal injuries.

84.     Defendant Moholland and Defendant Mayflower are liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff and the Estates in this case.

## <u>COUNT FIVE - PUNITIVE DAMAGES AGAINST NICHOLAS BURIST</u>

85.     Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

86.     Defendant Driver is guilty of such willful misconduct, malice, wantonness, oppression, and an entire want of care sufficient to raise to the presumption of conscious indifference to consequences.

87.     Defendant Driver's misconduct is so aggravating it authorizes, warrants, and demands the imposition of substantial punitive damages against Defendant Driver pursuant to O.C.G.A. § 51-12-5.1.

88.     Defendant Driver took deliberate actions in choosing to violate Federal Motor Carrier Safety Regulations, State trucking safety regulations, trucking industry standards, and Georgia law by operating a commercial vehicle under the influence of drugs and alcohol, driving recklessly and grossly negligently, and in other ways that shall be proven at the trial of this matter.

89.     Any cap on the amount of punitive damages applied in this case would be unconstitutional for several reasons, including that it contravenes the inviolate right to trial by jury contained in Georgia's Constitution.

## <u>COUNT SIX - PUNITIVE DAMAGES AGAINST DEFENDANT MAYFLOWER AND JOE MOHOLLAND</u>

90.     Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

91.    Defendant Moholland and Defendant Mayflower have been guilty of such willful misconduct, malice, wantonness, oppression, and an entire want of care sufficient to raise to the presumption of conscious indifference to consequences.

92.    Defendants' misconduct is so aggravating it authorizes, warrants, and demands the imposition of substantial punitive damages against Defendant Moholland and Defendant Mayflower pursuant to O.C.G.A. § 51-12-5.1.

93.    Defendants took deliberate actions in choosing to violate Federal Motor Carrier Safety Regulations, State trucking safety regulations, trucking industry standards, and Georgia law in a number of ways as articulated herein, including but not limited to by allowing their agent and/or employee to operate a commercial motor vehicle under the influence of drugs and alcohol.

94.    Any cap on the amount of punitive damages applied in this case would be unconstitutional for several reasons, including that it contravenes the inviolate right to trial by jury contained in Georgia's Constitution.

## COUNT SEVEN – LIABILITY OF WESCO INSURANCE COMPANY

95.    Plaintiff incorporates by herein by reference all of the allegations of the previous paragraphs of this Complaint.

96.    Defendants Mayflower and Moholland are motor carriers under both Federal and Georgia law.

97.   At all times relevant to this Complaint, Defendant Wesco was the insurance provider for Defendant Moholland.

98.   As the insurance provider for Defendant Moholland, Plaintiff may bring a direct action against Defendant Wesco for damages sustained in the wreck giving rise to this Complaint.

99.   Plaintiff is entitled to recover from Wesco for the negligence of Defendants Mayflower, Moholland and their employee/agent.

100.   Plaintiff has a cause of action against Defendant Wesco and are entitled to recover for his damages.

## COUNT EIGHT – LIABILITY OF XYZ COMPANIES 1-3

101.   Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

102.   Upon information and belief, Defendants Mayflower and Moholland have one or more additional policies of excess insurance that may be with carriers other than Wesco, named herein under Georgia's Direct Action Statute.

103.   Any such insurance providers have responsibility for the actions and inactions of Defendants and are sued under the same cause of action as Defendant Wesco.

104.   As the insurance provider for Defendant Mayflower, Plaintiff may bring a direct action against one or more of the entities herein identified as XYZ Companies 1-3 for damages sustained in the wreck giving rise to this Complaint.

105.   Plaintiff is entitled to recover from XYZ Companies 1-3 for the negligence of Defendants Mayflower, Moholland and their employee/agent.

106.   Plaintiff has a cause of action against Defendant XYZ Companies 1-3 and is entitled to recover for his damages.

## COUNT NINE - LOSS OF CONSORTIUM

107.   Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

108.   Plaintiff Kyle Sloan and Decedent, Jamie Sloan, were legally married at the time of the incident.

109.   As a direct and proximate result of the injuries Defendants caused Plaintiff to experience, Plaintiff lost companionship, consortium, family relationship, society, and services.

110.   That due to negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendants, Plaintiff Kyle Sloan has experienced the loss of society, guidance, affection, companionship, and sexual relations of his wife, Decedent.

111.   Plaintiff is accordingly entitled to recover damages from the Defendants based upon his loss of society, companionship, services and affection in the amount to be proven at trial.

112.   That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendants, as is set forth more fully above, Decedent has been unable to provide for Plaintiff as she had done in the past, including, but not limited to, chores, loss of emotional support, and decreased affection and marital quality.

## COUNT TEN – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

113.   Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

114.   Plaintiff Kyle Sloan was the husband of Decedent Jamie Sloan.

115.   Plaintiff was in close proximity to Jamie Sloan when she was injured and killed as a result of Defendants' individual and collective negligence.

116.   As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered mental and emotional pain, trauma and distress from witnessing his wife's injures and death, and will incur these damages into the future.

117.   Plaintiff Kyle Sloan was the father of Decedent Rylie Sloan.

118.   Plaintiff was in close proximity to Rylie Sloan when she was injured and killed as a result of Defendant's individual and collective negligence.

119.   As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered mental and emotional pain, trauma and distress from witnessing his daughter's injuries and death, and will incur these damages into the future.

120.   By virtue of their negligence, Defendants are each liable to Plaintiff for negligent infliction of emotional distress as determined by the jury at the trial of this case.

## COUNT ELEVEN – ESTATE CLAIMS OF JAMIE SLOAN

121.   Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

122.   Plaintiff is the duly appointed Personal Representative of the Estate of Jamie Sloan under the laws of South Carolina and is therefore the proper party to bring this action to recover for damages on behalf of her estate.

123.   Prior to the collision at issue, Jamie Sloan was aware of the impending collision and suffered conscious awareness of the impending collision which resulted in her injuries and death, such awareness constituting an element of pre-death pain and suffering.

124.   After the collision at issue, Jamie Sloan experienced conscious awareness of her injuries and impending demise, such awareness constituting an element of pre-death pain and suffering.

125.   Jamie Sloan's conscious awareness of the impending collision and of her injuries and impending death constitute damages recoverable by her estate and for which recover is sought herein.

126.   The estate is further entitled to recover funeral and burial expenses on behalf of Jamie Sloan.

## COUNT TWELVE – ESTATE CLAIMS OF RYLIE SLOAN

127.   Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of this Complaint.

128.   Plaintiff is the duly appointed Personal Representative for the Estate of Rylie Sloan under the laws of South Carolina and is therefore the proper party to bring this action to recover damages on behalf of the estate.

129.   Prior to the collision at issue, Rylie Sloan was aware of the impending collision and suffered conscious awareness of the impending collision which resulted in her injuries and death, such awareness constituting an element of pre-death pain and suffering.

130.   After the collision at issue, Rylie Sloan experienced conscious awareness of her injuries and impending demise, such awareness constituting an element of pre-death pain and suffering.

131.   Rylie Sloan's conscious awareness of the impending collision and her injuries and impending death constitute damages recoverable by her estate and for

which recovery is sought herein.

132.   The estate is further entitled to recover funeral and burial expenses incurred on behalf of Rylie Sloan.

### COUNT THIRTEEN – WRONGFUL DEATH OF JAMIE SLOAN

133.   Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of the Complaint.

134.   Plaintiff is the surviving spouse of Jamie Sloan and the proper party to bring the claim for her wrongful death.

135.   At the time of her death, Jamie Sloan was approximately 43 years old.

136.   Plaintiff is entitled to recover pecuniary damages arising from the death of Jamie Sloan.

137.   Plaintiff is entitled to recover damages for the full value of Jamie Sloan's life, without deducting for any of the necessary or personal expenses she would have incurred had she lived, for Jamie Sloan's wrongful death caused by Defendants' wrongful acts and/or omissions.

### COUNT FOURTEEN – WRONGFUL DEATH OF RYLIE SLOAN

138.   Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of the Complaint.

139.   Plaintiff is the surviving parent of Rylie Sloan and the proper party to bring the claim for her wrongful death.

140.   At the time of her death, Rylie Sloan was approximately 14 years old.

141.   Plaintiff is entitled to recover pecuniary damages arising from the death of Rylie Sloan.

142.   Plaintiff is entitled to recover damages for the full value of Rylie Sloan's life, without deducting for any of the necessary or personal expenses she would have incurred had she lived, for Rylie Sloan's wrongful death caused by Defendants' wrongful actions and/or omissions.

## DAMAGES

143.   Plaintiff incorporates herein by reference all of the allegations of the previous paragraphs of the Complaint.

144.   Defendants directly and proximately caused Decedent's injuries through one or more of the negligent acts or omissions stated above.   Therefore, Defendants are directly and/or vicariously liable for the Plaintiff injuries and Decedents' death that resulted from this wreck.

145.   That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness of the Defendants, as is set forth more fully above, Decedents and Plaintiff have been damaged and injured in the following respects:

a)   In being required to expend monies for their medical care, funeral expenses, and attendant services;

b)   In Decedents' suffering death;

c)    The nature of Decedents' injuries required Plaintiff and/or the Estates of Decedents to expend significant amount of money to replace and repair property damage caused in the collision;

d)    Personal injuries;

e)    All elements of pain and suffering, both mental and physical;

f)    Wrongful death;

g)    Negligent infliction of emotional distress, mental shock and suffering;

h)    Wounded feelings;

i)    Money for medical care, treatment, and attendant services;

j)    Pecuniary loss including loss of income, lost wages and loss of earnings capacity;

k)    Loss of enjoyment of life and change in his personality, all to the permanent detriment to his health and physical well-being;

l)    Grief and sorrow including but not limited to the knowledge that Decedents suffered horrific deaths;

m)    Deprivation of use and comfort of Decedents' society, including loss of experience, knowledge and judgment in managing the affairs of themselves and their beneficiaries;

n)    Loss of consortium including but not limited to, loss of love, companionship, affection, society, comfort, and affection;

o)    Past medical, funeral, and incidental expenses; and

p)    Any other elements of damages allowable under O.C.G.A §§ 51-4-4; 51-4-5, 19-7-1 and any other allowable damages under Article 1 of Chapter 12 of Title 51.

146.    That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendants,

as is set forth more fully above, Plaintiff was injured, has endured pain and suffering, has suffered mentally and emotionally, and has incurred, and will incur, various medical expenses, and has otherwise been damaged and injured.

147.    Plaintiff is entitled to judgment against Defendants for actual, compensatory, and exemplary or punitive damages for his personal injuries set forth herein in an amount that is fair, just, and reasonable, plus whatever costs, interest, and attorneys' fees under O.C.G.A. § 13-6-11 that he may be entitled as determined by a jury.

148.    Plaintiff, as surviving father and husband of Decedents is entitled to recover compensatory damages for the wrongful death and survival of Decedents, the measure of which under Georgia law is the full value of their lives, both economic and intangible, as determined by the enlightened conscience of a fair and impartial jury.

**WHEREFORE**, PLAINTIFF demands and prays as follows:

a) That process be issued and service be had upon Defendants as provided by law;

b) For a trial by a jury comprised of twelve (12) persons as to all issues so triable;

c) For judgment in favor of Plaintiffs and against Defendants;

d) That Plaintiff, as Personal Representative of the estates of Jamie and Rylie Sloan, be awarded general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury

for pre-death pain and suffering along with funeral and burial expenses in an amount to be proven at trial;

e)  That Plaintiff, as the surviving spouse and parent of Jamie and Rylie Sloan, be awarded wrongful death damages in the amount of the full value of their lives;

f)  That Plaintiff recover all damages for all losses compensable under Georgia law as set forth above;

g)  That the Court award punitive damages against Defendants;

h)  That all expenses and costs of litigation, including attorney's fees be cast against the Defendants; and

i)  For such other and further relief as the Court deems just and proper.

This 13th day of August, 2022.

Joseph R. Padgett
Georgia State Bar No.: 872672
RODEN LAW
333 Commercial Drive
Savannah, GA 31406
(912) 303-5850 (p)
(912) 303-5851 (f)
JPadgett@rodenlaw.com