IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| KYLE SLOAN, individually, and as personal representative of the Estates of Rylie and Jamie Sloan, et al., | |
| Plaintiffs, | CIVIL ACTION NO.: 2:22-cv-76 |
| v. | |
| NICHOLAS BURIST, et al., | |
| Defendants. | |

**O R D E R**

Plaintiffs filed a Motion to File Confidential Documents Under Seal. Doc. 124. Plaintiffs assert the documents provided via subpoena by Total Military Management contain "proprietary, confidential information that relates to the names and addresses of military members." Id. at 2. Plaintiffs offer the documents in support of their response to Defendant Mayflower's motion to dismiss. Id. Plaintiffs ask for the documents be sealed for the duration of this action. Id. at 4.

The right of public access is an essential component of our system of justice. Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). This right, however, is not absolute and "may be overcome by a showing of good cause." Beck v. Shinseki, CV 113-126, 2014 WL 693000, at *1 (S.D. Ga. Feb. 21, 2014). "The good cause inquiry involves balancing the asserted right of access against the other party's interest in keeping the information confidential." Id. It appears the documents sought to be sealed may contain the names and addresses of military members. The exhibits, which contain such sensitive information, do not "directly affect adjudication," and the injury if the information remains public is substantial. Webb v. CVS

Caremark Corp., No. 5:11-cv-106, 2011 WL 6742384, at *1 (M.D. Ga. Dec. 23, 2011) (noting the presumption of public access is stronger where documents directly affect adjudication); Romero, 480 F.3d at 1246 (noting, amount other factors, a court must consider the degree of and likelihood of injury if made public).  The degree and likelihood of injury to Defendants Mayflower, Joe Moholland, Inc., and other parties if made public would, potentially, be substantial, as the various exhibits could provide valuable information regarding nonparty military personnel.  Furthermore, Plaintiffs offer the exhibits in response to Defendant Mayflower's motion to dismiss for lack of personal jurisdiction, a matter that does not directly affect adjudication of the merits of the claim and may not produce content admissible at trial.  Thus, Plaintiffs have shown the sensitive aspects of the documents should not be made publicly available.

However, Plaintiffs only express concern about the names and addresses of military members.  Plaintiffs do not argue the documents contain any other proprietary or confidential information.  Redaction will suffice to address Plaintiffs' concerns (and, presumably, the concerns of non-party Total Military Management).  Therefore, the Court **GRANTS in part** Plaintiffs' request to seal these materials.  Doc. 124.  The Court **ORDERS** Plaintiffs to file redacted versions of the proposed exhibit on the docket on or before October 24, 2023, with the names and addresses of any military members fully redacted.  The redacted portions of the exhibits shall remain sealed until further order of the Court.

**SO ORDERED**, this 17th day of October, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA