IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

|  |  |
|---|---|
| KYLE SLOAN, individually, and as personal representative of the Estates of Rylie and Jamie Sloan, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NICHOLAS BURIST, et al., <br><br> Defendants. | CIVIL ACTION NO.: 2:22-cv-76 |

**O R D E R**

Plaintiff Kyle Sloan[1] filed a Motion for Leave to File Confidential Documents Under Seal.  Doc. 169.  Plaintiff asserts documents provided via subpoena by non-party Total Military Management contain proprietary and confidential information related to military members.  Id. at 2.  Plaintiff asserts documents provided by Defendant Joe Moholland, Inc., in response to discovery requests also appear to contain confidential information related to military members.  Id.  The information is relevant to Plaintiff's pending motion to compel Mayflower's discovery responses.  Id.  Plaintiff requests the documents be sealed for the duration of this action.  Id. at 3.

The right of public access is an essential component of our system of justice.  Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007).  This right, however, is not absolute and "may be overcome by a showing of good cause."  Beck v. Shinseki, CV 113-126, 2014 WL

---

[1] Kyle Sloan filed this Motion individually and as personal representative of the estates of Rylie Sloan and Jamie Sloan; as surviving spouse of Jamie Sloan; and as surviving parent of Rylie Sloan.  Doc. 169 at 1–2.  Plaintiff Susan West apparently does not join this Motion.  See id.

693000, at *1 (S.D. Ga. Feb. 21, 2014).  "The good cause inquiry involves balancing the asserted right of access against the other party's interest in keeping the information confidential."  Id.  It appears the documents sought to be sealed may contain the names and addresses of military members.  These exhibits do not "directly affect adjudication," and the injury if the information becomes public is substantial.  Webb v. CVS Caremark Corp., No. 5:11-cv-106, 2011 WL 6742384, at *1 (M.D. Ga. Dec. 23, 2011) (noting the presumption of public access is stronger where documents directly affect adjudication); Romero, 480 F.3d at 1246 (noting, among other factors, a court must consider the degree of and likelihood of injury if made public).  The degree and likelihood of injury to Defendant Joe Moholland, Inc., and other parties if made public could, potentially, be substantial, as the various exhibits could provide valuable information regarding non-party military personnel.  Furthermore, Plaintiff offers exhibits in support of his motion to compel discovery, a matter that does not directly affect adjudication and may not produce content admissible at trial.  Thus, Plaintiff has shown the sensitive aspects of the documents should not be made publicly available.

However, Plaintiff only expresses concern about the names and addresses of military members.  Plaintiff does not argue the documents contain any other proprietary or confidential information.  Redaction will suffice to address Plaintiff's concerns (and, presumably, the concerns of non-party Total Military Management and Defendant Moholland).  Therefore, the Court **GRANTS in part** Plaintiff's request to seal these materials.  Doc. 169.  The Court **ORDERS** Plaintiff to file redacted versions of the proposed exhibits on the docket on or before June 7, 2024, with the names and addresses of any military members fully redacted.

The redacted portions of the exhibits shall remain sealed until further order of the Court.

**SO ORDERED**, this 31st day of May, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA