IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| KYLE SLOAN, Individually, and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan, KYLE SLOAN as Surviving Spouse of Jamie Sloan, and KYLE SLOAN as Surviving Parent of Rylie Sloan; and SUSAN WEST, Individually; and as the next friend and natural guardian of K.W., a minor,<br><br>                    Plaintiffs,<br><br>v.<br><br>NICHOLAS BURIST; LOCKE RELOCATIONS LLC; MAYFLOWER TRANSIT LLC; JOE MOHOLLAND, INC.; UNIGROUP, C.A., PAYNE, INC.; VANLINER INSURANCE COMPANY; AND XYZ COMPANIES 1-3,<br><br>                    Defendants. | CASE NO: 2:22-cv-0076-LGW-BWC |

## DEFENDANT UNIGROUP'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b), Defendant UniGroup C.A. moves to dismiss the amended complaint for lack of subject matter jurisdiction, and to quash service. Federal courts have limited jurisdiction, and here Plaintiff Sloan invoked diversity jurisdiction. Diversity jurisdiction requires complete diversity, and UniGroup, C.A. is a cooperative formed under Missouri law that has members who are citizens of Sloan's state. That means diversity is absent and the case must be dismissed.

In further support, UniGroup submits:

**ARGUMENT**

**I.     The Court must dismiss for lack of subject matter jurisdiction.**

**A. Plaintiff's allegations regarding this Court's subject matter jurisdiction.**

Plaintiff's second amended complaint alleges that "The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1332, under diversity of citizenship" and "More than $75,000 is in controversy and Plaintiffs and Defendants are citizens of different states for purposes of diversity." (D.E. 183 at 2).  Plaintiff alleges that "Plaintiff Kyle Sloan is a citizen of Spartanburg County, South Carolina" and that "Decedents were residents and citizens of Spartanburg County, South Carolina at the time of their death." (D.E. 183 at 2).

> As to UniGroup, Plaintiff alleges:
>
> DefendantUnigroup is a foreign, for-profit business entity organized and existing under the laws of the state of Missouri. Its principal place of business is located in Fenton, Missouri. Service may be had upon this defendant at One Premier Drive, Fenton, St. Louis County, Missouri 63026.
>
> Defendant UniGroup, C.A., a Missouri corporation pursuant to Mo. St. Sec. 357.010, and is located on the same campus and at the same location as Mayflower Transit, LLC, Trans Advantage Inc. and 47 other subsidiaries or "paper companies", and it does business under any/all of these entities. UniGroup, C.A. is owned by various "agents" such as Conser Moving and Storage company and Joe Moholland Inc. UniGroup, C.A. is, by virtue of its merger with UniGroup, Inc., is a for-hire motor carrier operating motor vehicles transporting property in interstate commerce and is registered with the Federal Motor Carrier Safety Administration (USDOT number 756209).

(D.E. 183 at 4).  Consequently, Plaintiff alleges two facts that it claims support diversity: a) Plaintiffs are citizens of South Carolina; and b) UniGroup is a "Missouri Corporation" or "Missouri business entity" operating under Section 357.010 of the Missouri Statutes.  However, section 357.010 provides for "cooperatives," not corporations, and consequently under the law governing diversity jurisdiction UniGroup is not just a citizen of Missouri; it is also a citizen of the states where its members are citizens.

Plaintiff's allegations thus acknowledge the nature of UniGroup—having pled the statute—but failed to plead the citizenship of UniGroup's members. This is fatal to a claim of subject matter jurisdiction based on diversity and requires dismissal.

### B. Governing law requires dismissal because these allegations fail to support diversity jurisdiction.

"Federal courts have limited subject matter jurisdiction and are empowered to hear only those cases within its statutory or constitutional authority." Bell v. Birmingham Bd. of Educ., No. 23-10118, 2023 U.S. App. LEXIS 29644, at *2 (11th Cir. Nov. 7, 2023)

Under Federal Rule of Civil Procedure 12(b)(1), the Court can dismiss based upon lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1); Reeves v. Huguenin, No. CV 123-131, 2024 U.S. Dist. LEXIS 86929, at *3 (S.D. Ga. May 14, 2024)(granting dismissal motion, filed under Rule 12(b)(1), because complete diversity did not exist). Here, that rule requires dismissal.

#### 1. Plaintiff has not pled the citizenship necessary to invoke diversity jurisdiction.

"To establish diversity jurisdiction in cases between United States citizens, a plaintiff must show that the amount in controversy exceeds $75,000 and that the case is between citizens of different states" and "Diversity jurisdiction requires that no plaintiff is a citizen of the same state as any defendant." Hallett v. Ohio, 711 F. App'x 949, 951 (11th Cir. 2017).

"The plaintiff bears the burden of affirmatively asserting facts that show the existence of jurisdiction and including 'a short and plain statement in his complaint of the grounds upon which the court's jurisdiction depends" and "it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." Yocum v. Select Portfolio Servicing Inc., No. 23-10714, 2024 U.S. App. LEXIS 2970, at *3 (11th Cir. Feb. 8, 2024); Tomasic v. Ocean Bounty Marine Ry., No. CV 213-26, 2014 U.S. Dist. LEXIS 42409, at *15-16 (S.D. Ga. Mar. 27, 2014)(explaining that "the pleading cannot merely conclude

that the claim is within diversity jurisdiction, but instead "must allege the citizenship of the parties and the amount in controversy" and dismissing for lack of diversity of citizenship)

Here, Plaintiff sued UniGroup, C.A. and pled its existence in the state of Missouri. Plaintiff even cited the specific section of Missouri law. However, the "C.A." in the name indicates that UniGroup is a specific creature of Missouri law—a cooperative, with members. See generally Mo. Rev. Stat. § 357.010 (authorizing cooperatives). The cooperative is governed by "articles of association." § 357.020. Chapter 357 is contained in the section of the Missouri statutes called "corporations, associations, and partnerships", and a cooperative is an association. See, e.g., § 357.140 (explaining annual audit requirements for "associations formed under the provisions of Section 357.010"). Plaintiff's pleading thus reveals—correctly—that Defendant UniGroup is a cooperative organized under the laws of Missouri, with constituent members.

This makes UniGroup subject to the rule that its citizenship is that of its members, not its state of creation. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004)(noting "the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization.").

As the Eleventh Circuit has explained:

> For well over a century, federal law has drawn a sharp distinction between corporations and virtually every other form of association for purposes of determining diversity of citizenship. On the one hand, corporations are considered legal persons whose citizenship does not depend on that of their shareholders . . . . On the other hand, unincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332. Furthermore, **no matter the particular features of an unincorporated entity, it has long been "[t]he tradition of the common law . . . to treat as legal persons only incorporated groups and to assimilate all others to partnerships," which must plead the citizenship of each member.**

Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1086 (11th Cir. 2010).

A Plaintiff's "allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013). Thus, a Plaintiff who fails to allege the citizenship of members of the entity fails to properly plead citizenship, and diversity jurisdiction cannot be found. See Serendipity at Sea, LLC v. Underwriters at Lloyd's of London, No. 21-11733-AA, 2022 U.S. App. LEXIS 2512, at *7 (11th Cir. Jan. 26, 2022)("the citizenship allegations for Serendipity and USI are insufficient. They are both limited liability companies, and . . . a party must list the citizenships of all the members of the limited liability company."); Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011)("The complaint in this case alleges that Plaintiff Mallory & Evans Contractors and Engineers, LLC . . . is a Limited Liability Company created under the laws of the State of Georgia with its principal place of business . . . in Scottdale, Georgia" but "[t]his is an insufficient allegation of its citizenship.") (citations and quotations removed); Dio Med. Corp. v. RC3 Innovs., LLC, No. 1:23-CV-04810-JPB, 2024 U.S. Dist. LEXIS 73348, at *5-6 (N.D. Ga. Apr. 23, 2024)(granting dismissal, explaining that "[b]ecause a plaintiff is required to list the citizenships of all members of a limited liability company—and no allegation here states where Defendant's members are citizens—the Court finds that Plaintiff's allegations are insufficient to show that this Court has diversity jurisdiction.").

In this case, because Plaintiff's allegations fail to plead the elements necessary for diversity jurisdiction, this Court must dismiss for lack of subject matter jurisdiction.

**2. Plaintiff cannot meet the diversity standard because UniGroup has members who are citizens of the same state as Plaintiff.**

Plaintiff bears the burden to allege the necessary elements and has not done so. Dismissal is appropriate. In addition, dismissal is appropriate because Plaintff **cannot** make the necessary allegations for subject matter jurisdiction of this Court. UniGroup has members who are incorporated in South Carolina. Those members, accordingly, are citizens of South Carolina, which would defeat Plaintiff's claim to diversity jurisdiction because any member of UniGroup is treated when considering UniGroup's citizenship. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S. Ct. 1015, 1021 (1990)("we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members . . . the several persons composing such association . . . [and] each of its members") (citations omitted). Plaintiff cannot plead diversity jurisdiction; this case must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Plaintiff's complaint against UniGroup must be dismissed. There is no subject matter jurisdiction because diversity is absent—UniGroup's members include citizens of the state where Plaintiff is a citizen. For these reasons, as discussed above, the Court must DISMISS the Second Amended Complaint.

Respectfully submitted this 15th day of August, 2024.

                                                **LEWIS BRISBOIS BISGAARD & SMITH, LLP**

                                                */s/ Brighten B. Donner*
                                                Brantley C. Rowlen
                                                Georgia Bar No. 153031
                                                Brighten B. Donner
                                                Georgia Bar No. 831804
                                                Todd R. Ehrenreich

*Admitted Pro Hac Vice*
Jeffrey Geldens
*Admitted Pro Hac Vice*
24 Drayton St., Suite 300
Savannah, GA 31401
Tel.  (912) 525-4960
Brantley.Rowlen@lewisbrisbois.com
Brighten.Donner@lewisbrisbois.com
Todd.Ehrenreich@lewisbrisbois.com
Jeffrey.Geldens@lewisbrisbois.com

*Counsel  for Defendant UniGroup, C.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served counsel of record in the foregoing matter with a copy of the foregoing Defendant UniGroup's Motion to Dismiss via the Court's CM ECF System which will send electronic notification to all counsel of record.

Respectfully submitted this 15th day of August, 2024.

                            **LEWIS BRISBOIS BISGAARD & SMITH, LLP**

                            */s/ Brighten Donner*
                            Brantley C. Rowlen
                            Georgia Bar No. 153031
                            Brighten B. Donner
                            Georgia Bar No. 831804
                            Todd R. Ehrenreich
                            *Admitted Pro Hac Vice*
                            Jeffrey Geldens
                            *Admitted Pro Hac Vice*
                            24 Drayton St., Suite 300
                            Savannah, GA 31401
                            Tel.  (912) 525-4960
                            Brantley.Rowlen@lewisbrisbois.com
                            Brighten.Donner@lewisbrisbois.com
                            Todd.Ehrenreich@lewisbrisbois.com
                            Jeffrey.Geldens@lewisbrisbois.com

                            *Counsel for Defendant UniGroup, C.A.*