# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| KYLE SLOAN, Individually; and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan; KYLE SLOAN as Surviving Spouse of Jamie Sloan; KYLE SLOAN as Surviving Parent of Rylie Sloan; and SUSAN WEST, Individually; and as the next friend and natural guardian of K.W., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>NICHOLAS BURIST; LOCKE RELOCATIONS LLC; UNIGROUP, C.A.; MAYFLOWER TRANSIT LLC; JOE MOHOLLAND, INC.; VANLINER INSURANCE COMPANY; AND XYZ COMPANIES 1-3,<br><br>Defendants. | Case No. 2:22-cv-00076-LGW |

## PLAINTIFFS' STATUS REPORT

COMES NOW, KYLE SLOAN, Individually, and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan; KYLE SLOAN as Surviving Spouse of Jamie Sloan; KYLE SLOAN as Surviving Parent of Rylie Sloan, ("Plaintiffs") in the above-captioned lawsuit, by and through undersigned counsel, and does submit

the following Status Report to the Court per the Order dated September 23, 2024 (Doc. 227). In the Order, the Court required Plaintiffs' counsel and counsel for Mayflower LLC to consult regarding areas of disagreement and/or agreement involving the email communication - which is the primary issue of Plaintiff's earlier Motion to Compel filed May 9, 2024 (Doc. 170). This was a very productive exercise.

On September 17, 2024 (following the telephonic status conference), after somewhat comprehending Mayflower's narrowly defined search from the September 16, 2024 Status Report (Doc. 220), Plaintiffs' counsel coordinated efforts with their consulting expert to identify search terms, and provided the same to Mayflower's counsel. See the email language containing the search terms laid out therein:

>In an effort to continue consultation regarding the email production, please see the below:
>
>**Search terms:**
>1. Joe Moholland Inc
>2. Moholland Transfer
>3. Moholland 333
>4. Moholland 444
>5. Tailored Move
>6. Rob Garr
>7. Melodie Garr

   8. *Nicholas Burist*

   9. *Wildflower Transportation*

   10. *Aero Mayflower Transit Co*

   11. *Locke Relocation*

**Search scope:**

   1. *All internal and external emails on Mayflower and Unigroup systems, including but not limited to the 3225 searched to date.*

   2. *From January 1, 2022 to present*

**Search purpose***:*

   1. *To understand the agency, shareholder, contractual, or other relationship between Mayflower, Unigroup, Moholland, Tailored Move in the 7 months preceding the date of the collision through the present date*

   2. *To properly identify responsible parties as defendants in this legal action*

   3. *To understand the termination of Moholland's agency agreement and whether there were any successor entities that continued to do business on the same or similar terms*

   *As said before, we're willing to have our expert sit with UniGroup's IT person and discuss this process.*

*(Email Dated September 17, 2024, Sent by Plaintiffs to Counsel for Mayflower)*

Plaintiffs' counsel identified a narrow target of discoverable search terms which, are admittedly more refined than the earlier Requests for Production.

The three categories for both internal and external are: (1) Search Terms; (2) Search Scope; and (3) Search Purpose.

   1. **<u>Search Terms</u>**

      For external emails, Mayflower's counsel has agreed, pending confirmation

from the Defendant, to apply the search terms for all of the above Search Terms <u>other than</u> Tailored Move, Wildflower Transportation, and Aero Mayflower Transit Co. However, Mayflower's counsel is confirming with Mayflower their position on the discoverability of Tailored Move, Wildflower Transportation, and Aero Mayflower Transit Co. and have agreed to give updates to Plaintiff's counsel regarding the same.

For internal emails, Plaintiff's counsel served Requests for Production seeking *internal* emails identified by Mayflower on September 5, 2024. Mayflower has represented to Plaintiffs that these emails are going to take time to retrieve and review, but counsel will ensure this is a priority and will provide updates regarding the progress. The Plaintiffs envision having a similar issue with the scope of these emails sought in the September 5, 2024 Requests for Production.

2. **Search Scope**

Mayflower cannot speak to the internal emails at this point (because the responses are not yet due, although discussed at the August 27, 2024 hearing). For external emails, Mayflower does not agree to the time period presented by Plaintiffs in the September 18, 2024 email consultation (or in the Requests for Production that are the basis for the Motion to Compel, Doc. 170) seeking external emails from January, 2022 to present. Mayflower contends that it would likely produce January 1, 2022 through December 31, 2022, but not the years of 2023 or 2024. It is

Plaintiffs' position that if Mayflower truly was not continuing business with Defendants (or their agents/subsidiaries identified in Plaintiffs' search terms), then this would not be a cumbersome task.[1]  Further, Plaintiffs have made a showing that these documents are important for Plaintiffs' case and certainly discoverable. See emails between Mayflower and Moholland dated in August 2023 – *over one year after* the collision.  (Doc.176,1-5, Moholland Discovery Production).

The ongoing business and agency relationship between the parties is certainly discoverable, including how the alliance relates to liability, bias, and motivation. Again, Plaintiffs do not see the burden of Mayflower producing the dates (consistent with Plaintiffs' Requests for Production, Doc. 170) if these emails are truly as de minimus as they claim.

3. **Search Purpose**

The parties did not address the specifics of each defined search purpose. Plaintiffs provided this section as preparation for a constructive consultation.  The parties are aware of each other's opinions and contentions.

4. **Privilege Log**

The parties have agreed to continue working through these issues.  Plaintiffs have agreed to send Mayflower's counsel an email regarding the specifics of each asserted privilege, and Mayflower's counsel has agreed to review the same with their

---

[1] See Mayflower's Affidavits, filed September 14, 2022, and October 14, 2022, (8-1; 26-1)

client. Plaintiffs' main opposition to the entries in the privilege log are those to relevance, financial records, and shareholder reports. In short, it is Plaintiffs' position that these allegedly privileged emails are admittedly "external" emails, that relevance is not a proper objection in a privilege log, and that these documents are likely relevant because they were identified by counsel's search of "Joe Moholland". As stated, the parties are continuing to work through the issues identified in the privilege log.

On Thursday, September 26, Counsel for Plaintiffs and Counsel for Mayflower held a meet and confer conference via zoom where the issues were discussed as laid out above. Both sides participated and made attempts to work through the pending discovery disputes.

## CERTIFICATE OF SERVICE

I hereby certify that I filed, on September 27, 2024, Plaintiffs' Status report with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    Respectfully submitted,

    ***s/ Charles J. Hodge***
    Charles J. Hodge
    Admitted Pro Hac Vice
    T. Ryan Langley
    Georgia State Bar No.: 692386
    HODGE & LANGLEY
    229 Magnolia Street

P.O. Box 2765
Spartanburg, SC 29306
Tel: (864) 585-3873
Fax: (864) 585-6485
CHodge@hodgelawfirm.com
Ryan@thelangleylawfirm.com

***/s/ Joseph R. Padgett***
Georgia State Bar No.: 872672
RODEN LAW
333 Commercial Drive
Savannah, GA 31406
(912) 303-5850 (p)
(912) 303-5851 (f)
JPadgett@rodenlaw.com