IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| KYLE SLOAN, and SUSAN WEST, | |
| Plaintiffs, | CIVIL ACTION NO.: 2:22-cv-76 |
| v. | |
| NICHOLAS BURIST, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff Kyle Sloan[1] ("Plaintiff") filed a Motion to Compel. Doc. 170. Defendant Mayflower Transit, LLC ("Mayflower") filed a Response in Opposition. Doc. 174. I conducted a hearing on this Motion on August 27, 2024, during which counsel for Plaintiff and Mayflower appeared and provided further information and argument. For the reasons set forth below, I order as follows:

(1) Plaintiff's request for an order compelling Mayflower to produce insurance policies in response to Request for Production ("RFP") No. 35 is **DENIED as moot**. The parties appear to have resolved this issue through conferral.

(2) Plaintiff's request for an order compelling Mayflower to produce invoices and documents related to agency statements in response to RFPs Nos. 10, 11, 34, and 36 is **DENIED**. The requests are overbroad.

(3) Plaintiff's request for an order compelling Mayflower to produce citations and traffic accident reports in response to RFPs No. 13 and 16 is **DENIED**. Plaintiffs have not demonstrated the relevance of the requested documents.

---

[1] Plaintiffs in this case are Kyle Sloan and Susan West. Kyle Sloan appears in several capacities: individually, as personal representative of the Estates of Rylie Sloan and Jamie Sloan, as the surviving spouse of Jamie Sloan, and as the surviving parent of Rylie Sloan. Susan West appears individually and as the next friend and natural guardian of her daughter K.W., a minor. Plaintiff Sloan brought this Motion to Compel in his personal and representative capacities. Plaintiff West has not joined this Motion. Where the term "Plaintiff" (singular) is used in this Order, it refers to Kyle Sloan.

    (4)    Plaintiff's request for an order compelling Mayflower to produce meeting minutes in response to RFP No. 23 is **DENIED**. Counsel for Mayflower represented it produced all information responsive to this request. Plaintiff has not shown that any additional information should be produced in response to this request.

    (5)    Plaintiff's request for an order compelling Mayflower to produce a privilege log is **DENIED as moot**. Mayflower has now produced a privilege log.

Plaintiff also moves to compel Mayflower to produce documents in response to RFPs Nos. 6, 7, 8, and 33. These RFPs seek emails and other communications between Mayflower, Moholland, UniGroup, Defendant Locke, and third parties Trans Advantage and Total Military Management. Doc. 170 at 4–10. This portion of Plaintiff's Motion is not ripe for adjudication. Since the August 27, 2024 hearing, I have held three telephonic status conferences with the parties about this issue—on September 17, 2024, October 1, 2024, and October 15, 2024. Additionally, the parties have filed multiple status reports explaining they are continuing to confer in an attempt to narrow this issue. Docs. 220, 230, 233, 234, 235. These ongoing conferences and reports demonstrate the parties did not fully confer prior to Plaintiff filing his Motion to Compel. As a result, I **DENY** the portion of Plaintiff's Motion to Compel seeking documents in response to RFPs Nos. 6, 7, 8, or 33. Plaintiff may renew this portion of the Motion to Compel at a later time if the parties are unable to fully resolve this dispute.

## BACKGROUND

Plaintiffs filed a Complaint on August 13, 2022, bringing claims against Defendants Nicholas Burist, Mayflower, Joe Moholland, Inc. ("Moholland"), Wesco Insurance Company, and XYZ Companies 1–3. Doc. 1. Plaintiffs then filed an Amended Complaint as a matter of course on September 16, 2022, adding Defendants Locke Relocations, LLC ("Locke"), and National Indemnity Company. Doc. 10. The Court later dismissed all claims against former Defendants Wesco Insurance Company and National Indemnity Company on a joint motion these former Defendants and Plaintiffs filed. Doc. 95.

This action arises from a motor vehicle collision in Camden County, Georgia, that occurred on July 1, 2022. According to Plaintiffs' Amended Complaint, Defendant Burist was driving a tractor trailer southbound on Interstate 95 in Camden County, Georgia. Doc. 10 at 13. Plaintiff Kyle Sloan was driving his Honda Pilot northbound, carrying his wife, his daughter, and Plaintiff Susan West's daughter, K.W. Id. at 13–14. Plaintiffs allege Defendant Burist left his lane of travel, entered the northbound lane, and struck several vehicles, including Kyle Sloan's Honda Pilot.[2] Id. at 14. Kyle Sloan's wife and daughter died as a result. Id. Plaintiffs allege Kyle Sloan and K.W. suffered injuries and emotional distress. Id. at 14, 39. Plaintiffs allege Defendant Burist was an "agent/employee" of Mayflower, Moholland, and Locke. Id. at 3. Mayflower denies having a business or agency relationship with Defendant Burist, Moholland, or Locke at the time of the collision.

Counsel for Plaintiff Sloan contacted the Court on March 12, 2024, requesting a conference call to discuss a discovery dispute. After receiving letter briefs from Plaintiff and Mayflower, I held an informal dispute resolution conference with the parties on April 16, 2024. Doc. 167. I directed Plaintiff and Mayflower to meet and confer after the telephonic conference, and I authorized Plaintiff to file a Motion to Compel regarding any unresolved issues after conferral. Id. Plaintiff filed a Motion to Compel on May 9, 2024. Doc. 170. Plaintiff argues Mayflower has failed to produce materials that Plaintiffs requested in 12 requests for production, or RFPs. I held a hearing with the parties on August 27, 2024, to address the merits of the Motion.

---

[2]   Others who were killed or injured in the collision brought separate actions in this Court. See Petno v. Burist, Case No. 2:23-cv-31; Tipton v. Burist, Case No. 2:23-cv-33; and Hines v. Burist, Case No. 2:23-cv-89. The Court consolidated this case with the other three for pretrial proceedings. Doc. 141. The plaintiffs in the other three cases have not joined the instant Motion. Thus, this Order applies only to the parties and pleadings in this case, not the other three consolidated cases.

## LEGAL STANDARD

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 26 provides a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "On a motion to compel discovery, the moving party has the burden of showing the information is relevant." Haley v. Delta Airlines, Inc., No. 1:21-CV-1076, 2023 WL 2125995, at *2 (N.D. Ga. Jan. 20, 2023) (citing Mann v. Se. Railcar, Inc., No. 1:17-CV-176, 2018 WL 11374881, at *5 (M.D. Ga. Oct. 26, 2018)); see also SCCI, Inc. v. Russell, No. 5:20-CV-348, 2021 WL 616050, at *2 (M.D. Fla. Feb. 17, 2021) (quoting Douglas v. Kohl's Dep't Stores, Inc., No. 615CV1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) ("In a motion to compel, the moving party 'bears the initial burden of proving that the information sought is relevant.'")). "Where the discovery sought is relevant on its face, the party resisting discovery has the burden to support its objection." Scruggs v. Int'l Paper Co., 278 F.R.D. 698, 701 (S.D. Ga. 2012) (quoting McDonald v. Kellogg Co., No. 08-2473, 2011 WL 484191, at *2 (D. Kan. Feb. 7, 2011)). Specifically, the party resisting discovery has the burden of showing a request for relevant information is unreasonable or otherwise unduly burdensome. Orr v. Macy's Retail Holdings, Inc., No. CV416-052, 2016 WL 6246798, at *1–2 (S.D. Ga. Oct. 24, 2016) (quoting Daniel Def., Inc. v. Remington Arms Co., LLC, Case No. CV414-131, 2015 WL 6142883, at *2 (S.D. Ga. Oct. 19, 2015)).

## DISCUSSION

Plaintiff's Motion to Compel concerns Mayflower's responses to 12 RFPs. For the purposes of this Order, eight of these RFPs can be organized into the following categories:

(1) insurance policies; (2) invoices, purchase orders, and documents related to agency statements; (3) citations and accident reports; and (4) meeting minutes.  The other four are RFPs Nos. 6, 7, 8, and 33, which seek emails and other communications.  As explained above, the portion of the Motion to Compel related to those RFPs is denied because the parties continue to confer and narrow that dispute.  Additionally, in the Motion to Compel, Plaintiff asks the Court to order Mayflower to provide a privilege log.

Though Mayflower opposed Plaintiff's Motion to Compel, it continued to produce materials responsive to some of these RFPs after Plaintiff filed his Motion.  Docs. 190, 207, 220, 230, 233, 234, 235 (the parties' status reports).  Indeed, at the August 27, 2024 hearing, the parties indicated some portions of their dispute had been resolved by the additional production.

### I. Insurance Policies

Plaintiff moved to compel Mayflower to produce insurance policies for three of Mayflower's carriers.  Doc. 170 at 12.  Mayflower identified these carriers as Vanliner, Gemini, and Endurance/Sompo.  Doc. 207 at 4.  This issue appears to be resolved.  Though Mayflower initially opposed this request, it produced the insurance policies that Plaintiff requested in RFP No. 35.  Id. at 3–4.  Therefore, this issue has been resolved, and I **DENY as moot** Plaintiff's Motion to Compel as to RFP No. 35.

### II. Invoices and Documents Related to Agency Statements

Plaintiff's RFPs Nos. 10, 11, 34, and 36 seek certain documents related to "agency statements," which are regularly generated reconciliations of credits and debits, with line items for individual invoices.  Docs. 112-8, 112-10.  In response to these RFPs, Mayflower produced the actual agency statements.  In his Motion to Compel, Plaintiff argues Mayflower should be required to produce all invoices related to every line item on the produced agency statements.

Doc. 170 at 13–22.  Plaintiff argues that the documents sought in these requests will undermine Mayflower's claim the parties shared no vehicles or equipment.  Id. at 15.  Mayflower opposes that request.

The parties conferred about the issue before the hearing.  During that conferral, Plaintiff provided Mayflower with a two-page document that listed specific, individual invoices related to line items on the agency statements.  Mayflower produced supporting documentation for each of the line items identified in Plaintiff's two-page request.  Doc. 224 at 50.

At the hearing on this matter, Plaintiff stated the two-page request was merely a set of examples of documents Plaintiff would like produced and he still sought "all the invoices between the parties."  Id. at 55.  Plaintiff explained further at the hearing that the invoices "will confirm the dates and parties responsible and will further expose information regarding the claims and defenses in this case."  Id.

Plaintiff's request, if granted, would likely require the production of thousands of documents, with only limited additional value.  The agency statements provide information in each line item about each debit or credit.  The supporting documentation for each line item will provide minimal benefit.  Furthermore, Plaintiff has demonstrated the ability to make targeted requests for supporting documentation for individual line times by providing a two-page itemized list.  Mayflower has also shown that it can provide specific supporting documentation for individual line items.  Plaintiff's request for "all" supporting documentation is unnecessarily broad and unduly burdensome.  Plaintiff has also failed to demonstrate the request for all supporting documentation is proportional to the needs of the case.  "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case," and Plaintiff has not sufficiently demonstrated how production of every

6

single invoice on every page of every agency statement, even if relevant, would serve the needs of this case. Tiger v. Dynamic Sports Nutrition, LLC, No. 6:15-cv-1701, 2016 WL 1408098, at *4 (M.D. Fla. Apr. 11, 2016). Therefore, I **DENY** Plaintiff's Motion to Compel any further invoices or other supporting documentation.

### III. Traffic Citations and Accident Reports

In RFPs Nos. 13 and 16, Plaintiff requested all of Mayflower's traffic accident reports and citations for a 13-month period.[3] Doc. 170 at 20–21. Plaintiff believes these documents will support his contentions of negligent hiring and retention. Id. at 20. In response, Mayflower produced citations and accident reports related to Burist and Moholland for the relevant time period. But Mayflower objected to Plaintiff's requests for records related to "[o]ther agents, employees, and drivers of Defendant Mayflower that are not named or listed on the bill of lading for the load," arguing such documents are irrelevant. Doc. 174 at 17. Mayflower also argues "Plaintiff's demand is not proportional" for similar reasons. Id. Plaintiff argues these documents are potentially relevant to show a pattern of negligent hiring and entrustment by Mayflower.

Relevance in the context of discovery is quite broad and requested information "need not be admissible in evidence to be discoverable," but relevance is not without outer limits. Fed. R. Civ. P. 26(b)(1). Specifically, relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Taylor v. Farm Credit Fla. ACA, No. 21-13807, 2022 WL 4493044 (11th Cir. Sept. 28, 2022) (quoting Akridge v. Alfa Mut. Ins. Co., 1 F.4th 1271, 1276 (11th Cir.

---

[3] Plaintiff initially requested all reports and citations for a five-year period. The parties conferred, and Plaintiff agreed to limit the responsive document period to the 13-month period between September 1, 2021 and October 1, 2022. The dispute about these documents does not concern the time period for responsive documents.

2021)).  Additionally, relevant evidence is only discoverable if it is "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

Plaintiff has not demonstrated Mayflower should be required to produce citations and accident reports for non-party agents and employees of Mayflower.  Plaintiff's generalized references to negligent hiring and entrustment do not sufficiently establish the relevance of all citations and accident reports for any Mayflower driver anywhere and, even if these references were sufficient, the requested documents are not proportional to the needs of the case.  At the hearing, Plaintiff was unable to explain how such evidence could be used at trial to support a negligent hiring or entrustment theory.  Furthermore, Mayflower would need to conduct a burdensome search of records to identify every citation or accident report for a lengthy period of time, with little or no benefit to the adjudication of this case.  Therefore, I **DENY** Plaintiff's Motion to Compel as to RFPs Nos. 13 and 16.

## IV.     Meeting Minutes

In RFP No. 23, Plaintiff requested all meeting minutes from meetings of the board of directors for UniGroup/Mayflower.  Doc. 170 at 22–23.  In response, Mayflower produced a redacted copy of minutes from UniGroup's Board of Directors meetings occurring on January 10, 2022 and May 24, 2022.  Doc. 174 at 19.

In his Motion to Compel, Plaintiff asks the Court to order Mayflower to produce unredacted copies of those minutes.  Doc. 170 at 22–24.  In response, Mayflower maintains the redacted portions of the minutes are irrelevant to this case and asks the Court to conduct an in camera review of the unredacted minutes.  Doc. 174 at 5.

At the hearing, counsel for Plaintiff stated Plaintiff would accept a representation from Mayflower's counsel that the redacted portions of the minutes did not discuss or relate to Burist,

Moholland, or the events of this case. Counsel for Mayflower confirmed he had read the redacted portions of the minutes and those portions did not mention Burist, Moholland, or the events of this case. Doc. 224 at 36–37. Given that Mayflower's counsel stated the redacted portions are irrelevant, and Plaintiff has offered no evidence to suggest otherwise, I find Plaintiff has failed to show Mayflower should be ordered to produce the unredacted minutes. On this record, I also decline Mayflower's invitation to conduct in camera review of the minutes. Therefore, I **DENY** this portion of the Motion to Compel related to Mayflower's meeting minutes.

## V.     Privilege Log

In the Motion to Compel, Plaintiff asks the Court to order Mayflower to provide a privilege log. Doc. 170 at 24. Mayflower produced a privilege log on August 26, 2024. Doc. 207 at 6. This issue is resolved.[4] I **DENY as moot** this portion of Plaintiff's Motion.

### CONCLUSION

For these reasons, I **DENY** Plaintiff's Motion to Compel.

**SO ORDERED**, this 16th day of October, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] To be sure, the parties continue to dispute some of the individual privilege claims identified on the privilege log. But the request in the Motion to Compel—that Mayflower produce a log—has been resolved. The parties are free to continue to confer on Mayflower's privilege assertions and, if necessary, litigate those assertions.