**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

KYLE SLOAN, Individually, and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan, KYLE SLOAN as Surviving Spouse of Jamie Sloan, and KYLE SLOAN as Surviving Parent of Rylie Sloan; and SUSAN WEST, Individually; and as the next friend and natural guardian of K.W., a minor,

Plaintiffs,

v.

NICHOLAS BURIST; LOCKE RELOCATIONS LLC; MAYFLOWER TRANSIT LLC; JOE MOHOLLAND, INC. AND XYZ COMPANIES 1-3,

Defendants.

CASE NO: 2:22-cv-0076-LGW-BWC

**PLAINTIFFS' MOTIONS IN LIMINE**

COMES NOW, Kyle Sloan, Plaintiff in the above-styled action, by and through the undersigned counsel, and files these Motions in Limine and Memorandum of Law in Support. Plaintiff shows the Court that the following matters would be and are inadmissible for any purpose in that they have no bearing on the issues in this case. Plaintiff moves in limine for an order prohibiting Defendant, Defendant's counsel, and Defendant's witnesses from stating, suggesting, eliciting, or arguing before the jury the following:

1. Evidence and argument that trucking is the "backbone" or "foundation" of the nation, that "America runs on trucks," or that without trucks, roads, and highways "we would have nothing" is irrelevant to any issue the Court identified for trial and should be excluded under Rules 401–403. Mayflower's own position that it had "cut ties" with Moholland and Locke confirms that industry-importance and heritage themes can serve no purpose but sympathy.
2. Mayflower's corporate heritage, longevity, reputation, and good-citizen narratives are irrelevant and constitute impermissible character evidence under Rule 404(a)(1).
3. Arguments that a verdict will raise moving costs, consumer prices, or insurance premiums, or will burden Mayflower, its employees, the industry, or the jurors themselves, are improper golden-rule/community-impact appeals and invite nullification of Georgia's full-value measure.

None of these subjects makes it more or less probable that Mayflower is legally responsible for the tractor-trailer that crossed the I-95 median and killed Jamie and Rylie Sloan. None bears on the full value of their lives, which is the measure of damages under Georgia law. Their only function would be to invite the jury to decide the case on sympathy for an industry and fear for their own wallets. The Court should exclude them under Federal Rules of Evidence 401, 402, 403, and

404(a), and under its inherent authority to manage the trial. In support hereof, Plaintiff shows the Court as follows:

1. **The importance of the transportation industry has nothing to do with any issue the jury must decide.**

The jury will decide two questions: whether Mayflower is legally responsible for the tractor-trailer Burist was driving, and the full value of the lives of Jamie and Rylie Sloan, along with the other damages Plaintiffs' claims. Whether trucking is the "backbone of America" does not make any fact bearing on those questions more or less probable. Fed. R. Evid. 401. It does not tell the jury whether Mayflower properly terminated its lease and agency agreements, whether the truck was operating under Mayflower's authority, or whether Mayflower is a statutory employer under 49 C.F.R. Part 376. It does not tell the jury anything about who Kyle, Jamie and Rylie Sloan were.

Mayflower's liability defense is that it had cut ties with Moholland and Locke and had nothing to do with this truck, this driver, or this trip. If that is Mayflower's position, then its history, its brand, and the importance of the transportation industry are doubly irrelevant: by Mayflower's own account, none of it touched the events of July 1, 2022. Mayflower cannot tell the jury it was a stranger to this crash while also asking the jury to see it as the embodiment of an industry the country cannot do without.

The tension is not only rhetorical. The federal leasing regulations exist precisely so that the public knows which carrier is responsible for a truck on the highway. They require the authorized carrier to have "exclusive possession, control, and use of the equipment for the duration of the lease" and to "assume complete responsibility for the operation of the equipment." 49 C.F.R. § 376.12(c)(1). If Mayflower wishes to emphasize the role of motor carriers in American life, that role comes with the responsibility the regulations impose. Mayflower should not be permitted to invoke the industry's importance as a shield against liability while disclaiming the responsibility that comes with its operating authority. The inconsistency underscores what the theme really is: an effort to secure a verdict through sympathy and jury nullification rather than on the evidence.

The theme is not merely irrelevant. It is designed to make jurors see a verdict against Mayflower as a verdict against the economy, the supply chain, and the goods on their own shelves. That is a request to decide the case on an improper basis, which is the definition of unfair prejudice. Fed. R. Evid. 403. It would also confuse the issues and waste time on a debate no juror is asked to resolve. Every industry is important to someone. The law does not measure a motor carrier's duties, or the value of a human life, by the carrier's contribution to the gross domestic product.

2. **Mayflower's longevity, reputation, and good works are improper character evidence.**

How long Mayflower has been in business, when it was founded, the number of families it has moved, and its reputation as an American brand say nothing about whether it is responsible for this crash. Their only conceivable purpose is to suggest that a company with a long and admirable history must have acted properly here. That is propensity reasoning, and Rule 404(a) forbids it.

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Even apart from Rule 404, this evidence fails Rules 401 and 403. Corporate heritage is not a fact of consequence to liability or to the value of the Sloans' lives. Its prejudicial effect is obvious: it invites jurors to weigh a nearly century-old brand against two individuals and to hesitate before tarnishing it.

What Plaintiffs seek to exclude is the narrative: the founding story, the longevity, the awards, the "trusted name" branding, and the implied message that such a company could not be at fault.

3. **Arguments that a verdict will raise prices, premiums, or moving costs, or will hurt Mayflower or its industry, are improper appeals to the jurors' self-interest.**

Mayflower should also be barred from suggesting that a verdict will raise the cost of moving, household goods, shipping, or insurance; that it will "come out of

all our pockets"; or that it will harm Mayflower's business, employees, agents, or the trucking industry. There is no evidence on these subjects, and there could be none that would be relevant. Such remarks are "statements of prejudicial matters which are not in evidence," which the Court has a duty to prevent. O.C.G.A. § 9-10-185.

These arguments are improper for a more basic reason. They ask each juror to consider how the verdict will affect his or her own finances. A juror with a financial stake in the outcome could not sit on the case. Counsel cannot manufacture that stake in argument and then invite the jury to act on it.

Furthermore, Mayflower should be barred from "lawsuit abuse," "runaway verdict," "nuclear verdict," and tort-reform themes. These are public-policy debates for legislatures, not facts for a jury. They serve only to make jurors feel that awarding full compensation under Georgia law is itself a social harm.

Respectfully submitted this 1st day of October, 2026.

***s/ Charles J. Hodge***
Charles J. Hodge
Admitted Pro Hac Vice
J. Camden Hodge
Admitted Pro Hac Vice
HODGE LAW FIRM
P.O. Box 2765
Spartanburg, SC 29306
Tel: (864) 585-3873
Fax:(864)585-6485
CHodge@hodgelawfirm.com

**Joseph R. Padgett**
Joseph R. Padgett
HAMILTON & PADGETT, LLC
GA Bar No. 872672
13 St. Andrews Ct.
Brunswick, Georgia 31520
P: (912) 200-2727
joseph@hamiltonpadgettlaw.com

**T. Ryan Langley**
T. Ryan Langley
Georgia State Bar No.: 692386
Matthew T. Foss
Admitted Pro Hac Vice
LANGLEY LAW FIRM
229 Magnolia Street
Spartanburg, SC 29306
Tel: (864) 774-4662
Ryan@thelangleylawfirm.com
Matt@thelangleylawfirm.com

*Attorneys For Plaintiff*

## CERTIFICATE OF SERVICE

I CERTIFY that on October 1, 2026 I e-filed a true and correct copy of the foregoing via the Court's CM/ECF system which will send notification of such filing to all counsel of record.

***s/ Charles J. Hodge***
Charles J. Hodge
Admitted Pro Hac Vice
J. Camden Hodge
Admitted Pro Hac Vice
HODGE LAW FIRM
P.O. Box 2765
Spartanburg, SC 29306
Tel: (864) 585-3873
Fax:(864)585-6485
CHodge@hodgelawfirm.com
**Attorneys For Plaintiff**

**T. Ryan Langley**
T. Ryan Langley
Georgia State Bar No.: 692386
Matthew T. Foss
Admitted Pro Hac Vice
LANGLEY LAW FIRM
229 Magnolia Street
Spartanburg, SC 29306
Tel: (864) 774-4662
Ryan@thelangleylawfirm.com
Matt@thelangleylawfirm.com
**Attorneys For Plaintiff**

**Joseph R. Padgett**
Joseph R. Padgett
Hamilton & Padgett, LLC
GA Bar No. 872672
13 St. Andrews Ct.
Brunswick, Georgia 31520
P: (912) 200-2727
joseph@hamiltonpadgettlaw.com
**Attorneys For Plaintiff**