IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| KYLE SLOAN, INDIVIDUALLY; AND AS PERSONAL REPRESENTATIVE OF THE ESTATES OF RYLIE SLOAN AND JAMIE SLOAN; KYLE SLOAN AS SURVIVING SPOUSE OF JAMIE SLOAN; KYLE SLOAN AS SURVIVING PARENT OF RYLIE SLOAN; AND SUSAN WEST, INDIVIDUALLY; AND AS THE NEXT FRIEND AND NATURAL GUARDIAN OF K.W., A MINOR,<br><br>Plaintiffs,<br><br>v.<br><br>NICHOLAS BURIST; LOCKE RELOCATIONS, LLC; MAYFLOWER TRANSIT, LLC; JOE MOHOLLAND, INC.; PAYNE, INC. AND XYZ COMPANIES 1-3,<br><br>Defendants. | CIVIL ACTION FILE<br>NUMBER 2:22-cv-00076-LGW |

**DEFENDANT NICHOLAS BURIST'S MOTIONS IN LIMINE**

Defendant Nicholas Burist moves the Court for an order excluding evidence, reference, or argument about the following matters.

## 1. Nicholas Burist's Criminal History Before July 1, 2022 and the Grounds for the Divorce from His First Wife.

During Plaintiff's discovery deposition of Defendant Nicholas Burist, counsel asked Burist about his criminal background. Burist testified he was accused of assault and battery, domestic violence, but he went to anger management and the charges were dropped.

Burist depo. page 41 lines 5 to 24. He testified the allegations also included claims he put his hands on his children. N. Burist depo. page 42 lines 10 to 23. Counsel asked Burist if he told Mayflower he beat up his children. N. Burist depo. page 42 line 24 to page 43 line 1. Counsel also asked Burist if his divorce was because his wife left or because of the violence he committed to his wife and children. N. Burist depo. page 43 lines 2 to 5. Burist also testified he took an Alford plea as to the abuse claims and this cost him his job with BBC. N. Burist depo. page 54 line 16 to page 55 line 10. Counsel asked Burist if he thought convicted felons should not be allowed to drive on the road. N. Burist depo. page 55 lines 13 to 25. Burist testified he got let go with BBC and Century Express when the charges came up about his kids. N. Burist depo. page 64 line 14 to 23.

This information is not relevant to any issue for the jury to try, it would constitute improper impeachment, and its probative value is far outweighed by its prejudice to Burist under Rule 403 of the Federal Rules of Evidence.

**2. Burist's Eye Problems**

Burist testified he was injured on the job in about 2011, had to get glasses and had some problems passing the DOT physical exam. N. Burist depo. page 58 line 21 to page 62 line 13. However, he had a valid DOT physical at the time of the accident.

This information is not relevant to any issue for the jury to try, and its probative value is far outweighed by its prejudice to Burist under Rule 403 of the Federal Rules of Evidence.

**3. Burist's Discipline in the United States Navy Before 1999**

Burist testified he did 50 days in the brig for going UA or AWOL while serving in the Navy. N. Burist depo. page 71 lines 1 to 20. He left the Navy with an honorable discharge in 1999. N. Burist depo. page 11 lines 2 to 7.

This information is not relevant to any issue for the jury to try, and its probative value is far outweighed by its prejudice to Burist under Rule 403 of the Federal Rules of Evidence.

**4. Reference to Liability Insurance**

Counsel asked Burist about an Agency Statement for Mayflower Transit that referenced insurance premiums. N. Burist depo. page 92 line 23 to 96 line 23; 100 lines 6 to 9. Rule 411 of the Federal Rules of Evidence prohibits evidence of liability insurance except to show bias, prejudice, agency, ownership or control. None of the exceptions apply in this case.

**5. Argument that a Truck Driver has a Higher Standard of Care**

Counsel asked Burist if he agreed that going through the process of getting a CDL and driving that equipment means he had a higher amount of training than the average person on the road,

implying a higher standard of care. N. Burist depo. page 236 lines 9 to 14. All motorists must exercise that degree of care exercised by ordinarily prudent persons under the same or similar circumstances. O.C.G.A. § 51-1-2; *see also* Rios v. Norsworthy, 266 Ga. App. 469, 473 (2004) (holding there is no heightened duty of care of professional truck drivers); Delta Air Lines, Inc. v. Garmon, 139 Ga. App. 146, 150 (1976).

**6. "Send a Message" to the Industry**

Counsel for Plaintiff should not be allowed to make any damages argument aimed at suggesting the transportation industry should be deterred from any future conduct. Judge Jones in Ayers v. Ford Motor Co., 2025 U.S. Dist. LEXIS 263794 (N.D.Ga. 2025) Judge Brown's order in Gaddy v. Terex Corp., 2018 U.S. Dist. LEXIS 245172 (N.D. Ga. 2018) for the proposition that the Northern District prohibits traditional "send a message" arguments because they constitute an implicit request for punitive damages.

**7. Golden Rule.**

The Eleventh Circuit bans the "Golden Rule" argument that asks jurors to put themselves in the shoes of the Plaintiff. Wainberg v. Piedmont Univ., 2025 U.S. Dist. LEXIS 220692 (N.D. Ga. 2025)(citing McNely v. Ocala Star-Banner Corp., 99 F.3d 1068 (llth Cir. 1985)); *see also* Benson v. Facemyer, 2017 U.S. Dist LEXIS 59295 (N.D. Ga. 2017).

**4. Expressing Personal Belief in the Veracity of Any Witness**

Any expression by counsel or a witness regarding the veracity of any witness in this case would be improper. *See* Dodson v. Belk, Inc. 362. F.Supp. 3d 1283 (2018). Rule 608 of the Federal Rules of Civil Procedure allows a witness to testify about another witness' character for truthfulness, an attorney's opinion is not evidence.

**6. News Articles Related to the Accident or Any Individuals Involved in the Present Action**

Any news articles or reports relating to the Plaintiff, his decedents, the Defendants or the Accident are irrelevant, are highly prejudicial and contain hearsay. Rules 403 and 802 of the Federal Rules of Civil Procedure.

**7. Testimony about Defendants' Investigation after the Accident**

Questions about Defendants' investigation after the accident would be improper. The sole issues on negligence for the jury to determine are proximate cause and damages. Rule 403 of the Federal Rules of Civil Procedure.

**8. Defendant Burist's Driving History or Evidence of Negligent Training**

Plaintiffs do not claim negligent hiring, training or entrustment. Therefore, evidence of Defendant Burist's driving history is not relevant and should be excluded. Rule 403 of the Federal Rules of Civil Procedure.

**9. Reference to Verdicts in Other Cases**

Reference to verdicts in other cases does not bear upon any issue in dispute in this case. Therefore, the Court should exclude in limine any reference to any verdict returned in any other case. *See* Roberts v. AAA Cooper Transp., Inc., 2021 U.S. Dist. LEXIS 259440 (N.D. Ga. 2021); Pace v. Nat'l Union Fire Ins. Co., 2015 U.S. Dist. LEXIS 180415 (N.D. Ga. 2015).

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

/s/ *Grant B. Smith*
GRANT B. SMITH, ESQ.
Georgia bar number 658345
Attorneys for Defendant Nicholas Burist

3344 Peachtree Road, N.E., Suite 2400
Atlanta, Georgia 30326
(404) 876-2400
(404) 591-9626
Gbsmith@wwhdg.com
Rfisher@wwhgd.com

## CERTIFICATE OF SERVICE

I electronically filed **DEFENDANT NICHOLAS BURIST'S MOTIONS IN LIMINE** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Charles Hodge, Esq.
T. Ryan Langley, Esq.
Matthew T. Foss, Esq.
Hodge & Langley Law Firm
229 Magnolia Street
Spartanburg, South Carolina 29306
chodge@hodgelawfirm.com
rlangley@hodgelawfirm.com

Joseph Padgett, Esq.
Joshua H. Dorminy, Esq.
Roden Law
333 Commercial Drive
Savannah, Georiga 31406
jpadgett@rodenlaw.com
jdorminy@rodenlaw.com

Joseph J. Steffen, Jr., Esq.
Brandy Scott Mai, Esq.
Law Office of Jospeh J. Steffen, Jr.
223 W. York Street
Savannah, Georgia 31401
joe@joesteffen.com
brandy@joesteffen.com

Payton Dewel Bramlett, Esq.
Boyd & Jenerette, PA
33 Bull Street, Suite 100
Savannah, Georgia 31401
pbramlett@boydjen.com

Scott W. McMickle, Esq.
Matthew R. Sessions, Esq.
McMickle, Kurey & Branch, LLP
217 Roswell Street, Suite 200
Alpharetta, Georgia 30009
swm@mkblawfirm.com
msessions@mkblawfirm.com

James M. Elliott, Jr., Esq.
Charles Hansell Watt, IV, Esq.
Elliott, Blackburn & Gooding, P.C.
3016 North Patterson Steet
Valdosta, Georgia 31602
jelliott@ebbglaw.com
hansellwatt@elliottblackburn.com

Brantley Cole Rowlen, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
24 Drayton Street, Third Floor
Savannah, Georgia 31401
brantley.rowlen@lewisbrisbois.com

Todd R. Ehrenreich, Esq.
Jeffrey R. Geldens, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
2 Alhambra Plaza, Suite 1110
Coral Gables, Florida 33134
todd.ehrenreich@lewisbrisbois.com
jeffrey.geldens@lewisbrisbois.com

Stephen K. McDonald, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
Bank of America Plaza
600 Peachtree St, NE, Suite 4700
Atlanta, Georgia 30308
Stephen.McDonald@lewisbrisbois.com

James E. Gilson, Esq.
Hall Booth Smith, P.C.
191 Peachtree Steet, N.E., Suite 2900
Atlanta, Georgia 30303
jgilson@hallboothsmith.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

This 2nd day of October, 2026.

/s/ Grant B. Smith
GRANT B. SMITH, ESQ.
For the Firm