**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| KYLE SLOAN, Individually, and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan, KYLE SLOAN as Surviving Spouse of Jamie Sloan, and KYLE SLOAN as Surviving Parent of Rylie Sloan,<br><br>Plaintiffs,<br><br>v.<br><br>NICHOLAS BURIST; LOCKE RELOCATIONS LLC; MAYFLOWER TRANSIT LLC; JOE MOHOLLAND, INC.; AND XYZ COMPANIES 1-3,<br><br>Defendants. | CASE NO: 2:22-cv-0076-LGW |

**PLAINTIFFS' FIRST RESPONSE TO DEFENDANT MAYFLOWER TRANSIT, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF KYLE SLOAN AND THE ESTATES OF RYLIE SLOAN AND JAMIE SLOAN**

## GENERAL COMMENTS

1. These Answers are based upon information presently known to Plaintiff. Because discovery and investigation into the matters at issue in this litigation is ongoing, Plaintiff reserves the right to supplement these answers as appropriate.

2. Additional information responsive to Defendant's Interrogatories may be contained in the documents produced by Plaintiff and in the documents produced by Defendant to Plaintiff.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All written or recorded statements obtained by you and/or in your possession concerning any fact or issue in this case.

**ANSWER: Plaintiff produces documents via DropBox, consisting of:**

- **Kyle, Rylie and Jamie Sloan's medical bills and records "Sloan 0001-0589"**
  - **Medical Records & Bills (Kyle, Rylie, Jamie, and Kara) from:**
    - **UF Health for Kyle 1-96**
    - **UF Health for Jamie and Rylie 97-243**
    - **Carolina Psychological Services IME 244-247**
    - **Ortho Spartanburg 248-269**
    - **ASC Spartanburg 270-275**
    - **Mary Black 276-333**
    - **Carolina Hand Center 334-361**
    - **Douglas Whitehead, MD 362-386**
    - **Piedmont Imaging 387-423**
    - **Interim Healthcare 424-432**
    - **Cross Anchor Chiro 433-461**
    - **Emerge Family Therapy 462-464**
    - **Prisma Steadman Hawkins 466-479**
    - **Bon Secours Hematology 481-565**
    - **MGC Orthopedic Surgery 566-589**
- **K.W. Medical Records & Bills (0001-0146)**
- **Background (0001-0044)**
- **Reviews (0001-0027)**
- **Hines and Davenport Production (001-088)**
- **Nighthawk Production (0001-0038)**
- **Affidavit of Nighthawk (0001-0003)**
- **Frederick Investigation (Mayflower) (001-044)**
- **TMM Subpoena Response**
- **Conser Subpoena Response; Objections; and Affidavit (Conser 0001-0089)**
- **Combined - Subpoena and Response (Kelley's Towing) (labeled 0001-0058)**
- **Records Custodian Affidavit (Kelley Towing)**
- **Georgia Subpoena Return (0001-0073)**

- **Georgia DOT Return (0001-0242)**
- **Moholland Filings (0001-0375)**
- **Photographs of CMV and Sloans' vehicle (Photographs (00001-00273)**
- **Below documents labeled: "Sloan 590 – 867"**
  - **Lexis Nexis Searches on Michael Hines, Charles Davenport, Kelvin Locke, and Nicholas Burist**
  - **Mayflower Letter dated August 22, 2022 To West Refusing to Produce Insurance**
  - **Mayflower Letter Dated August 22, 2022 To Sloan Refusing to Produce Insurance**
  - **Vanliner Letter dated April 4, 2023 to Plaintiff Refusing to Produce Insurance**
  - **Driver Examination Report**
  - **Obituary of Rylie and Jamie Sloan**
  - **Family Photographs**
  - **Burist Arrest Detail Reports**
  - **Funeral Home Expenses**
- **Independent Medical Evaluation of Dr. Robert Brabham for Plaintiff Kyle Sloan**
- **Subpoena Response from Fisk Enterprises, Inc. d/b/a Slidell – Labeled "Slidell Subpoena Response (0001-0025)"**
- **Records Custodian Affidavit for Fisk Enterprises, Inc. d/b/a Slidell**
- **Subpoena Response from North-West Movers labeled "North-West Movers Inc. Subpoena Response (001-015)"**
- **Subpoena Response from T-Mobile containing two (2) Excel documents and correspondence that is labeled "Burist TMobile Subpoena Corresp. (01-09)"**
- **LifeCare Plan prepared by Rebecca Bailey**

**Plaintiff, additionally, has several thousand emails produced by Total Military Management, that are produced to the Plaintiffs, and which are on the Microsoft Exchange of Plaintiffs' counsel. Defense may view these at any time, upon a 3 day notice to counsel for Plaintiff for purposes of scheduling.**

**Further, see the documents and filings previously produced and/or publicly available to the parties. Plaintiff reserves the right to supplement and/or amend this response, as additional and/or relevant information becomes available, in accordance with the Court's scheduling Order.**

2. All diaries, journals, notes, correspondence or other documents reflecting or containing observations or recollections relating to any fact or issue in this lawsuit.

**ANSWER: See Plaintiffs' Response to RFP #1. Plaintiff reserves the right to supplement and/or amend this response, as additional and/or relevant information becomes available, in accordance with the Court's scheduling Order. Further responding, Plaintiff is withholding the production of a video of Plaintiff's counsel and Kyle Sloan and the Estate Beneficiaries, following the collision, on the current basis of attorney-client privilege and/or work-product. The privilege log is being produced herein.**

3. All policies of insurance which could arguably provide coverage to you as a result of the incident.

**ANSWER: Defendants would be in the best position to respond to this Request. Further responding, see the production of the Defendants, and the production of Allstate dated October 18, 2023. Plaintiff reserves the right to supplement and/or amend this response, as additional and/or relevant information becomes available, in accordance with the Court's scheduling Order.**

4. All documents reflecting payment to you for expenses or damages arising from the incident.

**ANSWER: See Plaintiffs' Response to RFP #1. Plaintiff reserves the right to supplement and/or amend this response, as additional and/or relevant information becomes available, in accordance with the Court's scheduling Order.**

5. All treaties, books, standards, periodicals or other documents which you contend support the allegations made by you against each Defendant.

**ANSWER: See Plaintiffs' Response to RFP #1. Plaintiff reserves the right to supplement and/or amend this response, as additional and/or relevant information becomes available, in accordance with the Court's scheduling Order.**

6. All documents, letters, records, electronic communications, emails, text messages, call logs, or other materials you consider to be evidence of the incident.

**ANSWER: See Plaintiffs' Response to RFP #1. Plaintiff reserves the right to supplement and/or amend this response, as additional and/or relevant information becomes available, in accordance with the Court's scheduling Order.**

7. All documents, letters, records, electronic communications, emails, text messages, call logs, or other materials you consider to be evidence of your contact with Defendant Mayflower or Defendant Mayflower's representatives.

**ANSWER: See Plaintiffs' Response to RFP #1. Plaintiff reserves the right to supplement and/or amend this response, as additional and/or relevant information becomes available, in accordance with the Court's scheduling Order. Further responding, see the letters filed with the Court on January 25, 2024, Doc 154.**

8. Your W-2's from 2019-2023.

**ANSWER: See Plaintiffs' Response to RFP #1, including the Economic Report of Charles Alford. Plaintiff reserves the right to supplement and/or amend this response, as additional and/or relevant information becomes available, in accordance with the Court's scheduling Order.**

9. All income tax returns filed by you or on your behalf of from 2019 to 2023.

**ANSWER: See Plaintiffs' Response to RFP #1. Plaintiff reserves the right**

**to supplement and/or amend this response, as additional and/or relevant information becomes available, in accordance with the Court's scheduling Order.**

10. All bankruptcy filings by you in the last five (5) years, including but not limited to all lists of bankruptcy estate assets.

**ANSWER: None.**

11. A resume or curriculum vitae of each expert witness you intend to call at the trial of this case.

**ANSWER: Plaintiff explicitly reserves the right to produce the same, and Plaintiff will produce in accordance with the Court's Scheduling Order. See, Dr. Robert Brabham, Rebecca Bailey, and Charles Alford's reports and CVs, hereto.**

12. All correspondence between you and each expert witness you intend to call at the trial of this case, which describes or refers in any way to the facts of the case, the materials provided for his or her review, the review or analysis he or she was requested to perform, or the fee to be paid.

**ANSWER: Plaintiff objects to the extent Defendant is requesting the Plaintiffs disclose the identity of any consulting experts for purposes other than trial as the same are protected by the work-product privilege and do not require disclosure under Rule 26, FRCP. Plaintiff explicitly reserves the right to supplement his response in accordance with the Expert Disclosure deadline. Further responding, Plaintiff objects to producing correspondence with the expert for the purpose(s) of preparing their report in accordance with the Federal Rules of Civil Procedure.**

13. All reports, correspondence, notes or other writings produced or signed by each expert witness you intend to testify at the trial of this case.

**ANSWER: Plaintiff objects to the extent Defendant is requesting the Plaintiffs disclose the identity of any consulting experts for purposes other than trial as the same are protected by the work-product privilege and do not require disclosure under Rule 26, FRCP. Plaintiff explicitly reserves the right to supplement his response in accordance with the Expert Disclosure deadline. Further responding, Plaintiff objects to producing correspondence with the expert for the purpose(s) of preparing their report in accordance with the Federal Rules of Civil Procedure.**

14. A resume or curriculum vitae of each expert you retained or employed on your behalf in anticipation of litigation and who is not expected to testify at the trial of this case.

**ANSWER: Plaintiff objects to the extent Defendant is requesting the Plaintiffs disclose the identity of any consulting experts for purposes other than trial as the same are protected by the work-product privilege and do not require disclosure under Rule 26, FRCP. Plaintiff explicitly reserves the right to supplement his response in accordance with the Expert Disclosure deadline.**

15. A copy of any and all notes, correspondence, reports, photographs, videotapes, drawings, diagrams, medical records or other documents referred to in your Responses to Defendant Mayflower's Interrogatories to Plaintiff.

**ANSWER: See Plaintiffs' Response to RFP #1. Plaintiff reserves the right to supplement and/or amend this response, as additional and/or relevant information becomes available, in accordance with the Court's scheduling Order.**

16. Any and all photographs, videotapes, drawings or diagrams of the subject incident or any other tangible items involved in the incident which is the subject of Plaintiff's Complaint.

**ANSWER: See Plaintiffs' Response to RFP #1. Plaintiff reserves the right to supplement and/or amend this response, as additional and/or relevant information becomes available, in accordance with the Court's scheduling Order.**

17. All documents which you contend are evidence of each injury, illness, condition, inability to function or other problem which you contend was caused by Defendant Mayflower's alleged negligence.

**ANSWER: See Plaintiffs' Response to RFP #1, specifically the medical records, the report of Dr. Robert Brabham, the Lifecare report of Rebecca Bailey, and the report of Dr. Charles Alford. Plaintiff reserves the right to supplement and/or amend this response, as additional and/or relevant information becomes available, in accordance with the Court's scheduling Order. Further responding, Plaintiff is withholding the production of a video of Kyle Sloan and the Estate Beneficiaries, following the collision, on the current basis of attorney-client privilege and/or work-product. The privilege log is being produced herein.**

18. All correspondence, reports, office notes, explanation of benefit forms, or other records of full or partial payment of any loss, cost, or expenses for which you seek recovery in this lawsuit.

**ANSWER: See Plaintiff's medical records which contain documents evidencing the same. To the extent Defendant wishes to send a subpoena, Plaintiff consents to the Defendant sending medical subpoenas for post-collision medical treatment. To the extent Defendant seeks health**

**insurance information, Plaintiff objects based on the collateral source rule as the same is not reasonably calculated to lead to the discovery of admissible evidence.**

19. A medical authorization for the release of medical records of Rylie Sloan that complies with the Health Insurance Portability and Accountability Act. This request may be satisfied by executing the attached medical authorization.

**ANSWER: See Plaintiff's medical records which contain documents evidencing the same. To the extent Defendant wishes to send a subpoena, Plaintiff consents to the Defendant sending medical subpoenas for post-collision medical treatment.**

20. A medical authorization for the release of medical records of Jamie Sloan that complies with the Health Insurance Portability and Accountability Act. This request may be satisfied by executing the attached medical authorization.

**ANSWER: See Plaintiff's medical records which contain documents evidencing the same. To the extent Defendant wishes to send a subpoena, Plaintiff consents to the Defendant sending medical subpoenas for post-collision medical treatment.**

21. A copy of all Medicare or Medicaid documents relating to Kyle Sloan.

**ANSWER: Objection. Plaintiff objects as this Request is not reasonably calculated to lead to the discovery of admissible evidence as it violates the collateral source doctrine. Notwithstanding, Kyle Sloan is not a Medicare or Medicaid beneficiary.**

22. A copy of all Medicare or Medicaid documents relating to Rylie Sloan, if any.

**ANSWER: Objection. Plaintiff objects as this Request is not reasonably calculated to lead to the discovery of admissible evidence as it violates the collateral source doctrine. Notwithstanding, Rylie Sloan was not a Medicare or Medicaid beneficiary.**

23. A copy of all Medicare or Medicaid documents relating to Jamie Sloan.

**ANSWER: Objection. Plaintiff objects as this Request is not reasonably calculated to lead to the discovery of admissible evidence as it violates the collateral source doctrine. Notwithstanding, Jamie Sloan was not a Medicare or Medicaid beneficiary.**

24. An authorization for the release of Kyle Sloan's social security records. This request may be satisfied by executing the attached authorization.

**ANSWER: Objection. Plaintiff objects as this Request is not reasonably calculated to lead to the discovery of admissible evidence as it violates the collateral source doctrine. Notwithstanding, Kyle Sloan is not a social security recipient.**

25. An authorization for the release of Rylie Sloan's social security records. This request may be satisfied by executing the attached authorization.

**ANSWER: Objection. Plaintiff objects as this Request is not reasonably calculated to lead to the discovery of admissible evidence as it violates the collateral source doctrine. Notwithstanding, Rylie Sloan was not a social security recipient.**

26. An authorization for the release of Jamie Sloan's social security records. This request may be satisfied by executing the attached authorization.

**ANSWER: Objection. Plaintiff objects as this Request is not reasonably calculated to lead to the discovery of admissible evidence as it violates the collateral source doctrine. Notwithstanding, Jamie Sloan was not a social security recipient.**

27. All documents or physical records you consider to be evidence of any Defendant Mayflower's alleged negligence.

**ANSWER: See Plaintiffs' Response to RFP #1 and the documents filed with the Court or otherwise produced in discovery. Plaintiff reserves the right to supplement and/or amend this response, as additional and/or**

**relevant information becomes available, in accordance with the Court's scheduling Order.**

28. Each and every document, letter, record or other material provided by present employees, former employees, present independent contractors and/or former independent contractors of Defendant Mayflower relating to any allegation relevant to this case.

**ANSWER: See Plaintiffs' Response to RFP #1. Plaintiff reserves the right to supplement and/or amend this response, as additional and/or relevant information becomes available, in accordance with the Court's scheduling Order.**

Respectfully Submitted,



Charles J. Hodge
Admitted Pro Hac Vice
T. Ryan Langley
Georgia State Bar No.: 692386
HODGE & LANGLEY
229 Magnolia Street
P.O. Box 2765
Spartanburg, SC 29306
Tel: (864) 585-3873
Fax: (864) 585-6485
CHodge@hodgelawfirm.com
Rlangley@hodgelawfirm.com

**Joseph R. Padgett**
Georgia State Bar No.: 872672
RODEN LAW
333 Commercial Drive
Savannah, GA 31406
(912) 303-5850 (p)
(912) 303-5851 (f)
JPadgett@rodenlaw.com

DATED: 13th day of February 2024.

Spartanburg, South Carolina