**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| KYLE SLOAN, Individually; and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan; KYLE SLOAN as Surviving Spouse of Jamie Sloan; KYLE SLOAN as Surviving Parent of Rylie Sloan; and SUSAN WEST, Individually; and as the next friend and natural guardian of K.W., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>NICHOLAS BURIST; LOCKE RELOCATIONS LLC; NATIONAL INDEMNITY COMPANY; MAYFLOWER TRANSIT LLC; JOE MOHOLLAND, INC.; WESCO INSURANCE COMPANY; AND XYZ COMPANIES 1-3,<br><br>Defendants. | CASE NO. 2:22-cv-00076-LGW |

**PLAINTIFF'S RESPONSES TO DEFENDANT MAYFLOWER'S INTERROGATORIES AND REQUEST FOR PRODUCTION.**

1. State your full name, phone number, and current residence address.

**ANSWER: Kyle Gregory Sloan 864-303-1814 588 Kilgore Bridge Rd, Woodruff, SC 29388**

2. Were you married to JAMIE SLOAN, and if so for how long, and in what state/county were you married?

**ANSWER: 17 years, 11 months and 7 days**

3. Are you currently employed? IF you are not currently employed please provide the identity of your most recent employer.

**ANSWER: Plaintiff is not currently employed. Plaintiff's most recent employer was Redsail Technologies LLC**

4. For any employers listed in response to Interrogatory #3, please state:

(a) When you were first so employed;

(b) The name and address of your employer; Redsail Technologies, LLC

(c) The nature of your employment;

(d) Your hours;

(e) Your wages;

(f) Whether your position was of a temporary or permanent nature; and

(g) Whether your position was part-time or full-time

**. (a) August 1, 2004**

**(B) Redsail Technologies (Formerly QS/1 Data Systems). 201 W St John St, Spartanburg, SC 29306**

**(C) Robotics, Customer Support, Hardware**

**(D) Full-time, 8-5 but worked a lot of off hours too**

**(E) Around $65,000**

**(F) Permanent**

**(G) Full-time**

5. If you are not currently working, please describe any steps you have taken to seek employment, including the identities of any individuals or corporations from whom you have sought employment.

**ANSWER: Plaintiff is not currently working. He has not sought employment.**

6. Was the decedent, Jamie Sloan, suffering from any physical infirmity, disability, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability or sickness?

**ANSWER: Plaintiff Jamie Sloan was not suffering from any physical infirmity, disability or sickness at the time of the collision.**

7. State in detail those household and marital services which your spouse performed which you claim were lost following the incident

**ANSWER: Jamie was a hard worker. She was a financial provider to the family. She was also a huge integral part of the family at home, including but not limited to, doing dishes, laundry, helping cut grass, and other general cleaning. She was also a loving supporter of Plaintiff's daughters and their extracurricular activities.**

8. State specifically the amount of actual damages associates with each of the services performed by your spouse for which replacement or compensation is required.

**ANSWER: See attached experts reports.**

9. Describe in detail your spouse's character and disposition before the incident.

**ANSWER: Jamie's character was remarkable. Jamie was a hard worker, loving mother, friend, and wife. Jamie was the epitome of God, family, and church; she sang in the choir, worked with youth, and in the nursery.**

**Jamie's main work office was open Mon-Thurs. She worked for another office on Fridays not affiliated with her full-time position. She most recently started a new full-time job at a new office so that she could be closer to their daughter's athletic events and school. She was at her previous full-time office for 20 years.**

10. Was Ms. Jamie Sloan employed at the time of the subject collision? If so, please identify her employer by name.

**ANSWER: Ms. Sloan was employed at the time of the collision. Her employer was Jim Nasim DMD, B. Holland Satterfield Jr. DMD**

11. For any employers identified in Interrogatory #11, for Ms. Sloan, please provide the following:

(a) When she was first so employed;

(b) The name and address of her employer;

(c) The nature of her employment;

(d) her hours;

(e) her wages; $38.00/hr

(f) Whether her position was of a temporary or permanent nature; and Position

(g) Whether her position was part-time or full-time?

ANSWER:

- **a. Plaintiff does not recall.**
- **b. B. Holland Satterfield, Jr. DMD 125 Powell Mill Rd Spartanburg SC 29301 Crowns Family Dentistry**
- **c. dental hygienist**
- **d. 8:30-5**
- **e. $38.00/hr**
- **f. Permanent**
- **g. Full time**

12. If you contend that you are unable to work or maintain employment, please provide any facts or information in support of that contention.

**ANSWER: Please see the expert reports that were previously provided.**

13. Please describe your employment and income history from 2010 until the present. This interrogatory seeks the name and contact information of any employers, your hourly wage, your gross annual income, and a description of your specific job duties.

**ANSWER: See attached income taxes from 2017- 2022**

14. Please describe the employment and income history from 2010 until the present of Ms. Jamie Sloan. This interrogatory seeks the name and contact information of any employers, her hour wage, her gross annual income, and a description of her specific job duties.

**ANSWER: See response to interrogatory number 13.**

15. Please identify and describe any benefits you claim to have lost as an inability to work, this would include the following:

(a) 401(k) or 403(b) account documentation highlighting applicable employer contributions;

(b) Any health, dental, vision, life, or other applicable insurance plans you previously held, or had access to as a condition of employment that you have now lost.

**ANSWER:**

**(A) 401k with employer benefits. Responding further, Plaintiff is not in possession of.**

**(B) Health, vision, life insurance plus short term and long term disability. Responding further, Plaintiff is not in possession of.**

16. Please identify and describe any benefits you claim to have lost as a result of the death of Ms. Jamie Sloan, this would include the following:

(a) 401(k) or 403(b) account documentation highlighting applicable employer contributions;

(b) Any health, dental, vision, life or other applicable insurance plans you held or had access to as a condition of Ms. Jamie Sloan's employment, but have now lost.

**ANSWER**: **Dental and a cancer policy.**

17. Have you received any death benefits on behalf of Ms. Jamie Sloan, or Rylie Sloan? This would include:

(a) Any life insurance, disability insurance, or similar such policy payments applicable to the loss of Ms. Jamie Sloan or Rylie Sloan.

(b) Any SSA Death Benefits based on the death of Ms. Jamie Sloan.

**ANSWER:**

**(a) Yes**

**(b) No**

18. If you contend that you are unable to work, are you currently receiving social security disability benefits as a source of income?

(a) If so, please identify the basis for your disability;

(b) The date of application, and approval.

**ANSWER: Yes. See attached reward.**

19. Please provide an updated, itemized, accounting of all special damages you claim to have suffered as a result of this incident, including all medical expenses.

**ANSWER: See attached all relevant, non-privileged, medical records, bills, police report and photos in Plaintiff's possession.**

20. Please identify and describe all medical damages you claim to have suffered as a result of the subject collision, including providers, dates of treatment, any diagnosis, or other conditions you claim to have incurred as a result of the subject incident.

**ANSWER: See attached all relevant, non-privileged, medical records, bills, police report and photos in Plaintiff's possession.**

21. Please identify any damages experts you anticipate calling to testify as a witness at a trial on this matter.

**ANSWER:**

**Cynthia Grimley & Associates LLC-Rehabilitation Management/Vocational Expert (Lexington, SC)**

**Kim A. Collins, MD, FCAP Forensic Pathologist (Wadmalaw Island, SC)**

**Todd Morton, Ph.D., Psychological Services - (Waynesville, NC)**

**Charles Alford, Ph.D. — Economist (Greenville, SC)**

**Dr. Oliver G. Wood, Jr. – Economist (Columbia, SC)**

**Rebecca Bailey, RN, CNLCP, CLCP, LCP-C, - Life Care Planning — (Spartanburg, SC)**

**Elizabeth Fisher — Forensic Toxicologist (Pooler, GA)**

**Michael Ruff — Forensic Toxicologist (Pooler, GA)**

**Erin Schultz — Forensic Chemist (Pooler, GA)**

**Dr. Quddus-Bon Secours Hematology and Oncology**

**Dr. Falcon-Carolina Hand Center**

**Liz Cain-Emerge**

**Dr. Andrew Bachinskas-Ortho Spine & Surgery**

**Dr. Whitehead and Dr. Hudson- ProActive MD**

**Dr. Misty Petras-Wellford Family Medicine**

22. For any experts identified in response to #22, please identify their:

(a) Opinions and the scope of their testimony;

(b) The facts, information, or other materials relied upon to support their testimony,

(c) Their testimony history,

(d) Their CV/Resume,

(e) Their written report pertinent to this case,

(f) Their compensation schedule for any testimony or reporting connected to this case.

**ANSWER: See attached reports and Resumes.**

**Requests for Production of Documents**

1. Please produce your tax returns, W-2 forms, and or 1099 forms for the 10 years preceding the subject collision.

**ANSWER: See attached income taxes from 2017- 2022**

2. Please produce tax returns, W-2 forms, and or 1099 forms for Ms. Jamie Sloan for the 10 years preceding the subject collision.

**ANSWER: See attached income taxes from 2017- 2022**

3. Please produce any employment records for yourself, including payment records, job descriptions, job applications, CVs, Resumes, or other responsive materials that would indicate or highlight your employment or income history from 2010 until the present.

**ANSWER: Plaintiff is not in possession of these documents, but consents to Defendant sending a subpoena for the same.**

4. Please produce any employment records for Ms. Jamie Sloan, including payment records, job descriptions, job applications, CVs, Resumes, or other responsive materials that would indicate or highlight her employment or income history from 2010 until the present.

**ANSWER: Plaintiff is not in possession of these documents, but consents to Defendant sending a subpoena for the same.**

5. If you are, or were at the time of the subject collision, a member of a labor union, or are subject any sort of collective bargaining agreement, please provide:

a. The applicable collective bargaining agreement;

b. Wages and benefits schedules for a minimum of 5 years prior to the date of the incident;

c. Pension Plan Summary;

d. Pension Plan statement reflecting years of service and hours worked, as well as any pension credits.

**ANSWER: No. Responding further, see Charles Alford's economic report.**

6. If Ms. Jamie Sloan was, at the time of the subject collision, a member of a labor union, or was subject to any sort of collective bargaining agreement, please provide:

a. The applicable collective bargaining agreement;

b. Wages and benefits schedules for a minimum of 5 years prior to the date of the incident;

c. Pension Plan summary;

d. Pension Plan statement reflecting years of service and hours worked, as well as any pension credits.

**ANSWER: No. Responding further, see Charles Alford's economic report.**

7. Please provide any documents which show, outline, or identify any benefits you claim to have lost as an inability to work, this would include the following:

a. 401(k) or 403(b) account documentation highlighting applicable employer contributions;

b. Any health, dental, vision, life, or other applicable insurance plans you previously held, or had access to as a condition of employment that you have now lost.

**ANSWER: Plaintiff is not in possession of these documents, but consents to Defendant sending a subpoena for the same.**

8. Please produce any documents which outline, show, or display any materials responsive to interrogatory #18.

**ANSWER: Plaintiff is not in possession of these documents, but consents to Defendant sending a subpoena for the same.**

9. Please produce any documents which outline, show, or display any materials responsive to interrogatory #20.

**ANSWER: Plaintiff is not in possession of these documents, but consents to Defendant sending a subpoena for the same.**

10. Please produce any documents which outline, show, or display any materials responsive to interrogatory #21.

**ANSWER: Plaintiff is not in possession of these documents, but consents to Defendant sending a subpoena for the same.**

11. If you are receiving social security disability benefits, please provide your application for said benefits and any documents used to support your application.

**ANSWER: Plaintiff is not in possession of these documents, but consents to Defendant sending a subpoena for the same. Furthermore, see Plaintiff's Answer to Interrogatory No. 18.**

12. For any experts identified in response to Interrogatory #22, please produce the following:

a. A copy of their written report,

b. Their CV/resume,

c. Their compensation schedule for any testimony or reporting connecting to this case,

d. Their testimony history,

e. Their compensation schedule or Fee agreement,

f. A copy of any checks or invoices for payment submitted from these experts,

g. Any written communications between the office of Plaintiff's counsel and the expert.

h. The name, case number, and any contractual arrangement for expert services provided by this expert in connection with the Plaintiffs' law firm in this action, for the past 10 years.

**ANSWER: See Plaintiff's previous production of these documents.**

13. Please produce any documents, photos, demonstrative aids, or videos you anticipate showing to the jury which outline or identify Mr. Sloan's damages, this request includes any produced materials such as a "day in the life video" or other responsive materials.

**ANSWER: Plaintiff reserves the right to supplement this response up until the date of trial; however, see the documents and videos which have been previously produced.**

Respectfully Submitted,

**Charles J. Hodge**
Admitted Pro Hac Vice
951 E. Main Street, Ste A
Spartanburg, SC 29302
(864) 585-3873
Fx (864) 585-6485
CHodge@hodgelawfirm.com
**T. Ryan Langley**
Georgia State Bar No.: 692386
LANGLEY LAW FIRM
229 Magnolia Street
Spartanburg, SC 29306
Tel: (864) 777-8184
Ryan@langleylawfirm.com
**Joseph R. Padgett**
Georgia State Bar No.: 872672
Hamilton Padgett Law
13 St. Andrews Court
Brunswick, GA 31520
joseph@hamiltonpadgettlaw.com

August 24, 2026