**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

KYLE SLOAN, Individually; and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan; KYLE SLOAN as Surviving Spouse of Jamie Sloan; KYLE SLOAN as Surviving Parent of Rylie Sloan; and SUSAN WEST, Individually and as the next friend and natural guardian of K.W., a minor,

Plaintiffs,

v.

NICHOLAS BURIST; LOCKE RELOCATIONS, LLC; MAYFLOWER TRANSIT, LLC; JOE MOHOLLAND, INC.; and XYZ COMPANIES 1-3,

Defendants.

CIVIL ACTION

FILE NO.: 2:22-cv-00076-LGW

**DEFENDANT JOE MOHOLLAND, INC.'S REQUESTS TO CHARGE**

Defendant Joe Moholland, Inc. ("Moholland") respectfully requests that the Court give the following Preliminary Instructions to the jury before opening statements, numbered 1 through 4, and the following charges to the jury after closing arguments, numbered 5 through 20. Moholland reserves the right to withdraw, amend, or supplement these requests in light of the evidence at trial, the Court's rulings, and the requests of other parties. *See* Fed. R. Civ. P. 51.

## DEFENDANT'S REQUEST TO CHARGE NO. 1

### Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.
- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.
- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 1.4.

## DEFENDANT'S REQUEST TO CHARGE NO. 2

**Rules of Evidence**

The object of all legal investigation is the discovery of truth, and rules of evidence are designed with that one prominent purpose in mind. During the course of this trial there may be objections made by the lawyers and rulings made by the court. These objections and rulings will involve the technical rules of evidence, and you should draw no inferences and make no assumptions from either the lawyer's objections or the court's rulings. Evidence that is not admitted because of an objection or other reason shall not be considered by you.

Georgia Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 00.070 (July 2025).

**<u>DEFENDANT'S REQUEST TO CHARGE NO. 3</u>**

**Trial Procedure**

The procedure used in a civil trial is generally as follows:

First, the attorney for each side has the opportunity to address you in what is called an opening statement. This opening statement itself is not evidence. Remember that what the lawyers say is not evidence but rather is a preview or outline of what they expect the evidence to be. Since the plaintiff has the burden of proof, the plaintiff goes first.

Following the opening statements, the plaintiff presents evidence; that is, the plaintiff calls witnesses and introduces any exhibits. The defendant has the right to cross-examine these witnesses. When the plaintiff has presented all of his/her evidence, the plaintiff will rest his/her case.

The defendant then has the opportunity to present his/her case, which means that the defendant then calls witnesses and introduces exhibits. The plaintiff has the right to cross-examine the defendant's witnesses.

After all of the evidence has been presented, the attorneys have the opportunity to make what is called a closing argument or a summation. At that time, the attorneys will attempt to point out to you certain parts of the evidence that they think are favorable to their position and try to persuade you to decide the case in their favor. Both sides have the opportunity to make this closing argument.

Following the closing arguments, I will charge you more specifically on the law directly applicable to this case. I will then ask you to retire to the jury room to deliberate and reach your verdict.

Please remember during the course of this trial to listen carefully to all of the evidence. Do not jump to conclusions before all of the evidence is presented. Also, please remember that during the course of this trial, it would be improper for you to discuss this case with anyone or to allow anyone to discuss the case with you or in your presence or hearing. You cannot discuss the case with each other in the jury room or elsewhere before actual deliberations begin, and then only in the presence of all twelve of you.

Georgia Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 00.080 (July 2025).

## DEFENDANT'S REQUEST TO CHARGE NO. 4

**Concluding Remarks**

I instruct you, ladies and gentlemen, that you must decide this case for yourself solely on the testimony you hear from the witness stand and the exhibits admitted into evidence. You may not visit any scenes depicted by the evidence. You may not utilize any books or documents not in evidence during your deliberations. You may not read or listen to any accounts of the trial that might appear in the news media. You may not discuss this case with anyone, including your fellow jurors, until the court authorizes you to do so.

That concludes my preliminary instructions, and we are now ready for the lawyers to give their opening statements.

Georgia Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 00.100 (July 2025).

**<u>DEFENDANT'S REQUEST TO CHARGE NO. 5</u>**

**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 2.2.

## DEFENDANT'S REQUEST TO CHARGE NO. 6

### The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 3.2.2.

**DEFENDANT'S REQUEST TO CHARGE NO. 7**

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 3.3.

## DEFENDANT'S REQUEST TO CHARGE NO. 8

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 3.4.

# DEFENDANT'S REQUEST TO CHARGE NO. 9

## Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 3.6.1.

## DEFENDANT'S REQUEST TO CHARGE NO. 10

**Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of the [Plaintiff] [party bringing any claim] to prove every essential part of [his/her/its] claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that [the Plaintiff's] [the party's] claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the [Plaintiff] [party making that claim or contention].

[When more than one claim is involved, you should consider each claim separately.]

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of [the Plaintiff's] [a party's] claim[s] by a preponderance of the evidence, you should find for the [Defendant] [Counter-Defendant, Cross-Claim Defendant] as to that claim.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 3.7.1.

# DEFENDANT'S REQUEST TO CHARGE NO. 11

## Responsibility for Proof – Affirmative Defense – Preponderance of the Evidence

In this case, the Defendant asserts the affirmative defense[s] of [__________]. Even if the Plaintiff proves [his/her/its] claim[s] by a preponderance of the evidence, the Defendant can prevail in this case if [he/she/it] proves an affirmative defense by a preponderance of the evidence.

[When more than one affirmative defense is involved, you should consider each one separately.]

I caution you that the Defendant does not have to disprove the Plaintiff's claim[s], but if the Defendant raises an affirmative defense, the only way [he/she/it] can prevail on that specific defense is if [he/she/it] proves that defense by a preponderance of the evidence.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 3.7.2.

**DEFENDANT'S REQUEST TO CHARGE NO. 12**

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 3.8.1.

## DEFENDANT'S REQUEST TO CHARGE NO. 13

**Torts; Ordinary Negligence (Ordinary Diligence)**

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

Georgia Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 60.010 (Jan. 2025); O.C.G.A. § 51-1-2.

**<u>DEFENDANT'S REQUEST TO CHARGE NO. 14</u>**

**Agency; Creation**

The relationship of principal and agent arises whenever one person – the principal – expressly or implicitly authorizes another – the agent – to act for the principal or later approves the acts of another performed on the principal's behalf.

(Use the following when either the plaintiff or the defendant is a corporation.)

A business entity such as a corporation, like __________, is regarded as a person in this instance.

Georgia Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 06.010 (Jan. 2025); O.C.G.A. §§ 10-6-1, 1-3-3(14).

**DEFENDANT'S REQUEST TO CHARGE NO. 15**

**Agency; Proof of**

Before one can be bound by the acts of another who assumes representation of him/her, proof of agency must be shown.

Agency, as well as authority of an agent, may be established by proof of contract creating agency or by the principal's conduct and course of dealings.

If one should hold out another as one's agent and by one's course of dealings reasonably indicate that such person has certain authority, the one dealing with the agent would be protected to the extent of the authority reasonably deducible from the conduct of the parties.

You must determine the issue of agency in the light of all the facts and circumstances of the case.

Georgia Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 06.040 (Jan. 2025); O.C.G.A. §§ 10-6-1, 10-6-50.

**DEFENDANT'S REQUEST TO CHARGE NO. 16**

**Torts; Proximate Cause; Definition**

Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. [It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.] (Use the bracketed part if there is evidence of a concurring or contributing cause to the injury or death.)

Georgia Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 60.200 (Jan. 2025); O.C.G.A. §§ 51-12-3, 51-12-8, 51-12-9.

## DEFENDANT'S REQUEST TO CHARGE NO. 17

### Tort Damages; Preliminary Instructions

Damages are given as pay or compensation for injury done.

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

Georgia Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 66.001; O.C.G.A. §§ 51-12-4, 51-12-9.

**DEFENDANT'S REQUEST TO CHARGE NO. 18**

**Tort Damages; Life Expectancy; Generally**

You may determine the life expectancy of a person when the person's age is shown without any other direct evidence on the subject. In deciding this matter, you are also entitled to consider the evidence pertaining to the person's health, habits, surroundings, and method of living.

Georgia Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 66.301; *Davis v. Whitcomb*, 30 Ga. App. 497(16) (1923).

## DEFENDANT'S REQUEST TO CHARGE NO. 19

### Tort Damages; Life Expectancy; Full Value of Life

The full value of the life of the deceased, as shown by the evidence, is the full value of the life of the deceased without deduction for necessary or other personal expenses of the deceased if that person had lived.

You should consider the gross sum that the deceased would have earned to the end of life had the deceased not been killed, reduced to its present cash value in determining the amount of the full value of the life of the deceased. The full value of the life of the deceased is not limited to the amount of money that could have or would have been earned had the deceased not been killed.

Georgia Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 66.304 (rev. July 2025); O.C.G.A. § 51-4-1.

**<u>DEFENDANT'S REQUEST TO CHARGE NO. 20</u>**

**Tort Damages; Pain and Suffering; Generally; Mental; Future**

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the plaintiff has suffered or will suffer are for you to decide.

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

In evaluating the plaintiff's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; loss of capacity to labor and earn money; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which the plaintiff must limit activities.

Georgia Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 66.501 (July 2026).

Respectfully submitted, this 6th day of October, 2026.

**MCMICKLE, KUREY & BRANCH, LLP**

/s/ *Matthew R. Sessions*
SCOTT W. MCMICKLE
Georgia Bar No. 497779
MATTHEW R. SESSIONS
Georgia Bar No. 899806
***Attorneys for Defendant Joe Moholland, Inc.***

217 Roswell Street, Suite 200
Alpharetta, Georgia 30009
Telephone: (678) 824-7800
swm@mkblawfirm.com
msessions@mkblawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing **DEFENDANT JOE MOHOLLAND, INC.'S REQUESTS TO CHARGE** upon the following counsel of record via the Court's CM/ECF Filing System on this 6th day of October, 2026:

Charles J. Hodge, Esq.
Hodge Law Firm
951 East Main Street
Spartanburg, SC 29302
***Attorneys for Plaintiff***
***Kyle Sloan***

Joseph R. Padgett, Esq.
Roden Law
333 Commercial Drive
Savannah, GA 31406
***Attorneys for Plaintiff***
***Kyle Sloan***

T. Ryan Langley, Esq.
Matthew T. Foss, Esq.
Langley Law Firm
229 Magnolia Street
Spartanburg, SC 29306
***Attorneys for Plaintiff***
***Kyle Sloan***

John Hilliard Burton, Esq.
Grant Smith, Esq.
Heaven Begum, Esq.
Weinberg, Wheeler, Hudgins, Gunn & Dial
3344 Peachtree Rd., NE, Ste. 2400
Atlanta, GA 30326
***Attorney for Defendant***
***Nicholas Burist***

Joseph J. Steffen, Jr., Esq.
Brandy Scott Mai, Esq.
The Law Offices of Joseph J. Steffen, Jr.
223 W. York Street
Savannah, GA 31401
***Attorneys for Plaintiff***
***Susan West***

Todd R. Ehrenreich, Esq.
Jeffrey Robert Geldens, Esq.
Michael Fogarty, Esq.
Lewis, Brisbois, Bisgaard & Smith
2 Alhambra Plaza, Suite 1110
Coral Gables, FL 33134
***Attorneys for Defendant***
***Mayflower Transit, LLC***

C. Hansell Watt, IV, Esq.
James L. Elliott, Esq.
Elliott Blackburn, PC
3016 N. Patterson Street
Valdosta, GA 31602
***Attorney for Defendant Locke Relocations, LLC***

Stephen K. McDonald, Esq.
Lewis Brisbois Bisgaard & Smith LLP
Bank of America Plaza
600 Peachtree Street, NE, Ste. 4700
Atlanta, GA 30308
***Attorney for Defendant Mayflower Transit, LLC***

*/s/ Matthew R. Sessions*
MATTHEW R. SESSIONS
For the Firm