**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| KYLE SLOAN, Individually, and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan; KYLE SLOAN as Surviving Spouse of Jamie Sloan; KYLE SLOAN as Surviving Parent of Rylie Sloan, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 2:22-cv-0076-LGW-BWC |
| NICHOLAS BURIST; MAYFLOWER TRANSIT LLC; JOE MOHOLLAND INC.; LOCKE RELOCATIONS, LLC; AND XYZ COMPANIES 1–3, | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS JOE MOHALLOND INC., LOCKE RELOCATIONS, LLC, AND XYZ COMPANIES 1–3 WITH PREJUDICE, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Kyle Sloan, individually, as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan, as Surviving Spouse of Jamie Sloan, and as Surviving Parent of Rylie Sloan ("Plaintiff"), moves under Federal Rule of Civil Procedure 41(a)(2) for an order dismissing **with prejudice** Defendants Joe Moholland Inc. ("JMM"), Locke Relocations, LLC ("Locke"), and XYZ Companies 1–3 (collectively, the "Dismissed Defendants"). Defendants JMM and Locke consent. Defendants Burist and Mayflower have not responded to Plaintif's request

to file a joint consent stipulation of dismissal of less than all parties. Plaintiff's claims against Burist and Mayflower are not affected and will proceed to trial.

## I. BACKGROUND

This action arises from the July 1, 2022 collision on I-95 in Camden County, Georgia, involving a tractor-trailer driven by Defendant Burist. Dkt. No. 354 at 3, 5. Burist drove for JMM through Locke, which supplied drivers and equipment to JMM. *Id.* at 4–5. At the time of the collision, the truck displayed Mayflower's name and DOT number and carried a Mayflower-issued license plate, IFTA sticker, and cab card identifying Mayflower as the motor carrier for safety. *Id.* at 8–9. On August 27, 2025, the Court denied Mayflower's motion for summary judgment, holding that a genuine dispute of material fact exists as to whether JMM was acting as Mayflower's agent at the time of the collision. *Id.* at 22.

Plaintiff claims as to JMM and Locke are resolved. XYZ Companies 1–3 are fictitiously named defendants who have never been identified, served, or appeared. No party has asserted a counterclaim or crossclaim in this action.

On October 14, 2026, Plaintiff circulated to all parties a Consent Stipulation of Dismissal With Prejudice under Rule 41(a)(1)(A)(ii) Counsel for JMM and Locke agreed to sign it. Mayflower and Burist have not responded. Because a stipulation under Rule 41(a)(1)(A)(ii) must be "signed by all parties who have appeared," Plaintiff now seeks the same dismissal by court order under Rule 41(a)(2).

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Rule 41(a)(2) authorizes dismissal of all claims against particular defendants.

Rule 41(a)(2) provides that, except as provided in Rule 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Although Rule 41(a) cannot be used to dismiss individual claims, the Eleventh Circuit "has recognized that Rule 41(a) allows a district court to dismiss all claims against a particular defendant," because "in a multi-defendant lawsuit, an 'action' can refer to all the claims against one party." *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 n.2 (11th Cir. 2023); *see also City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1036 (11th Cir. 2023). Where, as here, a party who has appeared will not sign a stipulation, the plaintiff may seek dismissal by court order under Rule 41(a)(2).

This motion seeks dismissal of **every** claim Plaintiff has asserted, in every capacity, against each Dismissed Defendant. It is therefore a proper Rule 41(a) dismissal of the "action" as to those defendants.

### B. A Rule 41(a)(2) dismissal should be granted absent clear legal prejudice.

"A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). In exercising that discretion, "a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than

the mere prospect of a second lawsuit." *Id.* The crucial question to be determined is, would the defendant lose any substantial right by the dismissal. The Court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Arias*, 776 F.3d at 1269 (quotation omitted).

### C. Mayflower will lose no substantial right.

Mayflower is not a Dismissed Defendant, and nothing in the requested dismissal alters Plaintiff's claims against it or any defense available to it. Mayflower cannot show clear legal prejudice.

**First, Mayflower and Burist retain their full right to have the jury consider the fault of JMM and Locke.** Under Georgia's apportionment statute, "the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit." O.C.G.A. § 51-12-33(c). And "[n]egligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty." O.C.G.A. § 51-12-33(d)(1). Because Plaintiff has resolved his claims with JMM and Locke, their fault will be considered by the jury without any further action by Mayflower or Burist. Any argument Mayflower or Burist wishes to make about the conduct of JMM or Locke remains available to it at trial.

**Second, the dismissal does not affect any claim Mayflower or Burist may have against JMM or Locke.** Neither Mayflower nor Burist have asserted crossclaims against either of them in this action. The requested dismissal extends only to Plaintiff's claims; it does not adjudicate, release, or impair any claim between defendants. Moreover, damages apportioned under Georgia law "shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution." O.C.G.A. § 51-12-33(b). Keeping JMM and Locke in the case as Plaintiff's adversaries is not necessary to protect any right Mayflower or Burist holds.

**Third, the dismissal is with prejudice.** Plaintiff's claims against the Dismissed Defendants will be finally resolved, so there is no prospect of further litigation of those claims. A dismissal that narrows the parties and issues for trial does not cause Mayflower or Burist to lose any substantial right. At most, Mayflower or Burist may prefer, as a matter of trial strategy, that its codefendants remain in the case. That preference is not a substantial right, particularly where Georgia law independently guarantees that the codefendants' fault will be before the jury. Finally, the dismissal applies only to this action.

**D. The equities favor dismissal.**

Every other party to this action, save for Burist and Mayflower, consents to the dismissal. The dismissal removes three defendants (two of them fictitious) from

the trial, and simplifies the issues the jury must decide, conserving the resources of the Court and the parties. Plaintiff asks for no relief against Mayflower or Burist in this motion. Mayflower and Burist still retain the right to have those parties' fault considered under O.C.G.A. § 51-12-33.

**E. Proposed terms of dismissal.**

Rule 41(a)(2) permits dismissal "on terms that the court considers proper." Plaintiff requests that the dismissal order provide that: (1) all claims asserted by Plaintiff, in every capacity, against the Dismissed Defendants are dismissed with prejudice; (2) each party shall bear its own attorneys' fees and costs as to the dismissed claims; (3) the dismissal does not adjudicate, release, or otherwise affect Plaintiff's claims against Defendants Nicholas Burist and Mayflower Transit LLC, which remain pending; and (4) the dismissal applies only to Civil Action No. 2:22-cv-76-LGW-BWC.

## III. CONCLUSION

Plaintiff respectfully requests that the Court grant this motion and enter an order dismissing with prejudice all of Plaintiff's claims against Defendants Joe Moholland Inc., Locke Relocations, LLC, and XYZ Companies 1–3, on the terms set out above, and directing the Clerk to terminate those Defendants as parties to Civil Action No. 2:22-cv-76-LGW-BWC.

Respectfully submitted this 14th day of October, 2026.

HODGE LAW FIRM, P.C.
P.O. Box 2765
Spartanburg, SC 29306
Tel: (864) 585-3873
Fax: (864) 585-6485

/s/ Charles J. Hodge
Charles J. Hodge
Admitted Pro Hac Vice
J. Camden Hodge
Admitted Pro Hac Vice
CHodge@hodgelawfirm.com
camden@hodgelawfirm.com
Attorneys for Plaintiffs

HAMILTON & PADGETT, LLC
13 St. Andrews Ct.
Brunswick, Georgia 31520
P: (912) 200-2727

/s/ Joseph R. Padgett
Joseph R. Padgett
Georgia Bar No. 872672
joseph@hamiltonpadgettlaw.com
Attorney for Plaintiffs

LANGLEY, STILL, AND FOSS LAW FIRM
229 Magnolia Street
Spartanburg, SC 29306
Tel: (864) 774-4662

/s/ T. Ryan Langley
T. Ryan Langley
Georgia State Bar No.: 692386
Matthew T. Foss
Admitted Pro Hac Vice
Ryan@thelangleylawfirm.com
Matt@thelangleylawfirm.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all counsel of record.

/s/ Charles J. Hodge
Charles J. Hodge
Admitted Pro Hac Vice
J. Camden Hodge
Admitted Pro Hac Vice
CHodge@hodgelawfirm.com
camden@hodgelawfirm.com
Attorneys for Plaintiffs