IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KYLE SLOAN, INDIVIDUALLY; AND AS PERSONAL REPRESENTATIVE OF THE ESTATES OF RYLIE SLOAN AND JAMIE SLOAN; KYLE SLOAN AS SURVIVING SPOUSE OF JAMIE SLOAN; KYLE SLOAN AS SURVIVING PARENT OF RYLIE SLOAN; AND SUSAN WEST, INDIVIDUALLY; AND AS THE NEXT FRIEND AND NATURAL GUARDIAN OF K.W., A MINOR,

Plaintiffs,

v.

NICHOLAS BURIST; LOCKE RELOCATIONS, LLC; MAYFLOWER TRANSIT, LLC; JOE MOHOLLAND, INC.; PAYNE, INC. AND XYZ COMPANIES 1-3,

Defendants.

CIVIL ACTION FILE

NUMBER 2:22-cv-00076-LGW

**DEFENDANT NICHOLAS BURIST'S MOTION TO INCLUDE LOCKE RELOCATIONS LLC AND JOE MOHOLLAND, INC. ON THE VERDICT FORM FOR APPORTIONMENT OF FAULT AND MEMORANDUM OF LAW**

## I. INTRODUCTION

Defendant Nicholas Burist moves the Court for an order 1) directing that Locke Relocations, LLC ("Locke") and Joe Moholland, Inc. ("Moholland") be listed on the special verdict form so the jury may assess their percentage of fault under O.C.G.A. § 51-12-

33, regardless of whether they remain parties at trial, 2) directing that the jury be instructed to consider the fault of all persons and entities that contributed to Plaintiffs' alleged injuries and damages, and 3) excluding any reference to the existence, terms, or amounts of Plaintiffs' settlements with Locke and Moholland. In support, Burist shows the Court as follows:

**II. FACTS**

This wrongful death and personal injury civil action arises from a motor vehicle collision on July 1, 2022, involving a tractor-trailer operated by Burist. Plaintiffs sued Burist, Locke, Mayflower Transit LLC ("Mayflower"), and Moholland, and contend, among other things, that the tractor-trailer was operated under authority, credentials, and lease and agency arrangements involving Mayflower, Moholland, and others. First Am. Compl. (Doc. 10) ¶¶ 12–21, 28–31; Consolidated Pretrial Order (Doc. 435) ¶¶ 8, 13.

Plaintiffs entered into settlement agreements with Locke and Moholland, and the proposed Pretrial Order reflects that Plaintiffs, Locke, and Moholland have been in communication regarding their dismissal and that Plaintiffs anticipate amending their Complaint. Id. ¶¶ 3, 14, 21. Plaintiffs' contentions place the conduct of these entities squarely at issue, including alleged equipment defects such as exposed tire-ply or belt material, flat tires or audible air leaks, and inoperative, defective, or out-

of-service brakes (49 C.F.R. §§ 393.75(a)(1), 393.75(a)(3), 393.48(a), 396.3(a)(1)), as well as driver-qualification and leasing requirements (49 C.F.R. §§ 376.11, 376.12, 391.51). Id. ¶¶ 10, 11.

The record establishes each entity's operational role. Locke owned the tractor Burist was driving. Dep. of Angela Locke, Locke Rule 30(b)(6) Rep.("Locke Dep.") 121:20–122:1; Dep. of Rob Garr, Moholland Rule 30(b)(6) Rep. ("Garr Dep.") 13:1–2. Locke was responsible for maintaining the tractor, including its tires and brakes. Locke Dep. 24:17–25:6, 26:2–5. Locke hired Burist, assigned him the tractor, dispatched him, approved the passengers in the cab, and paid him. Dep. of Nicholas Burist ("Burist Dep.") 57:17–19, 80:23–81:6, 106:21–22, 280:14–15, 283:10–15, 286:20–22. Moholland, for its part, qualified and background-checked Locke's drivers and personnel, performed the DOT annual inspections on the tractor, and maintained inspection and maintenance records for equipment operated under its authority. Locke Dep. 23:1–20, 25:7–20, 27:9–15; Garr Dep. 106:3–11, 107:3–108:11. Moholland leased the trailer, booked the shipment, supplied the bill of lading and dispatch folder to Locke, and tracked the tractor by electronic logging device; the load moved under Moholland's operating authority, and Moholland was obligated to remove Mayflower's markings from the tractor. Garr Dep. 13:22–14:9, 15:9–18, 31:20–

25, 66:20–67:3, 69:3–12, 84:10–15, 184:20–185:2; Burist Dep. 143:19–20.

## III. ARGUMENT AND CITATION OF AUTHORITY

### A. Georgia's Apportionment Statute Governs This Diversity Action.

This Court sits in diversity under 28 U.S.C. § 1332 and applies Georgia substantive law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Georgia's apportionment statute, O.C.G.A. § 51-12-33, is substantive: it defines the extent of each defendant's liability for damages. Federal courts in Georgia accordingly apply § 51-12-33 in diversity actions, including in submitting nonparty fault to the jury.

### B. The Apportionment Statute Requires the Jury to Consider the Fault of Settling Nonparties.

Section 51-12-33(b) provides that, where an action is brought against one or more persons for injury to person or property, the trier of fact "shall . . . apportion its award of damages among the persons who are liable according to the percentage of fault of each person," and that damages so apportioned are "not . . . a joint liability among the persons liable." Section 51-12-33(c) further mandates that "the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit." The Supreme Court

of Georgia has confirmed that this mandatory language extends to nonparties. Zaldivar v. Prickett, 297 Ga. 589, 599 (2015); *see also* Couch v. Red Roof Inns, Inc., 291 Ga. 359, 729 S.E.2d 378 (2012).

The statute expressly identifies settling persons as nonparties whose fault must be considered. Under O.C.G.A. § 51-12-33(d)(1), "[n]egligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault." The statute is phrased in the disjunctive. Plaintiffs' settlements with Locke and Moholland therefore independently require that their fault be considered, without regard to the 120-day notice provision.

The result is the same whether Locke and Moholland are formally dismissed before trial or remain nominal parties. If they remain parties, § 51-12-33(b) requires apportionment among all liable persons. If the Court dismisses them, § 51-12-33(c) and (d)(1) require the jury to consider their fault as settling nonparties. Under § 51-12-33(f)(1), the assessment of a nonparty's fault is used only to determine the percentages of fault of the parties and does not subject the nonparty to liability in this action. Excluding Locke and Moholland from the verdict form would inflate the percentage of fault assigned to the remaining

defendants, contrary to the statute's mandate that each defendant answer only for its own share of fault.

### C. The Record Contains Evidence of Locke's and Moholland's Independent Fault.

A nonparty's fault may be submitted to the jury where there is some competent evidence that the nonparty breached a legal duty owed to the plaintiff that contributed to the injury. Zaldivar, 297 Ga. at 594-603. The evidentiary threshold is satisfied here. Plaintiffs themselves allege in the Pretrial Order the tractor-trailer suffered from tire and brake defects in violation of the Federal Motor Carrier Safety Regulations, and that driver-qualification, leasing, and marking requirements were not met. Pretrial Order, (Doc. 435) ¶¶ 10, 11. The evidence will show that Locke owned the tractor and was responsible for maintaining it, including its tires and brakes, and that Locke hired, assigned, dispatched, and paid Burist. Locke Dep. 24:17–26:5, 121:20–122:1; Garr Dep. 13:1–2. The evidence will further show that Moholland qualified Locke's drivers, performed the tractor's DOT annual inspections, leased the trailer, booked and dispatched the shipment, and had the load moving under its own operating authority. Locke Dep. 23:1–20, 25:7–20; Garr Dep. 13:22–14:9, 66:20–67:3, 69:3–12, 106:3–11, 107:3–108:11. Indeed, Moholland admits legal responsibility for Burist's negligence. Pretrial Order (Doc. 435) ¶¶ 9, 23. This is evidence of each entity's own

negligence, independent of any vicarious liability, from which a reasonable jury could find that each contributed to Plaintiffs' alleged damages.

### D. **The Settlements Themselves Should Not Be Disclosed to the Jury.**

Defendant Burist does not ask to put the fact or amount of the settlements into evidence. Federal Rule of Evidence 408 bars evidence of settlements offered to prove or disprove the validity or amount of a disputed claim, and Georgia's parallel statute, O.C.G.A. § 24-4-408, is very similar to Rule 408. The settlement amount is not relevant to the verdict: where damages are apportioned under § 51-12-33. The setoff provision of O.C.G.A. § 51-12-32 does not apply, and the jury's apportionment, not any credit for settlement proceeds, protects the non-settling defendants. McReynolds v. Krebs, 290 Ga. 850, 725 (2012). Accordingly, the jury should simply be instructed to consider the fault of all persons and entities who contributed to the alleged injuries, including Defendants Locke and Moholland, without reference to why they are not present at counsel table. Burist reserves the right to offer evidence of settlement for a purpose permitted by Rule 408(b), such as showing a witness's bias or prejudice, upon a proffer outside the presence of the jury.

**E. Proposed Verdict Form and Instruction.**

Plaintiffs' proposed special verdict form (Pretrial Order, Plaintiffs' Attachment C (Doc. 435-5)) should be modified to require the jury to state, in percentages totaling 100%, the fault, if any, of each of the following: Nicholas Burist, Locke Relocations LLC, Mayflower Transit LLC (to the extent Plaintiffs pursue any independent, non-vicarious fault), and Joe Moholland, Inc. Because Plaintiffs' claim against Mayflower is predicated in substantial part on vicarious liability for Burist's conduct, the verdict form should not combine Burist's fault with that of any other entity.

## IV. CONCLUSION

For the foregoing reasons, Defendant Nicholas Burist respectfully requests that the Court **GRANT** this Motion and enter an order: 1) requiring that Defendants Locke Relocations LLC and Joe Moholland, Inc. be included on the special verdict form for apportionment of fault pursuant to O.C.G.A. § 51-12-33, whether or not they remain parties at trial, 2) instructing the jury to consider the fault of all persons and entities who contributed to Plaintiffs' alleged injuries and damages, and 3) precluding any party, counsel, or witness from referring to the existence, terms, or amounts of Plaintiffs' settlements with Locke and Moholland absent prior leave of Court.

Defendant Burist attaches a proposed verdict form as Exhibit "A".

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

/s/ *Grant B. Smith*
GRANT B. SMITH, ESQ.
Georgia bar number 658345
Attorneys for Defendant Nicholas Burist

3344 Peachtree Road, N.E., Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
(404) 591-9626
Gbsmith@wwhgd.com
Rfisher@wwhgd.com

**CERTIFICATE OF SERVICE**

I electronically filed DEFENDANT NICHOLAS BURIST'S MOTION TO INCLUDE LOCKE RELOCATIONS LLC AND JOE MOHOLLAND, INC. ON THE VERDICT FORM FOR APPORTIONMENT OF FAULT AND MEMORANDUM OF LAW with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Charles Hodge, Esq.
Camden Hodge, Esq.
T. Ryan Langley, Esq.
Hodge & Langley Law Firm
229 Magnolia Street
Spartanburg, South Carolina 29306
chodge@hodgelawfirm.com
camden@hodgelawfirm.com

T. Ryan Langley, Esq.
Matthew T. Foss, Esq.
Langley Still & Foss
229 Magnolia Street
Spartanburg, South Carolina 29306
rlangley@hodgelawfirm.com
matt@lsflawfirm.com

Joseph Padgett, Esq.
Roden Law
333 Commercial Drive
Savannah, Georgia 31406
jpadgett@rodenlaw.com

James M. Elliott, Jr., Esq.
Charles Hansell Watt, IV, Esq.
Elliott, Blackburn & Gooding, P.C.
3016 North Patterson Street
Valdosta, Georgia 31602
jelliott@ebbglaw.com
hansellwatt@elliottblackburn.com

Todd R. Ehrenreich, Esq.
Jeffrey R. Geldens, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
2 Alhambra Plaza, Suite 1110
Coral Gables, Florida 33134
todd.ehrenreich@lewisbrisbois.com
jeffrey.geldens@lewisbrisbois.com

Brantley Cole Rowlen, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
24 Drayton Street, Third Floor
Savannah, Georgia 31401
brantley.rowlen@lewisbrisbois.com

Stephen K. McDonald, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
Bank of America Plaza
600 Peachtree St, NE, Suite 4700
Atlanta, Georgia 30308
Stephen.McDonald@lewisbrisbois.com

Scott W. McMickle, Esq.
Matthew R. Sessions, Esq.
McMickle, Kurey & Branch, LLP
217 Roswell Street, Suite 200
Alpharetta, Georgia 30009
swm@mkblawfirm.com
msessions@mkblawfirm.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

This 27th day of October, 2026.

/s/ *Grant B. Smith*
GRANT B. SMITH, ESQ.
For the Firm

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| KYLE SLOAN, INDIVIDUALLY; AND AS PERSONAL REPRESENTATIVE OF THE ESTATES OF RYLIE SLOAN AND JAMIE SLOAN; KYLE SLOAN AS SURVIVING SPOUSE OF JAMIE SLOAN; KYLE SLOAN AS SURVIVING PARENT OF RYLIE SLOAN; AND SUSAN WEST, INDIVIDUALLY; AND AS THE NEXT FRIEND AND NATURAL GUARDIAN OF K.W., A MINOR, | |
| Plaintiffs, | CIVIL ACTION FILE |
| v. | NUMBER 2:22-cv-00076-LGW |
| NICHOLAS BURIST; LOCKE RELOCATIONS, LLC; MAYFLOWER TRANSIT, LLC; JOE MOHOLLAND, INC.; PAYNE, INC. AND XYZ COMPANIES 1-3, | |
| Defendants. | |

**DEFENDANT NICHOLAS BURIST’S PROPOSED VERDICT FORM**

We, the jury, unanimously answer the questions submitted by the Court as follows. Answer each question in order and follow the instructions that accompany it. You must consider the fault, if any, of every person or entity listed below, whether or not that person or entity is a party to this case at trial. Do not speculate about why any person or entity is or is not a party.

**PART ONE: LIABILITY**

Do you find by a preponderance of the evidence that Defendant Nicholas Burist was negligent and that his negligence was a proximate cause of injury or damage to Plaintiffs?

YES _______ NO _______

Do you find by a preponderance of the evidence that Locke Relocations LLC was negligent and that its own negligence was a proximate cause of injury or damage to Plaintiffs?

YES _______ NO _______

Do you find by a preponderance of the evidence that Joe Moholland, Inc. was negligent and that its own negligence (separate from any conduct of Nicholas Burist) was a proximate cause of injury or damage to Plaintiffs?

YES _______ NO _______

Do you find by a preponderance of the evidence that Mayflower Transit LLC was itself negligent (separate from any conduct of

Nicholas Burist) and that its own negligence was a proximate cause of injury or damage to Plaintiffs?

YES ______ NO ______

Do you find by a preponderance of the evidence that, at the time of the collision, Nicholas Burist was acting as an agent or employee of Mayflower Transit LLC, or under its motor-carrier authority, such that Mayflower Transit LLC is legally responsible for his conduct?

YES ______ NO ______

*If you answered "NO" to Question 1 and "NO" to Question 4, stop here, sign and date this form, and notify the Court Security Officer. Otherwise, proceed to Part Two.*

**PART TWO: APPORTIONMENT OF FAULT**

*Answer this Part only for those persons or entities for which you answered "YES" in Questions 1 through 4. Enter "0" for any person or entity for which you answered "NO." Do not assign a separate percentage to Mayflower Transit LLC based on its responsibility, if any, for the conduct of Nicholas Burist under Question 5; include in Mayflower's percentage only fault you found under Question 4. The percentages must total 100%.*

State the percentage of fault, if any, that you attribute to each of the following:

Nicholas Burist ______ %

Locke Relocations LLC ______ %

Joe Moholland, Inc. ______ %

Mayflower Transit LLC (own fault) ______ %

TOTAL (must equal 100%) ______ %

**PART THREE: DAMAGES**

*State the total amount of damages, if any, proved by a preponderance of the evidence, without reduction for any percentage of fault. Do not include punitive damages. Do not consider any matter not in evidence.*

**Kyle Sloan, Individually**

Past medical expenses $ ______________

Future medical expenses $ ______________

Past and future lost earnings and benefits $ ______________

Loss of household services $ ______________

Past and future pain and suffering $ ______________

**Wrongful Death of Jamie Sloan (by Kyle Sloan, Surviving Spouse)**

Full value of the life of Jamie Sloan $ ______________

**Estate of Jamie Sloan (by Kyle Sloan, Personal Representative)**

Medical and funeral expenses $ ______________

Conscious pain and suffering, if any $ ______________

**Wrongful Death of Rylie Sloan (by Kyle Sloan, Surviving Parent)**

Full value of the life of Rylie Sloan $ ______________

**Estate of Rylie Sloan (by Kyle Sloan, Personal Representative)**

Medical and funeral expenses $ ______________

Conscious pain and suffering, if any $ ______________

TOTAL DAMAGES (A through E) $ ______________

SO SAY WE ALL, this ___ day of November, 2026.

______________________________
Foreperson

______________________________
Printed Name