**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| KYLE SLOAN, Individually, and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan; KYLE SLOAN as Surviving Spouse of Jamie Sloan; KYLE SLOAN as Surviving Parent of Rylie Sloan,<br><br>Plaintiffs,<br><br>v.<br><br>MAYFLOWER TRANSIT LLC; NICHOLAS BURIST,<br><br>Defendants. | CASE NO. 2:22-cv-0076-LGW-BWC |

**<u>PLAINTIFFS' ARGUMENT IN SUPPORT OF THEIR PROPOSED VERDICT FORM</u>**

Plaintiffs request that the Court use Plaintiffs' Proposed Verdict Form (Exhibit 1) rather than Defendant Mayflower's (Exhibit 2). The two forms track each other on Burist's negligence, damages, and apportionment. They differ on Question 2: how the jury decides whether Mayflower is responsible. Plaintiffs' Question 2 gives the jury the three independent grounds on which Mayflower can be liable, each answered on its own line: lease liability (Part A), agency (Part B), and liability under the Federal Motor Carrier Safety Regulations (Part C).

**1. Lease liability (Part A): the carrier is responsible independent of an agency finding**

A motor carrier that operates leased equipment under its authority must have "exclusive possession, control, and use of the equipment" and must "assume complete responsibility for the operation of the equipment." 49 C.F.R. § 376.12(c)(1). Under this statute, "the motor carrier is fully responsible to the public for the operation of its leased vehicles, regardless of whether the vehicles are used in the scope of the carrier's business," and the regulation imposes liability "regardless of agency relationships." *PN Express, Inc. v. Zegel*, 304 Ga. App. 672, 675–76 (2010)

(quoting *Coleman v. B-H Transfer Co.*, 284 Ga. 624 (2008)); *see Aequicap Ins. Co. v. Canal Ins. Co.*, 303 Ga. App. 508, 513 (2010) (lessee carrier "vicariously liable as a matter of law" and driver "deemed to be [its] 'statutory employee'"). Lease liability therefore stands on its own, apart from agency, and the jury must be equipped by the verdict form to find Mayflower liable independent of whether it concludes Nicholas Burist and/or Joe Moholland was operating as a Mayflower agent. Mayflower's proposed verdict form has ignores this allegation of liability.

The evidence supports lease liability for Mayflower. The lease certification for unit 251-333 identifies Mayflower as the carrier operating the tractor under Mayflower's USDOT number; the agreement signed by Moholland and Locke identifies Locke as the owner and Mayflower as the van line under which the truck is operated authority; the cab card names Mayflower the "Motor Carrier Responsible for Safety" through March 31, 2023; and there are unequivocal express authorizations to and through July 1, 2022 by Mayflower for Joe Moholland to use the license plates, registration, and truck cab marked with Mayflower as the motor carrier. Rugemer Trial Dep. 41:3-20; 44:6–15; 87:10–88:17; 113:8–25; 116:1-15 (Oct. 14, 2026) (Exhibit 3).

**2. Agency (Part B): course and scope belongs in the charge, not on the verdict form.**

Part B asks whether Mayflower allowed Joe Moholland, Inc. to use Mayflower's operating authority as a Mayflower agent. Mayflower would split that inquiry in two: whether Burist was Mayflower's agent or employee (its Question 2), and then, as a separate question, whether he was acting within the course and scope of that relationship (its Question 3). Course and scope is not a separate claim. It is an element of agency liability, and the elements of a claim are explained in the Court's charge, not listed on the verdict form. Just as it would be overly onerous to list duty, breach, causation, and damages on a verdict form as four separate questions for a negligence claim; it likewise is an improper second question on the scope. Mayflower's Question 1 asks in a single

question whether Burist was negligent and whether that negligence proximately caused damage. Agency should be treated the same way. The Court supplies "the instructions and explanations necessary" for the jury to answer the questions on the form. Fed. R. Civ. P. 49(b)(1).

Breaking out course and scope also distorts the law the jury must apply. When a driver is operating the vehicle at the time of a collision, Georgia law presumes he was acting within the scope of his employment, and the employer must rebut that presumption with evidence that is "clear, positive and uncontradicted." *Massey v. Henderson*, 138 Ga. App. 565, 565 (1976). A stand-alone scope question invites the jury to decide the issue without the required presumption adverse to Mayflower. Mayflower's proposed separate inquiry would have the Court require the jury to answer the scope question without the presumption required by law. D.E. 429 p. 3 (Request Five).[1] The jury will be instructed on the law regarding course and scope and a separate request for that question on the verdict form is improper.

**3. Federal Motor Carrier Safety Regulations (Part C): §§ 390.21 and 390.13.**

Section 390.21 requires a commercial motor vehicle to be marked with the name and USDOT number of the motor carrier operating it. 49 C.F.R. § 390.21. Section 390.13 provides that "[n]o person shall aid, abet, encourage, or require a motor carrier or its employees to violate the rules of this chapter." 49 C.F.R. § 390.13. Under Georgia law, the violation of a statute, or of a mandatory regulation that imposes a legal duty, is negligence per se. *Kearney v. Oppenheimer & Co.*, 375 Ga. App. 254, 266 (2025); *Nash v. Reed*, 349 Ga. App. 381, 385, 825 S.E. 2d 853, 857 (2019); *Rockefeller v. Kaiser Foundation Health Plan of Ga.*, 251 Ga. App. 699, 702, 554 S.E.2d 623 (2001); *see Parris v. Gooch*, 380 Ga. App. 645, 651, 932 S.E.2d 658, 665 (2026)(affirming

[1] Plaintiff also addresses this issue in D.E. 453 pp. 14-16.

denial of summary judgment on negligence per se claims premised on FMCSR violations and Georgia's adoption of the FMSCRs against both driver and employer).

Plaintiff's FMCSR expert Brooks Rugemer testified that Joe Moholland running the tractor under Mayflower's markings, plates, and authority violated § 390.21, and that the evidence unequivocally showing Mayflower's notice in the days and weeks preceding the collision proved Mayflower knowingly aided and abetted that violation. Rugemer Trial Dep. 91:7–92:15; 115:18–25; 118:16–25. Proximate cause is required and established under these facts under Georgia law. *Kearney*, 375 Ga. App. at 266; *Nash*, 349 Ga. App. 381 at 385. Namely, without Mayflower's plates, registration, and fuel-tax credentials, the tractor would be "grounded" and never would have been on the road on July 1, 2022. Rugemer Trial Dep. 47:13–21; 118:22–25; 120:7–20.

Each part of Plaintiff's proposed Question 2 is a separate, legally cognizable basis for Mayflower's liability. Each inquiry must be answered separately so the verdict will show which, if any, theory proposed the jury accepts. *See Badger v. S. Farm Bureau Life Ins. Co.*, 612 F.3d 1334, 1347 (11th Cir. 2010). Mayflower's form reduces all three to a common-law employment question, breaks course and scope out as a separate question, and gives no direction after Questions 2 and 3 before asking the jury to apportion fault in Question 5.

## CONCLUSION

For the reasons stated herein, and in the record, Plaintiffs respectfully request that the Court adopt Plaintiffs' Proposed Verdict Form attached as Exhibit 1.

*(Signature Page to Follow)*

Respectfully submitted this 27th day of October 2026.

HODGE LAW FIRM
P.O. Box 2765
Spartanburg, SC 29306
Tel: (864) 585-3873
Fax: (864) 585-6485

/s/ Charles J. Hodge
Charles J. Hodge
Admitted Pro Hac Vice
J. Camden Hodge
Admitted Pro Hac Vice
CHodge@hodgelawfirm.com
Camden@hodgelawfirm.com
Attorneys for Plaintiffs

HAMILTON & PADGETT, LLC
13 St. Andrews Ct.
Brunswick, Georgia 31520
P: (912) 200-2727

/s/ Joseph R. Padgett
Joseph R. Padgett
Georgia Bar No. 872672
joseph@hamiltonpadgettlaw.com
Attorney for Plaintiffs

LANGLEY STILL & FOSS LAW FIRM
229 Magnolia Street
Spartanburg, SC 29306
Tel: (864) 774-4662

/s/ T. Ryan Langley
T. Ryan Langley
Georgia State Bar No.: 692386
Matthew T. Foss
Admitted Pro Hac Vice
Ryan@LSFlawfirm.com
Matt@LSFlawfirm.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of October 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

/s/ Charles J. Hodge
Charles J. Hodge
Counsel for Plaintiffs