**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

KYLE SLOAN, et. al.

Plaintiffs,

v.

MAYFLOWER TRANSIT LLC; et. al.

Defendants.

CASE NO: 2:22-cv-0076-LGW-BWC

**DEFENDANT MAYFLOWER TRANSIT, LLC'S**
**REQUEST FOR JURY INSTRUCTIONS/CHARGE**

In addition to Eleventh Circuit Pattern Jury Instructions 1.1, 1.4, 2.1, 2.2., 2.3, 2.4., 2.5,2.6, 3.1, 3.2.2, 3.3, 3.4, 3.5.1, 3.6.1, 3.6.2,3.7.1, 3.7.2, 3.8.2, and 3.9, the following "Georgia Suggested Pattern Jury Instructions" (designated by Section number in the Instructions Set) under Georgia law are requested.[1]

## I. NEGLIGENCE

§ 60.001. TORTS INTRODUCTION

The case before you is one in which the plaintiff must prove by a preponderance of the evidence that the negligence of the defendant, if any, was a proximate cause of the injuries to the plaintiff.

§ 60.010. TORTS; ORDINARY NEGLIGENCE (ORDINARY DILIGENCE)

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

§ 60.200. TORTS; PROXIMATE CAUSE; DEFINITION

Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate

[1] Plaintiffs and the other defendants served their objections just hours before the pretrial conference. Consequently, following review, objection shall be made to instructions as specified in response to Plaintiff's (and other defendants') instructions, as appropriate, via separate paper or argument.

cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or *some similar event*, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

## § 60.202. TORTS; PROXIMATE CAUSE; FORESEEABILITY; NATURAL AND PROBABLE CONSEQUENCE; INTERVENING CAUSE RULES (CHAIN REACTION SITUATION)

A defendant may be held liable for an injury when that person commits a negligent act that puts other forces in motion or operation resulting in the injury when such other forces are the natural and probable result of the act that the defendant committed and that reasonably should have been foreseen by the defendant. When the injuries could not reasonably have been foreseen as the natural, reasonable, and probable result of the original negligent act, then there can be no recovery. If the chain reaction that resulted from the defendant's alleged negligence, if any, meets the above tests, then the plaintiff may recover.

## II. AGENCY

§ 06.010. AGENCY; CREATION

The relationship of principal and agent arises whenever one person--the principal--expressly or implicitly authorizes another--the agent--to act for the principal or later approves the acts of another performed on the principal's behalf.

A business entity such as a corporation, like , is regarded as a person in this instance.

§ 06.040. AGENCY; PROOF OF

Before one can be bound by the acts of another who assumes representation of him/her, proof of agency must be shown.
Agency, as well as authority of an agent, may be established by proof of contract creating agency or by the principal's conduct and course of dealings.
If one should hold out another as one's agent and by one's course of dealings reasonably indicate that such person has certain authority, the one dealing with the agent would be protected to the extent of the authority reasonably deducible from the conduct of the parties.
You must determine the issue of agency in the light of all the facts and circumstances of the case.

§ 06.050. AGENCY; RATIFICATION OF AGENT'S ACTS; GENERALLY

If the agent exceeds the authority given to him/her, the principal may not ratify (that is, confirm and approve) in part and reject in part; the principal must accept either all or none.
Ratification by the principal shall relate back to the act ratified and shall take effect as if the act was originally authorized. Ratification may be express or implied from the acts or silence of the principal. Once made, ratification may not be revoked.

§ 06.060. AGENCY; RATIFICATION; BURDEN OF PROOF

The burden of proof of ratification is on the party asserting it.

§ 06.070. AGENCY; RATIFICATION; KNOWLEDGE OF PRINCIPAL

When agency is sought to be proved by ratification, it must appear that the principal had full knowledge of all material facts in connection with the transaction in question and that, with that knowledge, he/she accepted or received the benefits of the allegedly unauthorized act.

§ 06.020. AGENCY; RESPONSIBILITY OF PRINCIPAL; EXTENT

The principal shall be bound by all acts of an agent that are performed within the scope of the agent's authority. If the agent exceeds the authority given, the principal may not accept part of the agreement and reject the balance.

§ 60.171. TORTS; IMPUTED NEGLIGENCE; GENERALLY

For the negligence of one person to be properly placed upon another, the negligent person must be the agent of the person to whom it is attributed.

§ 60.300. NEGLIGENCE AMPLIFIED; AGENCY; GENERALLY

Principals shall be bound for the care and loyalty of their agent in their business and shall be bound for the neglect and fraud of their agent in the transaction of such business.

§ 60.320. NEGLIGENCE AMPLIFIED; WILLFUL TORTS

An employer is liable for the willful torts or willful wrongful conduct of an employee committed in the course of the employment.

§ 60.330. NEGLIGENCE AMPLIFIED;
EMPLOYEES, WHEN EMPLOYER NOT LIABLE FOR

If an employee should injure another person either negligently or on purpose but at the time of the injury, is not engaged in the employer's business and is not within the scope of the employment, then the employee's negligence or misconduct would not be chargeable to the employer.

§ 60.350. NEGLIGENCE AMPLIFIED; INDEPENDENT CONTRACTOR

The employer generally is not responsible for torts committed by the employee when the employee exercises an independent business and is not subject to the immediate direction and control of the employer.

§ 06.030. AGENCY; AUTHORITY OF AGENT; EXTENT

The agent's authority includes all necessary and usual means of performing the agent's duties. Private instructions or limitations not known to persons dealing with a general agent shall not affect them. In specific agencies for a particular purpose, persons dealing with the agent should examine this authority.

§ 60.220. TORTS; BURDEN OF PROOF

If both the plaintiff and the defendant were equally negligent, then neither should recover damages from the other, and you should render a verdict in favor of the defendant but without any damages.

## III. DAMAGES AND APPORTIONMENT

### 66.001. TORT DAMAGES; PRELIMINARY INSTRUCTIONS

Damages are given as pay or compensation for injury done.

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

### § 66.810 Tort Damages; Apportionment of Damages

If you believe that the plaintiff sustained damages, you must determine the amount of those damages. Do *not* make any reduction in the amount of damages because of the negligence, if any, of the plaintiff (or of any non-party*).

You must also decide the percentage of fault, if any, of all parties (and any non-parties) whose negligence contributed to the alleged injury or damages. For any person or entity you find did not contribute to the alleged injury or damages, enter 0%. The total of the fault assessed must equal 100%.

The court will enter a judgment based on your verdict and, if you find that the plaintiff was negligent in any degree, the court will reduce the total amount of damages awarded by the percentage of negligence which you attribute to the plaintiff. If you find that the negligence of the plaintiff is equal to or greater than the negligence of the defendant(s), then the plaintiff is not entitled to recover damages.

### 66.040. TORT DAMAGES; EXPENSES; GENERALLY; MEDICAL EXPENSES

In all cases, necessary expenses resulting from the injury are a legitimate item of damages. As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.

### 66.100. TORT DAMAGES; EARNINGS, PAST; LOSS OF

Loss of earnings from the time of the alleged injury to the time of trial is a legal item of damages, and the amount that may be recovered is the value of the earnings that the evidence shows with reasonable certainty the plaintiff has lost as a result of the injury. You may consider what the plaintiff was making at the time of the injury, what was made since the injury, the amount customarily paid in the locality for the kind of work the plaintiff does, and similar matters. There must be some evidence before you as to the plaintiff's loss.

### 66.201. TORT DAMAGES; EARNINGS; LOSS OF FUTURE EARNINGS

If you find that the plaintiff's earnings will be permanently (reduced) (destroyed), lost future earnings--just like lost past earnings--are to be determined on the basis of the earnings that the plaintiff will lose, and there must be some evidence before you as to the amount of such earnings.

In considering the evidence, you should take into consideration that old age generally reduces the capacity to labor and earn money.

You may also take into consideration the proposition that the ability of the plaintiff to earn money could have increased during some later periods of the plaintiff's life, if it is authorized by the evidence.

66.202. TORT DAMAGES; EARNINGS; LIFE EXPECTANCY

You would also consider the life expectancy of the plaintiff.

66.301. TORT DAMAGES; LIFE EXPECTANCY; GENERALLY

You may determine the life expectancy of a person when the person's age is shown without any other direct evidence on the subject. In deciding this matter, you are also entitled to consider the evidence pertaining to the person's health, habits, surroundings, and method of living.

66.304. TORT DAMAGES; LIFE EXPECTANCY; FULL VALUE OF LIFE

The full value of the life of the deceased, as shown by the evidence, is the full value of the life of the deceased without deduction for necessary or other personal expenses of the deceased if that person had lived.

You should consider the gross sum that the deceased would have earned to the end of life had the deceased not been killed, reduced to its present cash value in determining the amount of the full value of the life of the deceased. The full value of the life of the deceased is not limited to the amount of money that could have or would have been earned had the deceased not been killed.

66.400. TORT DAMAGES; CONSORTIUM

A married person has a right to recover for the loss of consortium, sometimes called loss of services, of the spouse. You should be careful to remember that services the law refers to are not only household labor but also society, companionship, affection, and all matters of value arising from marriage. There does not have to be any direct evidence of their value, but the measure of damages is their reasonable value, as determined by the enlightened conscience of impartial jurors taking into consideration the nature of the services and all the circumstances of the case.

66.401. TORT DAMAGES; CONSORTIUM; PERMANENT LOSS, PRESENT CASH VALUE OF; JOINT LIFE EXPECTANCY IS MEASURE OF DAMAGES

When permanent loss of consortium occurs, you would determine the damages on the basis of the joint life expectancy of the husband and wife, that is, by how long they would both have lived together if the injury of the spouse had not occurred. That joint lifetime loss would have to be reduced to its present cash value.

66.501. TORT DAMAGES; PAIN AND SUFFERING; GENERALLY; MENTAL; FUTURE

**(a) Generally**

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the plaintiff has suffered or will suffer are for you to decide.

**(b) Mental**

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

In evaluating the plaintiff's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; loss of capacity to labor and earn money; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which the plaintiff must limit activities.

66.503. TORT DAMAGES; PAIN AND SUFFERING; FUTURE

If you find that the plaintiff's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe the plaintiff will endure. In making such award, your standard should be your enlightened conscience as impartial jurors. You would be entitled to take into consideration the fact that the plaintiff is receiving a present cash award for damages not yet suffered.

66.504. TORT DAMAGES; PAIN AND SUFFERING; PREEXISTING INJURY; AGGRAVATION

No plaintiff may recover for injuries or disabilities that are not connected with the act or omissions of the defendant in this case. There can be no recovery for a particular plaintiff for any injury or disability that was not proximately caused by the incident in question.

If you should find that, at the time of the incident, the plaintiff had any physical condition, ailment, or disease that was becoming apparent or was dormant, and if you should find that the plaintiff received an injury as a result of the negligence of the defendant and that the injury resulted in any aggravation of a condition already pending, then the plaintiff could recover damages for aggravation of the preexisting condition to the extent that the preexisting physical condition is aggravated or exacerbated.

## IV. PUNITIVE DAMAGES

66.700. PUNITIVE LIABILITY

In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Before you may impose punitive damages, the plaintiff must prove that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. The plaintiff must prove that the defendant is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

66.702. PUNITIVE LIABILITY, CONTINUED

If the plaintiff fails to prove, by clear and convincing evidence, that the defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to impose punitive damages.

Mere negligence, although amounting to gross negligence, will not alone authorize an imposition of punitive damages.

Punitive damages, when authorized, are awarded (imposed) not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether you do or do not decide to impose punitive damages.

66.771. EXTRATERRITORIALITY

You may have heard evidence of conduct and procedures of the defendant in other states that you may properly consider on the issue of intent and reprehensibility. You may not, however, consider for the issue of punitive damages any conduct that was lawful where and when it occurred, nor in other states even though unlawful and which had no impact on the Plaintiff, Georgia and its residents)---unless such conduct in the other state was related to the specific harm suffered by the plaintiff in this case.

66.772. DISSIMILAR CONDUCT

You may have heard evidence of other conduct and procedures of the defendant. For the purpose of aggravation of punitive damages, you may not consider evidence of any conduct of the defendant that is dissimilar to that which resulted in the plaintiff's injury---unless such dissimilar conduct was related to the specific harm suffered by the plaintiff in this case.

66.780. PUNITIVE DAMAGES; CONCLUSION

Any award you make should be both reasonable and just in light of your previous award of damages, the conduct and circumstances of the defendant, and the purpose of punitive damages.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
*/s/ Stephen Kyle McDonald*
BRANTLEY ROWLEN
Georgia Bar No. 153031
STEPHEN KYLE MCDONALD
Georgia Bar No. 661387
Todd R. Ehrenreich
*Admitted Pro Hac Vice*
Jeffrey Geldens
*Admitted Pro Hac Vice*
*Counsel for Mayflower Transit, LLC*

600 Peachtree Street N.E.
Suite 4700
Atlanta, Georgia 30308
404-348-8585 Telephone
404-467-8845 Facsimile
Brantley.Rowlen@lewisbrisbois.com
Stephen.McDonald@lewisbrisbois.com
24 Drayton St., Suite 300
Savannah, GA 31401
Tel. (912) 525-4960

Todd.Ehrenreich@lewisbrisbois.com
Jeffrey.Geldens@lewisbrisbois.com