**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| KYLE SLOAN, and SUSAN WEST,<br><br>Plaintiffs,<br><br>v.<br><br>NICHOLAS BURIST, and MAYFLOWER TRANSIT LLC,<br><br>Defendants. | CIVIL ACTION NO.: 2:22-cv-76 |

**ORDER**

This case is set for trial on November 17, 2026. Plaintiffs and Defendant Burist filed Motions in Limine, docs. 428, 432.[1] No party filed any opposition to these Motions. For the reasons stated below, I **GRANT** Plaintiffs' Motion in Limine and **GRANT in part** and **DENY in part** Defendant Burist's Motion in Limine. Specifically, the parties may not introduce evidence or argue about the following topics:

1. Evidence or argument about the transportation industry's importance;

2. A narrative about Mayflower's reputation;

3. That a verdict will raise prices, premiums, or moving costs or will burden Mayflower or its industry;

[1] I will address Defendant Mayflower Transit LLC's motions in limine, docs. 429, 458, by separate order. Joe Moholland, Inc. also filed a Motion in Limine. Doc. 425. Because the Court dismissed Joe Moholland, Inc. as a Defendant, doc. 454, I **DIRECT** the Clerk of Court to **TERMINATE** this filing. Doc. 425.

4. Burist's criminal history before July 1, 2022; and the grounds for Defendant Burist's first divorce;

5. Burist's eye problems;

6. Burist's pre-1999 United States Navy discipline history; and

7. References to liability insurance.

## DISCUSSION

### I. Plaintiffs' Motion in Limine, doc. 428

Plaintiffs argue that the Court should preclude Defendants from presenting evidence on, or referring to, three topics. First, Plaintiffs move to bar Defendant Mayflower from introducing evidence or argument about how "trucking is the 'backbone' or 'foundation' of the nation, that 'America runs on trucks,' or that without trucks, roads, and highways 'we would have nothing'" (i.e., the importance of the transportation industry). Doc. 428 at 2, 3–4. Citing Federal Rule of Evidence 403, Plaintiffs state that such evidence or argument would be unfairly prejudicial, confuse the issues, and waste time. Id. at 4.

Second, Plaintiffs move to exclude evidence and argument about Mayflower's "corporate heritage, longevity, reputation, and [any] good-citizen narratives" (i.e., Mayflower's reputation). Id. at 5. Plaintiffs argue that Defendants could only introduce such evidence for propensity purposes and cite Federal Rule of Evidence 404(a)(1) as support. Plaintiffs also assert that the Court should exclude such evidence under

Federal Rules of Evidence 401 and 403 because it is not relevant and would be prejudicial.

Third, Plaintiffs move to preclude argument from Mayflower "that a verdict will raise moving costs, consumer prices, or insurance premiums, or will burden Mayflower, its employees, the industry, or the jurors themselves." Id. at 5–6. Plaintiffs assert that such statements are "of prejudicial matters which are not in evidence." Id. at 6 (quoting O.C.G.A. § 9-10-185). Plaintiffs also assert that such statements are improper because they compromise the objectivity of the jury. Finally, Plaintiffs argue that the Court should prohibit Mayflower from making arguments related to "lawsuit abuse," "runaway verdict," "nuclear verdict," and tort-reform, as these topics "serve only to make jurors feel that awarding full compensation under Georgia law is itself a social harm." Doc. 428 at 6.

Defendants did not respond to Plaintiffs' Motion, and the time to do so has closed. LR Civ. 7(b) ("Failure to timely respond shall indicate no opposition to a motion."). Because the parties have not explained the probative value of the challenged topics, I **GRANT as unopposed** Plaintiffs' Motion. The parties may not introduce evidence or argument about the following topics: (1) the transportation industry's importance; (2) Mayflower's reputation; and (3) that a losing verdict will raise prices, premiums, or moving costs or harm Mayflower or its industry.

## II. Defendant Burist's Motion in Limine, doc. 432

Defendant Burist argues that the Court should preclude Plaintiffs from referring to or entering evidence about 12 items. Doc. 432. For the reasons stated below, I grant Defendant Burist's request regarding information about his personal background and liability insurance, but I deny his request to exclude the remaining eight categories of information.

### A. Defendant Burist's Criminal, Medical, and Military History and References to Liability Insurance

Defendant Burist asks the Court to exclude references to liability insurance and three topics relating to his personal background. First, Defendant Burist moves to exclude information about his criminal background before July 1, 2022. Id. at 1–2. Defendant Burist explains that, during his discovery deposition, he testified that he was charged with assault, battery, and domestic violence and answered questions about whether "the violence he committed to his wife and children" was responsible for his divorce and the loss of a job. Id. Defendant Burist argues that this information is not relevant to any issue for the jury to try, its use would constitute improper impeachment, and its risk of prejudice to him outweighs its probative value. Id.

Second, Defendant Burist moves to exclude information that he experienced eye problems and "had some problems passing the [Department of Transportation] physical exam." Id. Defendant Burist alleges that this information is not relevant to any jury issue and that it is unduly prejudicial. Id. at 3.

Third, Defendant Burist moves to exclude information about his discipline in the United States Navy, explaining that he was, at one point, incarcerated for 50 days. Id. Defendant Burist argues that this evidence is not relevant to any jury issue and its use would be unduly prejudicial. Id.

Fourth, Defendant Burist asks the Court to exclude references to liability insurance, citing Federal Rule of Evidence 411. Id. Defendant Burist explains that "[c]ounsel asked Burist about an Agency Statement for Mayflower Transit that referenced insurance premiums." Id.

Plaintiffs and Mayflower did not respond to Defendant Burist's Motion, and the time to do so has closed. LR Civ. 7(b) ("Failure to timely respond shall indicate no opposition to a motion."). Because the parties have not explained the relevance of the challenged portions of Defendant Burist's testimony or how Rule 411 does not apply, I **GRANT as unopposed** Defendant Burist's Motion in Limine as to these portions. The parties may not introduce evidence or argument about Defendant Burist: (1) his pre-collision criminal history or the grounds for his first divorce; (2) his past eye problems; (3) his pre-1999 United States Navy disciplinary history; and (4) references to liability insurance.

### B. Defendant Burist's Remaining Requests

Defendant Burist makes nine additional requests. First, Defendant Burist asks the Court to exclude arguments that a truck driver has a higher standard of care. Citing

O.C.G.A. § 51-1-2 and Georgia caselaw, Defendant Burist asserts that all motorists must exercise the degree of care exercised by ordinarily prudent people in the same or similar circumstances. Id. at 4 (citing Rios v. Norsworthy, 597 S.E.2d 421, 426 (Ga. Ct. App. 2004); and then citing Delta Air Lines, Inc. v. Garmon, 227 S.E.2d 816, 820 (Ga. Ct. App. 1976)).

Second, Defendant Burist argues that the Court should bar Plaintiffs' counsel from making any "damages argument aimed at suggesting the transportation industry should be deterred from future conduct." Doc. 432 at 4 (citing Ayers v. Ford Motor Co., 2:22-CV-064, 2025 WL 3684599 (N.D. Ga. Nov. 3, 2025); and then citing Gaddy v. Terex Corp., 1:14-cv-01928, 2018 WL 11350558 (N.D. Ga. Dec. 18, 2018)).

Third, Defendant Burist asks the Court to exclude "golden rule" arguments that invite jurors to put themselves in Plaintiffs' shoes. Id.

Fourth, Defendant Burist asks the Court to exclude any expression by counsel or a witness about the truthfulness of any witness, citing Federal Rule of Evidence 608. Id. at 5.

Fifth, Defendant Burist asks the Court to exclude news articles or reports relating to "Plaintiff, his decedents, the Defendants, or the accident" under Federal Rules of Evidence 403 and 802. Id. Defendant Burist explains that this evidence would be prejudicial and contain hearsay. Id.

Sixth, Defendant Burist asks the Court to exclude testimony about Defendants' post-accident investigation under Federal Rule of Evidence 403. Id. Defendant Burist asserts that "the sole issues on negligence for the jury to determine are proximate cause and damages." Id.

Seventh, Defendant Burist asserts that the Court should exclude evidence of his driving history under Federal Rule of Evidence 403 because "Plaintiffs do not claim negligent hiring, training, or entrustment." Id.

Eighth, Defendant Burist asks the Court to exclude all references to verdicts in other cases, as such verdicts are irrelevant to the issues in dispute here. Id. at 6.

No party opposes Defendant Burist's Motion. However, as to these requests, Defendant Burist simply asks the Court to generally enforce controlling caselaw and the Federal Rules of Evidence at trial. Defendant Burist does not point to any specific anticipated evidence or suggest that any party will seek to introduce evidence or argument that would be touch on the issues. Therefore, these requests do not present live disputes for pretrial adjudication. This is not to suggest that evidence and argument on these topics should be allowed; rather, any issues related to these topics are best be addressed at trial in relation to specific arguments and evidence. Thus, I **DENY** Defendant Burist's Motion as to these arguments. If Plaintiffs or Mayflower seek to introduce inadmissible evidence or improper argument at trial, Defendant Burist may object at that time.

## CONCLUSION

For the reasons stated above, I **GRANT** Plaintiffs' Motion in Limine and **GRANT in part** and **DENY in part** Defendant Burist's Motion in Limine. Docs. 428, 432. Specifically, the parties may not introduce evidence or argument about the following topics:

1. Evidence or argument about the transportation industry's importance;
2. A narrative about Mayflower's longevity, reputation, and good works;
3. That a verdict will raise prices, premiums, or moving costs or will burden Mayflower or its industry;
4. Burist's criminal history before July 1, 2022; and the grounds for Defendant Burist's first divorce;
5. Burist's eye problems;
6. Burist's pre-1999 United States Navy discipline history; and
7. References to liability insurance.

**SO ORDERED**, this 5th day of November, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA