**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| KYLE SLOAN, Individually, and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan, KYLE SLOAN as Surviving Spouse of Jamie Sloan, and KYLE SLOAN as Surviving Parent of Rylie Sloan,<br><br>Plaintiffs,<br><br>v.<br><br>MAYFLOWER TRANSIT LLC; and NICHOLAS BURIST<br><br>Defendants. | ) | Civil Action No.<br>2:22-cv-00076-LGW-BWC |

**PLAINTIFFS' RESPONSE TO DEFENDANT BURIST'S MOTION TO INCLUDE LOCKE AND MOHOLLAND ON THE VERDICT FORM (DOC. 461) AND MAYFLOWER'S JOINDER (DOC. 468)[1]**

Plaintiffs respond to Docs. 461 and 468 on two points. First, Georgia law does not permit fault to be apportioned to, or away from, a defendant whose liability rests solely on respondeat superior or agency for another's conduct. If the jury finds that Burist was acting as Mayflower's agent, Mayflower answers for the entire share of fault assigned to Burist, and the verdict form must say so. Second, Plaintiffs agree that their settlements with Locke and Moholland should not be disclosed to the jury, but that rule must apply to every party.

[1] Mayflower filed its Objection to Plaintiffs' Verdict Form (Doc. 474). Plaintiff understood at the October 6, 2026 status conference that any supporting memorandum was to be filed with the verdict form, which Plaintiffs did on October 26, 2026 (Doc. 462). Plaintiffs' may refer to Mayflower's late memorandum (Doc. 474) in this response given the relatedness of the two issues.

**I. Under *Eliezer*, fault cannot be divided between a principal and the agent for whose conduct it is solely vicariously liable.**

Apportionment under O.C.G.A. § 51-12-33(b) runs "among the person or persons who are liable according to the percentage of fault of each person." (emphasis added). That language "necessarily presumes that fault must be divisible," and the "proper test is whether fault is divisible among the named defendants." *Eliezer v. Mosley*, 369 Ga. App. 102, 106–107, 891 S.E.2d 555 (2023) (quoting *FDIC v. Loudermilk*, 305 Ga. 558, 572, 826 S.E.2d 116 (2019)). Applying that test for theories of a concerted action, the Court of Appeals held that "division of fault is not possible in cases predicated solely on the theory that one of the two named defendants is vicariously liable for the acts or omissions of the other named defendant under the doctrine of respondeat superior." *Id.* at 107–108. Under respondeat superior, "the principal is entirely responsible for the agent's negligence," and fault "cannot be apportioned between the principal and the agent/tortfeasor." *Id.* at 108 (quoting *SecureAlert, Inc. v. Boggs*, 345 Ga. App. 812, 815, 815 S.E.2d 156 (2018)). Where the principal's liability is solely vicarious, principal and agent "are regarded as a single tortfeasor." *Id.* (quoting *PN Express, Inc. v. Zegel*, 304 Ga. App. 672, 680, 697 S.E.2d 226 (2010)). The Supreme Court anticipated exactly this: "[a]part from concerted action, there may exist other legal theories that preclude division of fault as a matter of law — perhaps, for instance, vicarious liability or other agency-based or derivative theories of liability." *Loudermilk*, 305 Ga. at 575 n.20[2], *quoted in Eliezer*, 369 Ga. App. at 108.

*Zegel* is Mayflower's authority when discussing Plaintiffs' verdict form. Doc. 474 at 4–5. It is a trucking case, and *Eliezer* relies on it for the holding that § 51-12-33(b) was "inapplicable

---

[2] The remainder of the footnote, for completeness states, "And there may also be factual circumstances that impede a division of fault between persons, though we are considerably more skeptical that will be so. We provide these examples to illustrate areas where joint and several liability conceivably could apply, but emphasize that we do not decide today whether — or how — joint and several liability might apply in those or other cases." Id.

where the defendant employer faced only vicarious liability under the doctrine of respondeat superior." 369 Ga. App. at 108 (citing *Zegel*, 304 Ga. App. at 680).

> Zegels' action against PN Express is entirely based on notions of derivative liability: statutory employment and respondeat superior. Generally, where a party's liability is solely vicarious, that party and the actively-negligent tortfeasor are regarded as a single tortfeasor. Thus, where a defendant employer's liability is entirely dependent on principles of vicarious liability, such as respondeat superior, then "[u]nless additional and independent acts of negligence over and above those alleged against the servant or employee are alleged against the employer, a verdict exonerating the employee also exonerates the employer.
> *PN Express, Inc. v. Zegel*, 304 Ga. App. 672, 680, 697 S.E.2d 226, 233 (2010).

The Court of Appeals applied that rule two months ago in a tractor-trailer case. In *Transcontinental Carriers*, the jury assigned 30 percent of the fault to the driver and 70 percent to the motor carrier that employed him, and the defendant carrier asked that the judgment against it be limited to its 70 percent. The court refused: "the principal is entirely responsible for the agent's negligence, and fault cannot be apportioned between the principal and the agent/tortfeasor." *Transcon. Carriers, Inc. v. Bennett*, 935 S.E.2d 97 (Ga. Ct. App. Sept. 9, 2026) (quoting *Eliezer*, 369 Ga. App. at 108). The judgment against the carrier for the full verdict was affirmed. *Id.* at 16–17.

The 2022 amendment to subsection (b) does not change this. *Eliezer* applied the former statute, 369 Ga. App. at 102 n.1, but the amendment did one thing: it replaced "more than one person" with "one or more persons" so that single-defendant actions would be covered after *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 312 Ga. 350, 862 S.E.2d 295 (2021). *See Eliezer*, 369 Ga. App. at 104 n.2. It kept the language on which the divisibility requirement rests, apportionment "according to the percentage of fault of each person," and it left *Loudermilk* untouched. The rule that a principal and its purely vicarious agent are a single tortfeasor, whose fault cannot be divided between them, applies here with full force.

**II. Plaintiffs agree the settlements should not go to the jury.**

Plaintiffs do not oppose Burist's request that no party, counsel, or witness refer to the existence, terms, or amounts of Plaintiffs' settlements with Locke and Moholland. Doc. 461 at 7–8. Plaintiffs ask that the order include three conditions. Plaintiffs would ask that defendant(s) refrain from suggesting, in voir dire, opening, examination, or argument, that Plaintiffs have already been compensated, or that Locke's or Moholland's absence means responsibility has been resolved elsewhere. The jury should be told only that it must consider the fault of the listed entities and must not speculate about why any of them is not present.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Mayflower and Burist's motions for the reasons set for above.

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

Respectfully submitted this 10th day of October 2026.

HODGE LAW FIRM
P.O. Box 2765
Spartanburg, SC 29306
Tel: (864) 585-3873
Fax: (864) 585-6485

/s/ Charles J. Hodge
Charles J. Hodge
Admitted Pro Hac Vice
J. Camden Hodge
Admitted Pro Hac Vice
CHodge@hodgelawfirm.com
Camden@hodgelawfirm.com
Attorneys for Plaintiffs

HAMILTON & PADGETT, LLC
13 St. Andrews Ct.
Brunswick, Georgia 31520
P: (912) 200-2727

/s/ Joseph R. Padgett
Joseph R. Padgett
Georgia Bar No. 872672
joseph@hamiltonpadgettlaw.com
Attorney for Plaintiffs

LANGLEY STILL & FOSS LAW FIRM
229 Magnolia Street
Spartanburg, SC 29306
Tel: (864) 774-4662

/s/ T. Ryan Langley
T. Ryan Langley
Georgia State Bar No.: 692386
Matthew T. Foss
Admitted Pro Hac Vice
Ryan@LSFlawfirm.com
Matt@LSFlawfirm.com
Attorneys for Plaintiffs