**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| KYLE SLOAN, et. al. | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil Action No. |
| NICHOLAS BURIST, et al., | * | 2:22-cv-0076-LGW-BWC |
| | * | |
| Defendants. | * | |
| | * | |

**DEFENDANT MAYFLOWER TRANSIT, LLC'S MOTION TO QUASH PLAINTIFF'S SUBPOENA TO SKYBITZ**

COMES NOW Defendant Mayflower Transit, LLC and pursuant to Rule 45 of the Federal Rules of Civil Procedure moves to quash the Plaintiff's Subpoena to non-Party SkyBitz. I support of its Motion the Defendant states the following.

On November 3, 2026 Plaintiff, through their counsel, served a subpoena on non-party SkyBitz, Inc. Pursuant to Fed R Civ. P. 45(d)(3), Mayflower moves to quash.

First, Rule 45(a) requires that "before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a). Plaintiffs did not serve the subpoena in advance. Mayflower learned of its scope, timing, and requests the same day it was served. This subpoena requested the following materials, connected to the tractor-trailer at issue in this case. The Subpoena demanded SkyBitz to produce the material by November 12, 2026. Exhibit 1.

> *1. Produce all location, event, sensor, and diagnostic data in native electronic format (e.g., .csv, xlsx, or native database export format) with all fields and metadata intact. Where You also generate a standard report (e.g., a PDF trip or history report) from the same data, produce that report as well. Please produce from April 14, 2022 through July 14, 2022.*

> 2. *For every data field, identify the timezone of each timestamp, the clock source (device, GPS, or server receipt time), and the units of measure (e.g. mph or km/h; feet or meters). <u>Please produce from April 14, 2022 through July 14, 2022.</u>*
>
> 3. *All location, movement, and event data recorded by the Subject Device during the Crash Window, at the highest resolution and frequency recorded or stored, including any data capatured, buffered, or transmitted after the Crash. <u>Please produce from April 14, 2022 through July 14, 2022.</u>*
>
> 4. *All Communications between You and any Customer, insurer, adjuster, investigatory, or attorney relating to the Crash, the Subject Trailer, the Subject Tractor, the Driver, or the data requested in this subpoena. This includes the above parties, including Mayflower/Unigroup and Skybitz. This further includes any litigation hold letters issued by Skybitz to Mayflower/UniGroup or any party in this case regarding the above. This includes from April 14, 2022 through April 14, 2023.*
>
> 5. *All preservation requests, litigation hold notices, subpoenas, and requests for data You received relating to the Crash, the Subject Trailer, or the Subject Device, and Documents reflecting Your response to each. This includes from April 14, 2022 through April 14, 2023.*

Second, These requests impose undue burden on Mayflower and the progress of this case. The period for liability or fact discovery closed, at the latest, on January 13, 2025. (Dkt. 261). The Plaintiff's subpoena is served well outside the time limit previously Ordered by the Court. The additional discovery permitted as trial approaches did not contemplate subpoenas to third parties for documents extending this much; the Court allowed specific elements to be explored, which had already been developed earlier. Now, Plaintiffs seek a new route to muddle the record and trigger collateral disputes. This discovery is improper and unnecessary at this stage, as it shifts to collateral issues on the eve of trial without good cause.

Plaintiff requested these documents to be produced on November 12, 2026. That is only 5 days before the beginning of trial in this case. Plaintiffs have not indicated what, if anything, they expect to receive, and Mayflower's trial preparation is prejudiced should there be sensitive information in that third party's response. Even if documents are produced it is not realistic that

the materials would be usable or identifiable for the upcoming trial. Each party has submitted their exhibit list. (Dkt. 464). Each party has taken depositions and identified witnesses. (Dkt. 464). This subpoena falls outside the time period for discovery and places a significant burden on the respondent and the litigants.

Third, the Subpoena also seeks information that is irrelevant to the subject litigation. As previously identified and communicated with the Court and Plaintiff's counsel, there is only one place in the entire record where SkyBitz is even mentioned. SkyBitz provides trailer tracking technology. As a prophylactic measure, whenever a collision occurs, Mayflower directs a litigation hold, on its own teams, for all SkyBitz material. In this case, since the trailer was not Mayflower's there was not any relevant data, that Mayflower was aware of. The Plaintiff previously sued, served discovery upon, and deposed, Payne, Inc. It is undisputed that Payne supplied the subject trailer to Joe Moholland at issue in this case. (Dkt. 214 pg. 4). If any such SkyBitz material was available for the trailer it would have been in the possession of former defendant Payne. Further, Payne's corporate representative testified and confirmed that no such tracking information is available for this trailer. (Haney pg. 56-57, ln 15-19). Accordingly, there is no basis for discovery from SkyBitz at this late hour—that Payne deposition was long ago yet only now have Plaintiffs sought this information (and not from Payne). Plaintiffs' timing reveals that the importance of the discovery in resolving the issues is absent here.

Further, the subpoena seeks "all communications" between SkyBitz and Mayflower. This is an extraordinarily request. It seeks to infringe on corporate communications, invoices, and other sensitive and confidential information without any justification or limitation on those communications. See Fed R Civ. P. 45(d)(3)(B). This is not proportional to the needs of the case. Absent that, there is no predicate for seeking the information from another source that is a third

party. This element is also aggravated by the demand for compliance by a Virginia party to produce documents well beyond 100 miles, especially since there was no advance notice and it is unclear what might be covered beyond this case. Mayflower has already provided substantial material outside the scope of its case, and now Plaintiff want that from someone else despite the late hour and slim (if any) justification. This prejudices Mayflower's trial preparation and the court's consideration of this and other matters on its busy docket.

The Plaintiff's subpoena to SkyBitz is untimely, irrelevant, and improper as to the merits of this case. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Mayflower moves for an order quashing the subpoena.

Respectfully submitted this 11 day of November 2026,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
*/s/ Stephen Kyle McDonald*
BRANTLEY ROWLEN
Georgia Bar No. 153031
STEPHEN KYLE MCDONALD
Georgia Bar No. 661387
Todd R. Ehrenreich
*Admitted Pro Hac Vice*
Jeffrey Geldens
*Admitted Pro Hac Vice*
*Counsel for Mayflower Transit, LLC*

600 Peachtree Street N.E.
Suite 4700
Atlanta, Georgia 30308
404-348-8585 Telephone
404-467-8845 Facsimile
Brantley.Rowlen@lewisbrisbois.com
Stephen.McDonald@lewisbrisbois.com

Todd.Ehrenreich@lewisbrisbois.com
Jeffrey.Geldens@lewisbrisbois.com

## Certificate of Service

I CERTIFY that on November 11, 2026, I e-filed a true and correct copy of the foregoing via the Court's CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Stephen Kyle McDonald*
BRANTLEY ROWLEN
Georgia Bar No. 153031
STEPHEN KYLE MCDONALD
Georgia Bar No. 661387
Todd R. Ehrenreich
*Admitted Pro Hac Vice*
Jeffrey Geldens
*Admitted Pro Hac Vice*

*Counsel for Mayflower Transit, LLC*

600 Peachtree Street N.E.
Suite 4700
Atlanta, Georgia 30308
404-348-8585 Telephone
404-467-8845 Facsimile
Brantley.Rowlen@lewisbrisbois.com
Stephen.McDonald@lewisbrisbois.com

24 Drayton St., Suite 300
Savannah, GA 31401
Tel. (912) 525-4960

Todd.Ehrenreich@lewisbrisbois.com
Jeffrey.Geldens@lewisbrisbois.com