LANGLEY
STILL & FOSS
*Justice for the Injured*

November 3, 2026

**VIA PROCESS SERVER AND ELECTRONIC MAIL**
**SkyBitz, Inc.**
Attn: Custodian of Records
Corporate Headquarters
2300 Dulles Station Blvd., Suite 600
Herndon, Virginia 20171
customercare.skybitz@ametek.com

**RE:** ***Document Subpoena – SkyBitz, Inc.***
*KYLE SLOAN, Estates of Rylie Sloan and Jamie Sloan v. NICHOLAS BURIST; MAYFLOWER TRANSIT LLC;*
***C.A. No.: 2:22-cv-00076-LGW***

Dear Custodian of Records:

Please be advised that this office represents the Plaintiffs, above-named, in the above-captioned matter, which arises from the July 1, 2022, collision on I-95 southbound near mile marker 1 in Camden County, Georgia. Enclosed please find a Subpoena to Produce Documents, Information, or Objects issued from the United States District Court for the Southern District of Georgia and directed to SkyBitz, Inc. The Subpoena calls for the documents described in Attachment A to be produced **on or before November 12, 2026**. Please email the document production to **Ryan@LSFlawfirm.com** and **Matt@LSFlawfirm.com**. No personal appearance is required. Fed. R. Civ. P. 45(d)(2)(A).

We appreciate your assistance and prompt attention to this matter, and we will gladly reimburse you for any reasonable copying expenses incurred in compliance with this Subpoena. However, prior to preparing these copies, please notify us of the cost should it exceed $200.00.

Also enclosed is a Certification of Records Custodian under Federal Rules of Evidence 902(11) and 902(13). We would appreciate it if, after compiling the requested documents, your records custodian would complete and sign the certification and return it with the production. By doing this, it may not be necessary for us to take the deposition of your records custodian or subpoena him or her to testify at the trial of this matter.

Pursuant to Fed. R. Civ. P. 45(a)(4), notice and a copy of this Subpoena have been served on each party of record before service on you.

If you have any questions or concerns, please do not hesitate to contact me by phone or email.

Sincerely,

Langley Still & Foss

T. Ryan Langley

ENCLOSURES: AS STATED
CC: COUNSEL OF RECORD (VIA ELECTRONIC MAIL)

**TREY STILL**
**trey@lsflawfirm.com**
*Certified Mediator, Licensed in SC*

**T. RYAN LANGLEY**
**ryan@lsflawfirm.com**
*Licensed in SC, NC & GA*

**MATTHEW T. FOSS**
**matt@lsflawfirm.com**
*Licensed in SC*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Georgia

| | | |
|---|---|---|
| Kyle Sloan, et al.<br>*Plaintiff*<br>v.<br>Nicholas Burist, et al.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:22-cv-00076-LGW |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: SKYBITZ, INC., Attn: Custodian of Records, 2300 Dulles Station Blvd., Suite 600, Herndon, Virginia 20171

*(Name of person to whom this subpoena is directed)*

☒ ***Production:*** **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
**SEE ATTACHMENT A**

| Place: | Date and Time: |
|---|---|
| Langley Still & Foss<br>229 Magnolia Street, Spartanburg, SC 29306<br>or by email to Ryan@LSFlawfirm.com<br>and Matt@LSFlawfirm.com | **November 12, 2026 at 5:00 p.m.** |

☐ ***Inspection of Premises:*** **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11\3\2026

*CLERK OF COURT*

_______________________ OR _______________________

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kyle Sloan, et al., who issues or requests this subpoena, are:
Charles J. Hodge, CHodge@hodgelawfirm.com; T. Ryan Langley, Ryan@LSFlawfirm.com; Langley Still & Foss, 229 Magnolia Street, Spartanburg, SC 29306; (864) 585-3873

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:22-cv-00076-LGW

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ______________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________

________________________________________ on (date) ______________ ; or

☐ I returned the subpoena unexecuted because: ______________________________________________

__________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ ____________ .

I declare under penalty of perjury that this information is true.

Date: ________________

__________________________________________________
*Server's signature*

__________________________________________________
*Printed name and title*

__________________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

*For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).*

**ATTACHMENT A TO SUBPOENA TO PRODUCE DOCUMENTS DIRECTED TO SKYBITZ, INC.**

*Kyle Sloan, et al. v. Nicholas Burist, et al., Civil Action No. 2:22-cv-00076-LGW (S.D. Ga.)*

Pursuant to the accompanying subpoena, SkyBitz, Inc. is commanded to produce the documents, electronically stored information, and tangible things described below on or before **November 12, 2026 at 5:00 p.m.**, electronically to Ryan@LSFlawfirm.com and Matt@LSFlawfirm.com, or by mail to Langley Still & Foss, 229 Magnolia Street, Spartanburg, SC 29306. These requests concern the trailer, bearing Maine trailer tag 249030C, which was attached to a 2014 International ProStar tractor (VIN 3HSDJAPR7EN491357). Specifically, for reference this is:

- **1999 Kentucky trailer** — unit 24-333, VIN 1KKVE532XXL114720
- **2014 International tractor** — unit 251-333, VIN 3HSDJAPR7EN491357

The above was involved in a multi-vehicle collision on Interstate 95 southbound near Mile Marker 1 in Camden County, Georgia, at approximately 2:30 p.m. Eastern Time on July 1, 2022 (Georgia State Patrol Agency Case No. C000745264-01).

## I. DEFINITIONS

1. **"SkyBitz," "You," and "Your"** mean SkyBitz, Inc., its parents, subsidiaries, affiliates, predecessors, and successors, and its officers, employees, agents, contractors, and any third-party vendor that hosts, stores, or processes data on its behalf.

2. **"Moholland"** means Joe Moholland, Inc. (USDOT No. 486221), 15481 Farm Creek Drive, Woodbridge, Virginia 22191, and its officers, employees, agents, drivers, and dispatchers.

3. **"Mayflower"** means Mayflower Transit, LLC (USDOT No. 125563), One Mayflower Drive, Fenton, Missouri 63026, and its parent UniGroup, Inc. and their affiliates, officers, employees, and agents.

4. **"Customer"** means Moholland, Mayflower, and any other person or entity that held, administered, was billed for, or had user access to any SkyBitz account under which the Subject Device or Subject Trailer was registered, monitored, or tracked.

5. **"Subject Trailer"** means the trailer bearing Maine trailer registration/tag number 249030C that was being towed by the Subject Tractor on July 1, 2022, together with any trailer identified by any unit number, asset number, VIN, or description that You associate with that registration or with the Subject Tractor on that date.

6. **"Subject Tractor"** means the 2014 International ProStar truck tractor, VIN 3HSDJAPR7EN491357, Missouri tag 59AP8M.

7. **"Subject Device"** means every tracking device, terminal, sensor, gateway, or other hardware or software (including any SkyBitz GLS, SmartTrailer, cargo, door, tire, or connect/disconnect sensor) that was installed on, assigned to, or associated with the Subject Trailer or the Subject Tractor at any time during the Relevant Periods.

8. **"Crash"** means the multi-vehicle collision on Interstate 95 southbound near Mile Marker 1, approximately 0.29 miles south of St. Marys Road, Camden County, Georgia (approximately latitude 30.75501, longitude -81.65156), at approximately 2:30 p.m. Eastern Time on July 1, 2022, documented in Georgia State Patrol Agency Case No. C000745264-01, Specialized Collision Reconstruction Team Case No. SCRTI-055-22, and Georgia Department of Public Safety Incident Report No. DPS00068004.

9. **"Driver"** means Nicholas Dewayne Burist, Virginia CDL No. T61931071, and any other person who operated the Subject Tractor while it was towing the Subject Trailer during the Relevant Periods.

10. **"Document"** has the broadest meaning permitted under the Federal Rules of Civil Procedure and includes electronically stored information ("ESI") of every kind, including databases, data exports, logs, reports, emails, text messages, portal entries, audit trails, and metadata.

11. **"Communication"** means any transmission of information by any means, including email, text or SMS message, automated alert, portal message, letter, and recorded telephone call.

12. **"Relating to"** means concerning, referring to, describing, evidencing, constituting, reflecting, or supporting.

13. The singular includes the plural and vice versa; "and" and "or" shall be construed both conjunctively and disjunctively; and "any" and "all" each mean "any and all."

## II. DOCUMENTS TO BE PRODUCED

1. Produce all location, event, sensor, and diagnostic data in native electronic format (e.g., .csv, .xlsx, or the native database export format) with all fields and metadata intact. Where You also generate a standard report (e.g., a PDF trip or history report) from the same data, produce that report as well. Please produce from April 14, 2022 through July 14, 2022.

2. For every data field, identify the time zone of each timestamp, the clock source (device, GPS, or server receipt time), and the units of measure (e.g., mph or km/h; feet or meters). Please produce from April 14, 2022 through July 14, 2022.

3. All location, movement, and event data recorded by the Subject Device during the Crash Window, at the highest resolution and frequency recorded or stored, including any data captured, buffered, or transmitted after the Crash. Please produce from April 14, 2022 through July 14, 2022.

4. All Communications between You and any Customer, insurer, adjuster, investigator, or attorney relating to the Crash, the Subject Trailer, the Subject Tractor, the Driver, or the data requested in this subpoena. This includes the above parties, including Mayflower/Unigroup and Skybitz. This further includes any litigation hold letters issued by UniGroup/Mayflower related to the above and any letters issued by Skybitz to Mayflower/UniGroup or any party in this case regarding the above. This includes from April 14, 2022 through April 14, 2023.

5. All preservation requests, litigation hold notices, subpoenas, and requests for data You received relating to the Crash, the Subject Trailer, or the Subject Device, and Documents reflecting Your response to each. This includes from April 14, 2022 through April 14, 2023.

I respectfully request that these documents be produced electronically to Ryan@LSFlawfirm.com and Matt@LSFlawfirm.com, or mailed to Langley Still & Foss, 229 Magnolia Street, Spartanburg, SC 29306.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

*Kyle Sloan, et al. v. Nicholas Burist, et al., Civil Action No. 2:22-cv-00076-LGW*

**CERTIFICATION OF RECORDS CUSTODIAN**
**(Fed. R. Evid. 803(6), 902(11), and 902(13); 28 U.S.C. § 1746)**

I, ________________________________, certify as follows:

1. I am employed by SkyBitz, Inc. as ________________________________ (title). I am a custodian of records of SkyBitz, Inc., or am otherwise qualified by my position to make this certification, and I am familiar with the manner in which its records are created and maintained.

2. The records produced with this certification, consisting of ________ pages and/or ________ electronic files, are true and accurate copies of records of SkyBitz, Inc. responsive to the Subpoena to Produce Documents served in the above-captioned action.

3. The records were made at or near the time of the occurrence of the matters set forth in them by, or from information transmitted by, a person with knowledge of those matters.

4. The records were kept in the course of the regularly conducted business activity of SkyBitz, Inc., and it was the regular practice of that business activity to make such records.

5. To the extent the records consist of data generated by SkyBitz tracking devices, sensors, or systems, the data was generated by an electronic process or system that produces an accurate result, and the copies produced were extracted from that system in the ordinary course and are true and complete copies of the data as maintained.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________, 2026, at ______________________________ (city, state).

______________________________________
Signature

______________________________________
Printed Name and Title