**1UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**CLERK'S MINUTES**

---

**CASE NO. 2:22-cv-76** **DATE: 11/05/2026**

**TITLE: Kyle Sloan, et al v. Nicholas Burist, et al.**

---

**HON. BENJAMIN W. CHEESBRO** **COURTROOM DEPUTY: Kim Mixon**

**COURT REPORTER: Debbie Gilbert** **TIME: 1:12-5:09** **TOTAL: 3 hrs./57 min.**

---

**PLAINTIFFS:**
**Kyle Sloan**

**COUNSEL FOR PLAINTIFFS:**
**Camden Hodge**
**Joseph Richard Padgett**
**Matthew T. Foss**
**Charles Hodge**
**Ryan Langley**

**DEFENDANTS:**
**Nicholas Burist, et al.,**

**COUNSEL FOR DEFENDANTS:**
**John Hilliard Burton**

**Mayflower Transit LLC,**

**Jeffrey R. Geldens**
**Todd Ehrenreich**
**Stephen Kyle McDonald**

**EVIDENTIARY HEARING/DISCOVERY DISPUTE RE: DEPOSITION DESIGNATIONS/TRIAL EXHIBITS**

---

**Court begins 1:12.**
**Court discusses agenda for today's hearing.**

**Mayflower's Motion in Limine, doc. 429, and issue #4.**
**Court states matter is briefed but allows parties short time for additional argument to address any issues not already briefed.**

**Item 1-Pertains to missing documents.**
**Item 2-No argument needed on this issue.**
**Item 3 remains an issue to be presented to jury regarding the ongoing business relationship. Lots of email exchanges and $150K exchanged shows agency relationship.**
**Item #4, information pertaining to corporation structure.**
**Trans Advantage is a concierge service over Mayflower and Moholland.**
**There is a Trans Advantage invoice referenced within document production.**
**Court needs no additional argument on issue 5.**

**Mr. Ehrenreich's argument. 1:14-1:22.**
**UniGroup is parent company of Mayflower.**
**Trans Advantage is another subsidiary but nothing to do with Trans Advantage.**
**Nothing further to add on issue #5.**
**Mr. Foss's argument. 1:22-1:37.**
**Mr. Ehrenreich's argument. 1:37-1:46**
**He thought Court had addressed agency agreement.**
**The July 1 booking was never on anyone's book.**
**What happened on 6/17 is not indicative to what happened on 7/1.**
**July 1 is where the evidence that this was Moholland and nothing to do with Mayflower. Defense argues there was no ongoing agency agreement.**

**Court takes five issues under advisement and will issue a written ruling.**

**<u>As to Motion to Exclude Testimony from Mr. Rugermer. Doc. 458.</u>**
**Court-no indication of any prejudice. That argument rejected.**
**Court will take up merits only.**
**Mr. Geldens rests on briefs.**
**Court inquires how this is not an untimely Daubert motion.**
**Mr. Geldens argument. 1:46-1:48**
**Court concerned as to timeliness of this filing.**
**Ryan Langley has nothing to add. Takes Court's questions. 1:49-1:56**
**Mr. Rugermer testified there was a business agreement.**

**Phillip Smith's testimony not in record.**
**There is no trial deposition. Will rely on his report.**
**Defense states he is on will call list.**

**Court takes motion under advisement.**

**Defense objections to Plaintiff's Trial Exhibits.**

**Objection to Plaintiff's Exhibit 87 (traffic ticket).**
**Defense argument is that other tickets are not relevant.**
**Camden Hodge concedes**
**Objection sustained.**

**Objection to Plaintiff's Exhibit 157 (criminal trial transcript).**
**Camden Hodge agrees it does not go back to jury room.**
**For potential impeachment purposes only.**
**Objections by Mayflower as to location and return of license plate.**
**Stephen McDonald argument. 2:01-2:06.**
**Majority of emails are emails for truth of the matter asserted.**
**Contends employees were talking outside of scope.**
**Defense believes Plaintiff will submit emails to show there was an agreement but these employees were not in authority to decide.**
**Court does not agree with Mr. McDonald's characterization.**
**Court likely to overrule this objection.**

**Objection to Plaintiff's Exhibits 19, 52, 56, 57, 58 and 60 (Expert Reports).**
**Objection is hearsay,**
**Plaintiff Camden Hodge-2:08-2:15.**
**Mayflower did not object at the time of depositions.**
**Court not clear how he arrives it is waived.**
**It was the defense's inability to make the objection at all.**
**Unable to cure what hasn't been objected to.**
**Mr. Ehrenreich's response. 2:15-2:17.**
**Court recess. 2:18.**
**Court resumes. 2:29.**

**Mayflower objection to Plaintiff's Exhibits 74, 78 and 79.**
**Camden Hodge argues these are triggering events for Mr. Sloan and his PTSD.**
**Mr. Hodge contends it is reasonable not to put him through it again.**
**Defense will have opportunity to cross-examine him of what is on the video.**

**Objections to Plaintiff's 78 and 79 are agreed upon.**
**Only dispute is Exhibit 74 per parties.**

**Mr. Ehrenreich argues Kyle Sloan's statement was not sworn to.**

**Court takes matter under advisement. 2:33.**

**Objection to Plaintiff's Exhibit 59-photo of Mr. Sloan and his family.**

**Defense Stephen McDonald argument. 2:35-2:38.**
**Mr. McDonald argues the photos are overly prejudicial.**

**Court likely to overrule the objection on the photos.**

**Objection to Plaintiff's Exhibits 28, 30 and 93. Photos of affidavits.**
**Hearsay objection filed but they are photographs.**
**Argument by Stephen McDonald. 2:39-2:40.**
**March, 2023 photos that would presume an agency agreement.**
**These are photos taken 8 months after the incident.**
**Camden Hodge argument-2:40-2:46.**
**Relevant for impeachment purposes.**
**The affidavit itself would help with foundation issue.**
**Would prefer not to have expert for trial.**
**No other conduit other than affidavit for it to come in.**

**Court takes under advisement.**

**Parties have joint agreement on Plaintiff's Exhibits 38, 44 and 77.**
**No discovery depositions coming in. Parties concur.**
**8 deposition transcriptions (witnesses, unavailable at trial), transcripts read allowed but depositions not back to jury.**
**Parties will read the transcripts.**

**Court overrules this objection as moot.**

**Objection to Plaintiff's Exhibit 77 (911 calls).**
**Plaintiff rests on briefs.**
**Court takes under advisement.**

**Objection to Plaintiff's Exhibit 154.**
**No disagreement that it is demonstrative only power point.**

**Deposition Designations:**

**Court has 8 color coded depositions.**
**Plaintiff intends to play recorded depositions.**
**Mr. Burist will not be present at trial.**
**Mr. Ehrenreich states Kratzer can be live. Garr and Locke not here. Donavan not here.**
**Wynn is retired. Kratzer is only one live.**
**Mr. Langley states Plaintiff will subpoena Jones.**
**Mr. Ehreinreich discusses concern of trying case in 5 days with playing all the deposition videos.**

**Charlie Hodge refers to October 29, 2026 letter presented to Court. 3:00.**
**Defense maintains objections.**
**Court directs counsel to submit color-coded copies of what remains objected to in 10/29 letter as soon as possible.**

**3:04 Mr. Burton states that their designation is at 407 of the Burist deposition.**
**Plaintiff has no objection.**

<u>Orange/Red are Plaintiff's designations to which Mayflower objected:</u>

**Pg. 29, 9-19**
**Sustained.**

**Pg. 37, 9**
**Defense argument-speculation. 3:06-3:09.**
**Mr. Padgett argument 3:09-3:10.**
**Court overrules objections to lines 9-22.**

**Pg 38, 11 (objected by Plaintiff).**
**Defense contends there is no record that Burist drove for Mayflower. 3:10**
**Overruled by Court.**

**Pg. 42, line 24**
**Sustained.**

**Pg. 55, line 22-conceds; sustained.**

**Pg. 85, line 1-7- defense has no objection.**

**Pg. 91, line 9,**
**Defense argument-speculation.**
**Court overrules. 3:13.**

**Pg. 92, line 6-9**
**Defense argument-speculation.**
**Court sustains 6-22.**

**Pg 104, line 22**
**Defense argument-relevance.**
**Court overrules.**

**Pg. 110, line 13**
**Defense argument-Trans Advantage argument.**
**Court overrules objection.**

**Pg. 113, line 16**
**Court overrules objection.**

**Pg. 115, line 9.**
**Page 116, line 13**
**Defense argument 3:18-320**
**"Like your insurance" shouldn't come in.**
**Court overrules.**

**Page 116, line 18.**
**Page 117, line 17**
**Court overrules both of these objections.**

**Pg. 126, line 9.**
**Court overrules objection.**

**Pg. 127, line 5.**
**Defense argument. 3:23.**
**Court says no waived objection.**
**Overruled.**

**Pg. 132, line 22**
**Defense argument: speculation/hearsay 3:24.**
**Plaintiff 3:25.**
**Overruled.**

**Pg. 142, line 2**
**Withdrawn.**

**Pg. 145, line 1**
**Objection withdrawn.**

**Pg. 171, line 20.**
**Sustained.**

**Pg. 172, line 8**
**Plaintiff concedes to withdraw 5-9.**
**Sustained**

**Pg. 173, line 16 through 174, line 4**
**Sustained.**

**176, line 22**
**Plaintiff concedes.**
**Sustained.**

**Pg. 189, line 20**
**Defense argument-speculation**
**Plaintiff argument-3:30**
**Overruled.**

**Pg. 190, line 1**
**Overruled.**

**Pg. 201, lines 11-25**
**Defense-speculation**
**Plaintiff concedes.**
**Sustained.**

**Pg. 205, line 14**
**Defense-speculation**
**Plaintiff-3:32**
**Overruled.**

**Pg. 206, line 7**
**Defense-speculation**
**Plaintiff 3:33.**
**Sustained.**

**Pg. 233, line 18**
**Defense withdraws objection.**

**Pg. 234, line 1**
**Defense argues non-responsive answer. 3:35.**
**Court overrules.**

**Pg. 242, line 17**
**Defense states questioning is improper.**
**Sustained.**

**Pg. 243, line 14**
**Court sustains objection.**

**Pg. 256, line 8**
**Defense-speculation.**
**Court overrules objection.**

**Pg. 284, lines 6-12**
**Plaintiff concedes**
**Sustained.**

**Pg. 301, line 12-16**
**Defense withdraws objection.**

**As for Jason Jones's deposition, he will be on a will call list.**

**Court does not address his deposition today.**

**Court address deposition of Rob Garr.**

**Pg. 98, line 11**
**Defense argument-speculation.**
**Overruled.**

**Pg 106, line 12-17**
**Defense argument-3:49.**
**The offer to guess answer portion sustained.**
**Line 18-25, overruled.**

**Pg 107, line 5-9 comes out.**
**Defense argument**
**Plaintiff concedes**
**That portion sustained.**
**Defense withdraws objection to remainder of page.**

**Pg. 110, line 17.**
**Objection withdrawn.**

**Pg. 124, line 23.**
**Objection withdrawn.**

**Pg. 126, line 1.**
**Defense-speculation.**
**Court overrules objection.**

**Pg. 140, line 3.**
**Defense withdraws 2nd objection.**
**First part of objection is overruled.**

**Pg. 141, line 18.**
**Objection withdrawn.**

**Pg. 161, line 22**
**Defense- speculation**
**Sustained**

**Pg. 162, line 1**
**Defense withdraws objection.**

**Pg. 164, line 25**
**Overruled.**

**Pg. 165, line 12 through Pg. 167, line 14**
**Exchange with Langley and Lutz to 166, line 20 no longer designated by Plaintiff. Designation withdrawn.**

**Pg. 178, line 11.**
**Defense withdraws objection.**

**Page 179, line 2.**
**Defense- irrelevant**
**Sustained.**

**Pg. 181, line 20**
**Defense withdraws.**

**Court addresses Robert McCabe 30(b)(6) deposition.**

**Pg. 21, line 2**
**Corporate structure can come in.**
**Court overrules objection.**

**Pg. 36, line 17.**
**Defense states this is jurisdictional 30(b)(6)**
**Withdrawn.**

**Pg. 37, line 7-9.**
**Designation withdrawn.**

**Pg. 64, line 10**
**Withdrawn.**

**Mr. Ehrenreich announces he needs to leave at 4:45 to catch a flight.**
**Court recess. 4:11.**

**Court resumes 4:23.**

**Court discusses Donavan Deposition.**

**Pg. 20, line 13**
**Overruled.**

**Pg. 38, line 19**
**Defense-speculation**
**Overruled.**

**Pg. 62, line 8.**
**Overruled.**

**Pg 63, line 9.**
**Defense-speculation**
**Overruled.**

**Pg. 65, line 10.**
**Overruled.**

**Pg. 72, line 23.**
**Overruled.**

**Pg. 73, line 23**
**Pg. 74, line 3**
**Objections withdrawn.**

**Pg. 84, line 20**
**Objections withdrawn.**

**Pg. 97, line 8**
**Overruled.**

**Court addresses deposition of Angela Locke.**

**Pg. 18, line 13**
**Overruled.**

**Pg. 19, line 1**
**Overruled.**

**Pg. 41, lines 14-19.**
**Designation withdrawn.**

**Pg. 99, line 14.**
**Overruled.**

**Confirmation from defense that Chris Wynn can be produced in person. 4:36.**

**Court addresses Rugermer deposition.**

**Argument by Stephen McDonald.**
**Arguments consistent with what is in the Motion in Limine.**
**Court tables this deposition for now.**

**Mr. Langley states there are a few objections made on the record.**
**There are some additional objections on agency issue.**
**Argument by Mr. Langley. 4:45-4:49.**
**Argument by Mr. McDonald. 4:49-4:52.**

**Court takes argument under advisement.**

**Court states it may be good to get through Motion in Limine first.**
**The Rugermer deposition may be premature to go through at this time.**

**Court addresses Dr.'s transcript.**

**Defense objections to Plaintiff's designation.**

**Pg. 17, line 8.**
**Defense argument 4:54-4:58**
**Argues relevance to jury being given raw medical records.**

**Charlie Hodge says they intend to send "deposition" exhibit back to jury but not sending the transcript back to jury.**

**Mr. Hodge states that the authentication was stipulated to by defense.**

**It's trial exhibit 162.**

**Court instructs counsel to confer on the medical records issues.**
**Court states it is not good use of Court's time.**
**Charlie Hodge requests next hearing by telephone.**
**Court does not commit to it.**
**Court instructs parties to continue their conferral and identify remaining objections.**

**Court will check back with parties early next week.**

**Court defers ruling on privilege challenges. 5:06.**
**Court states most, if not all are privileged but has not completely decided.**

**Mr. Langley announces agreement on business relativity.**

**Court adjourns.**
**5:09**