**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| KYLE SLOAN,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS BURIST, and MAYFLOWER TRANSIT LLC,<br><br>Defendants. | CIVIL ACTION NO.: 2:22-cv-76 |

**ORDER**

This case is set for trial, starting on November 17, 2026. Defendant Mayflower Transit LLC ("Mayflower") filed a Motion in Limine. Doc. 429. Plaintiff responded in opposition. Doc. 453. I held a hearing on this Motion on November 5, 2026, at which counsel for the parties appeared and presented oral argument. For the following reasons and the reasons started at the hearing, I **GRANT in part** and **DENY in part** Mayflower's Motion. The parties may not introduce evidence of or argue about the parties' litigation practices, including conduct during discovery, unless the Court expressly permits the parties to do so in advance. I deny Mayflower's remaining requests.

## DISCUSSION

In its Motion, Mayflower makes five requests. I address each in turn.

### I. Request to Prohibit Any Questions of Witnesses or Argument Discussing Pretrial Discovery and Any Alleged "Missing" or "Withheld" Documents

Mayflower moves to prohibit any argument or questions to witnesses about pretrial discovery or "missing" or "withheld" documents. Doc. 429 at 7. Mayflower emphasizes that witnesses may only testify to matters of which they have personal knowledge. Id. at 7–8. Mayflower also asserts that a party cannot be required to prove a negative and that Plaintiff has no evidence of spoliation or concealment. Id. Finally, Mayflower asserts that its litigation conduct is irrelevant to the merits of Plaintiff's claims. Id. at 8–9.

Plaintiff states in response that he does not intend to argue that "Mayflower's counsel withheld documents, characterize the parties' discovery conduct, or use the phrase 'we don't know what we don't know' as a substitute for proof." Doc. 453 at 4. Plaintiff reiterated this position at the hearing.

Plaintiff partially opposes Mayflower's request for four reasons. First, Plaintiff asserts that, if granted in its entirety, Mayflower's request would improperly bar Plaintiff from "testing" the absence of information. Id. at 4–5. Plaintiff contends that he has an explicit right under Federal Rule of Evidence 803(7) to present evidence showing that Mayflower's recordkeeping was untrustworthy. Second, Plaintiff asserts that the Court must allow him to cross-examine Mayflower's witnesses about their personal

knowledge of searches for information relating to agency, pointing out that Mayflower's request would not prevent counsel from discussing a lack of evidence and that a jury may weigh an "absence of records" defense. Id. at 5. Third, Plaintiff notes that Mayflower points to the lack of an adverse government finding related to the accident, and Plaintiff argues that the Court should allow Plaintiff to introduce evidence about the process through which Mayflower obtained this favorable result. Id. at 5–6. Finally, Plaintiff asserts that, considering a recent discovery dispute, the Court should not issue an order that forecloses impeachment based on a witness's own account of a search for relevant documents. Id. at 6.

Unless as a sanction for failure to preserve evidence, courts do not typically allow juries to hear past discovery disputes or accusations of bad faith. See BP Prod. N. Am. v. Se. Energy Grp., Inc., 282 F. App'x 776, 780 n.3 (11th Cir. 2008) ("This determination is appropriate for the district court to make, as opposed to submitting the issue of bad faith to the jury, because it is imposed as a sanction for failure to preserve evidence."). The Court has not authorized any such sanctions here. Furthermore, the parties appear to agree that Plaintiff should not be able to argue or ask questions to witnesses speculating about "withheld" evidence or "characterize the parties' discovery conduct." Doc. 453 at 4. However, Mayflower has not demonstrated any basis for excluding evidence or argument about the absence of evidence more broadly.

Accordingly, I **GRANT in part** Mayflower's request to exclude evidence or argument about litigation practices, including discovery conduct, unless the party obtains Court approval in advance. However, for the reasons stated at the hearing, I **DENY in part** Mayflower's broader request to exclude all evidence and argument about missing documents or the lack of evidence.

## II. Request to Prohibit Any Suggestion That Witnesses Are Lying

Mayflower moves to exclude any suggestion that witnesses are lying. Mayflower states that, during pretrial proceedings, Plaintiff "ha[s] repeatedly alleged that [Joe Moholland, Inc.] and other witnesses are misrepresenting facts[.]" Doc. 429 at 9. Thus, Mayflower asks that the Court bar any questions, arguments, or statements from counsel that "stray beyond Rules 607 and 608's permissible means of impeachment." Id.

Plaintiff opposes Mayflower's request to restrict all impeachment strictly to Rules 607 and 608. Doc. 453. Plaintiff explains that Federal Rules of Evidence 613 and 611(b) also permit testing witness credibility and that he intends to rely on Rule 611(b) at trial. Id. at 7. Plaintiff also states that, while he previously characterized certain testimony as a "sham" in a legal brief, that characterization does not forecast his intended arguments at trial. Id. at 7–8.

As Plaintiff points out, Rules 607 and 608 are not the only methods of testing witness credibility: Plaintiff has a right to impeach witnesses using Rule 613. Moreover,

Mayflower has not shown any basis for limiting Plaintiff's ability to attack the credibility of witness or suggest that a witness is lying. Thus, I **DENY** this request. Of course, counsel may not personally vouch for the credibility or veracity of a party or witness, but the parties are free to present argument and evidence that suggest that a party or witness is not credible.

## III. Request to Limit Evidence of Joe Moholland-Mayflower Business Arrangements

Mayflower moves to exclude evidence about certain contracts between it and Joe Moholland. Doc. 429 at 10. Specifically, Mayflower moves broadly to exclude evidence of all contracts aside from those contemplated as "in progress" in the papers terminating the temporary agency agreement between the two companies. Mayflower explains that this evidence risks unfair prejudice and jury confusion. Id. Mayflower also contends that such evidence is irrelevant.[1] Id.

Plaintiff opposes this request for four reasons. First, Plaintiff argues that an order barring introduction of evidence of an ongoing relationship between Mayflower

---

[1] Mayflower states in its briefing that "Plaintiff[] ha[s] conceded—in response to summary judgment—that only actual agency is at issue here." Doc. 429 at 10. Mayflower does not identify where or when Plaintiff did so. Plaintiff disputes this, doc. 453 at 11, and I have not found anything in the record corroborating this assertion. At the hearing, Mayflower also stated that the Court held that only actual agency was at issue in its August 27, 2025 Order. See Doc. 354. Mayflower reads the Court's Order too narrowly. The Court ruled that a jury must decide the entire question of whether an agency relationship existed on July 1, 2022. Id. at 22. Because the Court concluded that there was a genuine dispute of material fact as to actual agency, it did not address Plaintiff's alternative arguments about apparent agency. Id. at 16–22.

and Joe Moholland would contradict the Court's summary judgment ruling. Doc. 453 at 9. Plaintiff states that Mayflower "lost the argument that the relationship had ended as a matter of law[.]" Id. Second, Plaintiff argues that Mayflower's underlying agency agreement with Joe Moholland contains a clause that applies the agreement's terms to any shipment that "commenced" before the agreement was terminated and that both companies' representatives admitted that the load at issue commenced before the alleged termination dates. Id. Third, Plaintiff states that Mayflower concedes that there were loads in progress and payments with Joe Moholland that extended beyond the termination date and the date of the crash. Id. at 9–10. Plaintiff asserts that the jury should hear these concessions. Finally, Plaintiff states that evidence that Mayflower seeks to exclude is probative of agency. Plaintiff also asserts that the evidence he seeks to introduce is not unfairly prejudicial or cumulative of other evidence. Id. at 12.

This challenged-evidence is relevant. Evidence of other contracts and interactions between Mayflower and Joe Moholland may be relevant to the two companies' business relationship, which is relevant to whether Joe Moholland and Mayflower were still in an agency relationship on the date of the accident.

Mayflower also argues this evidence should be excluded under Federal Rule of Evidence 403. Rule 403 states, "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence." Moreover, "[e]xclusion under Rule 403 is an 'extraordinary remedy' that should be 'used sparingly.'" United States v. Kapordelis, 569 F.3d 1291, 1313 (11th Cir. 2009).

The risk of prejudice or confusion about the Joe Moholland-Mayflower relationship does not substantially outweigh the probative value of this evidence. Whether an agency relationship existed on July 1, 2022, remains a significant dispute of fact in this case. At the hearing, Plaintiff argued that determining whether an agency relationship existed on that date requires examining Mayflower's course of dealings with Moholland. Plaintiff has shown that this evidence has probative value. Mayflower has not demonstrated a sufficient danger of significant confusion or undue prejudice to justify a broad prohibition. Furthermore, any confusion produced by this evidence can be cured through witness testimony and argument. Accordingly, Mayflower has not satisfied its burden of showing that this evidence is inadmissible under Rule 403. Mayflower may raise additional objections under Rule 403 at trial, if it appears that testimony or evidence is likely to confuse or mislead the jury.

Further, Mayflower's cited authority is distinguishable. In arguing that unrelated transactions with Joe Moholland would be cumulative and confusing to the jury, Mayflower mainly relies on United States v. Lizon-Barias. Doc. 429 at 10 (citing 252 F. App'x 976, 980 (11th Cir. 2007)). However, Lizon-Barias is distinguishable from this case: there, the court excluded evidence under Rule 403 during a trial, stating that

"in light of [the defendant's] testimony and additional explanation of his conduct on cross-examination, there was no 'picture' remaining to be completed or unusual acts to be put in context[.]" United States v. Lizon-Barias, 252 F. App'x 976, 980 (11th Cir. 2007). Here, Mayflower moves in limine to exclude all the challenged evidence prior to trial, rather than objecting during trial. And Mayflower moves to exclude broad categories of evidence in their entirety rather than moving to exclude evidence that is redundant of already established facts.

Next, Plaintiff asserts that the jury should hear Mayflower's alleged concession that loads in progress and payments with Joe Moholland extended beyond the termination date and the date of the crash. Doc. 453 at 9–10 (referring to Doc. 429 at 4).

Statements in a party's brief may be considered as admissions of fact. See Watson v. Lockette, 379 F. App'x 822, 825 (11th Cir. 2010) (interpreting a statement as an admission of fact). However, "[j]udicial admissions must be clear, deliberate, and unequivocal factual assertions." Langdale Co v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn., 110 F. Supp. 3d 1285, 1293–94 (N.D. Ga. 2014) (internal quotation omitted). Such a determination is under the court's discretion. See First Nat'l Bank of Alexander City v. Avondale Mills Bevelle Emps. Fed. Credit Union, 967 F.2d 556, 559–60 (11th Cir. 1992) (applying abuse-of-discretion standard to a district court's decision to construe a statement in a brief as a binding admission).

Mayflower's alleged concession is not clear and deliberate. Mayflower made the purported concession in passing, and the concession is vague and imprecise. Doc. 429 at 4. Thus, I conclude that Mayflower did not make a binding concession. Plaintiff may present evidence and argument about loads and payments between Mayflower and Joe Moholland, but I will not deem this statement as a judicial admission or inform the jury of the alleged concession.

For these reasons, I **DENY** Mayflower's request to limit evidence of Joe Moholland-Mayflower business arrangements.

## IV. Request to Prohibit Discussion of Mayflower's Business Practices

Mayflower moves to exclude discussion of Mayflower's "business practices," arguing that those practices are irrelevant to the accident itself. Id. at 11. Mayflower argues that such evidence would be unfairly prejudicial and irrelevant to the accident. Id. Mayflower also argues that this argument and evidence would qualify as improper character evidence. Id.

Plaintiff partially opposes this request. Plaintiff states that he does not intend to introduce improper character evidence but argues that Mayflower's proposed exclusions are too broad. Doc. 453 at 12. Plaintiff also points out that, as part of a joint exhibit, Mayflower also seeks to introduce evidence of its corporate structure and organizational chart. Further, Plaintiff asserts that evidence of Mayflower's corporate structure is also relevant to Mayflower's agency relationship. Id. at 13.

Mayflower's arguments are unconvincing. Some of Mayflower's business practices are relevant to its agency relationship with Defendant Burist, and Mayflower has not shown that any discussion of its business practices is clearly inadmissible on all possible grounds. Thus, I **DENY** this request. Any objections related to this issue should be raised at trial as argument is made and evidence presented.

**V. Request to Instruct the Jury That Defendant Burist Was Acting Outside the Scope of His Employment Because He Committed a Crime**

Mayflower argues that the Court should inform the jury that if the jury determines that agency or employment exists, it must presume that Burist was acting outside of the scope of his employment because he was committing a crime. Doc. 429 at 11–14.

Plaintiff argues in response that Mayflower's Motion fails for three reasons. First, Plaintiff states that Mayflower's request is procedurally improper, as a motion in limine determines the admissibility of evidence, not establishing presumptions or instructing the jury. Doc. 453 at 13. Second, Plaintiff states that Mayflower's cited authority suggests that it is incorrect about an employee's criminal conduct relieving an employer of liability. Id. at 13–16. Third, Plaintiff states that the scope of Defendant Burist's employment is a jury question and that the evidence Mayflower seeks to exclude is still relevant to other theories that Plaintiff will advance. Id. at 15–16.

Mayflower has not established that the commission of a crime by Burist necessarily means that Burist was acting outside of the scope of his employment.

Therefore, the Court will not decide on this issue at this time. Thus, I **DENY** this request.

**CONCLUSION**

For the foregoing reasons and during the hearing, I **GRANT in part** and **DENY in part** Mayflower's Motion. Plaintiff may not introduce argument or evidence about the parties' litigation practices, including conduct during discovery. I deny Mayflower's remaining requests.

**SO ORDERED**, this 14th day of November, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA