**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| KYLE SLOAN,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS BURIST, and MAYFLOWER TRANSIT LLC,<br><br>Defendants. | CIVIL ACTION NO.: 2:22-cv-76 |

# ORDER

This case is set for trial, starting on November 17, 2026. Plaintiff identified several exhibits for use at trial. Defendants filed Objections to some of Plaintiff's trial exhibits. Docs. 433, 439. Plaintiff responded to Defendant Mayflower Transit LLC's Objections. Doc. 446. I held a hearing on these Objections on November 5, 2026, at which counsel for the parties appeared and presented oral argument. At the hearing, the parties withdrew some exhibits and some objections. I made some oral rulings at the hearing and took the remainder of the objections under advisement. The rulings from the hearing are memorialized here. Additionally, my rulings on all objections taken under advisement are set forth here.

| Exhibit Number | Description | Ruling |
| --- | --- | --- |
| 8 | Emails with statements about location and return of base plates | Overruled. The portion of the exhibit from a Mayflower employee[1] made in the course of employment is not hearsay under Rule 801(d)(2)(D). Mayflower has not shown that the remainder of the exhibit is inadmissible for all purposes. Mayflower may renew this objection to the remainder of the exhibit at trial and Plaintiff must demonstrate that the remainder of the exhibit it not hearsay (e.g., not offered for the truth of the matter asserted) or subject to a hearsay exception.[2] |

[1] In this Order, I refer frequently to a "Mayflower employee." For the purpose of this Order and the exhibits addressed in it, I use the term "Mayflower employee" to also mean any employee of UniGroup or a related entity.

[2] Many of Plaintiff's trial exhibits are email chains with emails from Mayflower employees (which are party statements and are not hearsay), and emails from other individuals and entities (which are non-party statements). Plaintiff has indicated that many of the non-party statements are being offered not for the truth of the matter asserted but for other non-hearsay reasons, such as effect on the listener, notice, knowledge, etc. Indeed, it appears likely that these non-party statements would be admissible for these other reasons. See, e.g., United States v. Starr, 159 F.4th 901, 909 (11th Cir. 2025) ("An out-of-court statement offered to show its effect on the listener isn't hearsay because it's not offered to "prove the truth of the matter asserted."); United States v. Rivera, 780 F.3d 1084, 1092 (11th Cir. 2015) ("[V]erbal acts are not in the first instance assertive statements and not offered to prove the truth of the matter asserted . . . . [O]ut-of-court declarations that are 'more in the nature of an order or a request' and that, 'to a large degree, [are] not even capable of being true or false' are also not hearsay." (third alteration in original) (citation omitted) (quoting United States v. Cruz, 805 F.2d 1464, 1478 (11th Cir. 1986))); Urbanique Prod. v. City of Montgomery, 428 F. Supp. 2d 1193, 1215 (M.D. Ala. 2006) ("Using an out-of-court statement as evidence of the declarant's *knowledge* of the existence of particular facts, rather than as evidence of the truth of the facts asserted, does not offend the hearsay rule." (emphasis in original)); United States v. McKinney, 713 F. App'x 910, 915 (11th Cir. 2017) (upholding admission of out-of-court statements because the statements provided context "as necessary information to understand" the defendant's contradictory statements). However, the parties have not adequately addressed these other non-truth-of-the-matter reasons in their written and oral submissions. Therefore, I do not exclude the exhibits in their entirety at this time, and Mayflower can renew its objections to those portions of the exhibits. In turn, Plaintiff will need to articulate a non-truth-of-the-matter reason for offering those non-party statements.

| Exhibit Number | Description | Ruling |
|---|---|---|
| 13 | Email with statements about location and return of license plates | Overruled. This exhibit is a communication from a Mayflower employee made in the course of employment and, therefore, is not hearsay under Rule 801(d)(2)(D). |
| 17 | Emails about creating a UniGroup portal login | Overruled. Mayflower's hearsay objection lacks merit. The exhibit consists of machine-generated messages that are not hearsay. United States v. Lamons, 532 F.3d 1251, 1263–64 (11th Cir. 2008) (concluding that machine statements are not testimonial statements because the "Federal Rules of Evidence define a 'statement' as an '(1) oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion'" (emphasis omitted)). |
| 19 | Brooks Rugemer's 2024 expert report | Sustained. Mayflower contends the exhibit is hearsay. Plaintiff has not demonstrated that this exhibit is not hearsay. |
| 20 | Emails with statements about location and return of base plates | Overruled. The portion of the exhibit from a Mayflower employee made in the course of employment is not hearsay under Rule 801(d)(2)(D). Mayflower has not shown that the remainder of the exhibit is inadmissible for all purposes. Mayflower may renew this objection to the remainder of the exhibit at trial, and Plaintiff must demonstrate that the remainder of the exhibit is not hearsay (e.g., not offered for the truth of the matter asserted) or subject to a hearsay exception. |
| 25 | Emails with statements about location and return of base plates | Overruled. The portion of the exhibit from a Mayflower employee made in the course of employment is not hearsay under Rule 801(d)(2)(D). Mayflower has not shown that the remainder of the exhibit is inadmissible for all purposes. Mayflower may renew this objection to the remainder of the exhibit at trial and Plaintiff must demonstrate that the remainder of the exhibit |

| Exhibit Number | Description | Ruling |
|---|---|---|
| | | is not hearsay (e.g., not offered for the truth of the matter asserted) or subject to a hearsay exception. |
| 26 | Emails with statements about location and return of base plates | Overruled. The portion of the exhibit from a Mayflower employee made in the course of employment is not hearsay under Rule 801(d)(2)(D). Mayflower has not shown that the remainder of the exhibit is inadmissible for all purposes. Mayflower may renew this objection to the remainder of the exhibit at trial, and Plaintiff must demonstrate that the remainder of the exhibit is not hearsay (e.g., not offered for the truth of the matter asserted) or subject to a hearsay exception. |
| 27 | Emails with statements about location and return of base plates | Overruled. This exhibit is a communication from a Mayflower employee made in the course of employment and, therefore, is not hearsay under Rule 801(d)(2)(D). |
| 28 | Nighthawk Investigations affidavit | Sustained. Mayflower argues that this exhibit is hearsay. Plaintiff did not articulate any non-hearsay basis for the introduction of this exhibit. |
| 30 | Nighthawk Investigations photographs | Sustained. Plaintiff represented at the November 5, 2026 hearing that he cannot lay a foundation for this evidence if the Court excludes the Nighthawk Investigations affidavit. Because I exclude the Nighthawk Investigations affidavit, I exclude this exhibit. |
| 31 | Cab cards and emails with statements about cab cards | Overruled. The portion of the exhibit from a Mayflower employee made in the course of employment is not hearsay under Rule 801(d)(2)(D). Mayflower has not shown that the remainder of the exhibit is inadmissible for all purposes. Mayflower may renew this objection to the remainder of the exhibit at trial, and Plaintiff must demonstrate that the remainder of the exhibit is not hearsay (e.g., not offered for the truth of the matter asserted) or subject to a hearsay exception. |

| Exhibit Number | Description | Ruling |
|---|---|---|
| 37 | Email with statements about the deadline for the return of base plates | Overruled. This exhibit is a communication from a Mayflower employee made in the course of employment and, therefore, is not hearsay under Rule 801(d)(2)(D). |
| 38 | Whole Angela Locke deposition transcript | Overruled as moot for reasons stated at the November 5, 2026 hearing.[3] |
| 39 | Whole Chris Wynn deposition transcript | Overruled as moot for reasons stated at the November 5, 2026 hearing. |
| 40 | Whole Jason Jones deposition transcript | Overruled as moot for reasons stated at the November 5, 2026 hearing. |
| 41 | Whole Nicholas Burist deposition transcript | Overruled as moot for reasons stated at the November 5, 2026 hearing. |
| 42 | Whole Mike Kratzer deposition transcript | Overruled as moot for reasons stated at the November 5, 2026 hearing. |
| 43 | Whole Rob Garr deposition transcript | Overruled as moot for reasons stated at the November 5, 2026 hearing. |
| 44 | Whole Bob McCabe deposition transcript | Overruled as moot for reasons stated at the November 5, 2026 hearing. |
| 45 | Emails with statements about termination of agency agreement and system access | Overruled. The portion of the exhibit from a Mayflower employee made in the course of employment is not hearsay under Rule 801(d)(2)(D). Mayflower has not shown that the remainder of the exhibit is inadmissible for all purposes. Mayflower may renew this objection to |

[3] During the hearing, the parties represented that they agree that they will not seek to introduce the transcripts for the depositions of Angela Locke, Chris Wynn, Jason Jones, Nicholas Burist, Mike Kratzer, Rob Garr, Bob McCabe, and Jack Donovan into evidence.

| Exhibit Number | Description | Ruling |
|---|---|---|
| | | the remainder of the exhibit at trial, and Plaintiff must demonstrate that the remainder of the exhibit is not hearsay (e.g., not offered for the truth of the matter asserted) or subject to a hearsay exception. |
| 49 | Emails with statements about location and return of base plates | Overruled. The portion of the exhibit from a Mayflower employee made in the course of employment is not hearsay under Rule 801(d)(2)(D). Mayflower has not shown that the remainder of the exhibit is inadmissible for all purposes. Mayflower may renew this objection to the remainder of the exhibit at trial, and Plaintiff must demonstrate that the remainder of the exhibit is not hearsay (e.g., not offered for the truth of the matter asserted) or subject to a hearsay exception. |
| 52 | Toxicology report for Jamie Sloan | Overruled at this time. Mayflower objects that this report is hearsay. Unlike a retained expert report prepared for a party to this case, this exhibit is a toxicology report prepared for the Florida 4th District Chief Medical Examiner. In the written and oral submissions, the parties failed to fully address the admissibility of this unique exhibit. Given the unique nature of this exhibit, the document may be subject to a hearsay exception. Therefore, I overrule Mayflower's objection at this time but permit Mayflower to reassert the objection at trial. |
| 56 | Life care plan for Kyle Sloan | Sustained. Mayflower objects that this document is hearsay. Plaintiff has not demonstrated that this exhibit is not hearsay. |
| 57 | Kim Collin's expert report | Sustained. Mayflower objects that the report is hearsay, and Plaintiff has not demonstrated that this exhibit is not hearsay. |
| 58 | Cynthia Grimley's expert report | Sustained. Mayflower objects that the report is hearsay, and Plaintiff has not demonstrated that this exhibit is not hearsay. |

| Exhibit Number | Description | Ruling |
| --- | --- | --- |
| 59 | Photographs of Plaintiff and his family | Overruled for reasons stated at the November 5, 2026 hearing. |
| 60 | Charles Alford's expert report | Sustained. Mayflower objects that the report is hearsay, and Plaintiff has not demonstrated that this exhibit is not hearsay. |
| 74 | Video interview of Plaintiff | Sustained. The parties represent that Plaintiff will be available to testify at trial, and Plaintiff has not identified another basis to admit this exhibit. |
| 75 | 911 calls | Deferred until trial. The parties must confer on hearsay and other issues related to 911 calls. |
| 77 | Whole Jack Donovan deposition transcript | Overruled as moot for reasons stated at the November 5, 2026 hearing. |
| 78 | Video interview of Jordan Stone | Plaintiff withdrew this exhibit at the November 5, 2026 hearing. |
| 79 | Video interview of Will Stone | Plaintiff withdrew this exhibit at the November 5, 2026 hearing. |
| 87 | Defendant Burist's Georgia traffic tickets | Sustained. |
| 93 | Nighthawk Investigations videos | Sustained. Plaintiff represented at the November 5, 2026 hearing that he cannot lay a foundation for this evidence if the Court excludes the Nighthawk Investigations affidavit. Because I exclude the Nighthawk Investigations affidavit, I exclude this exhibit. |
| 122 | Emails with statements about location and return of base plates | Overruled. The portion of the exhibit from a Mayflower employee made in the course of employment is not hearsay under Rule 801(d)(2)(D). Mayflower has not shown that the remainder of the exhibit is inadmissible for all purposes. Mayflower may renew this objection to the remainder of the exhibit at trial, and Plaintiff must demonstrate that the remainder of the exhibit |

| Exhibit Number | Description | Ruling |
|---|---|---|
| | | is not hearsay (e.g., not offered for the truth of the matter asserted) or subject to a hearsay exception. |
| 128 | Email with statements about location and return of base plates | Overruled. This exhibit is a communication from a Mayflower employee made in the course of employment and, therefore, is not hearsay under Rule 801(d)(2)(D). |
| 129 | Emails with statements about roadside inspection documentation | Overruled. The portion of the exhibit from a Mayflower employee made in the course of employment is not hearsay under Rule 801(d)(2)(D). Mayflower has not shown that the remainder of the exhibit is inadmissible for all purposes. Mayflower may renew this objection to the remainder of the exhibit at trial, and Plaintiff must demonstrate that the remainder of the exhibit is not hearsay (e.g., not offered for the truth of the matter asserted) or subject to a hearsay exception. |
| 134 | Emails with statements about location and return of base plates | Overruled. The portion of the exhibit from a Mayflower employee made in the course of employment is not hearsay under Rule 801(d)(2)(D). Mayflower has not shown that the remainder of the exhibit is inadmissible for all purposes. Mayflower may renew this objection to the remainder of the exhibit at trial, and Plaintiff must demonstrate that the remainder of the exhibit is not hearsay (e.g., not offered for the truth of the matter asserted) or subject to a hearsay exception. |
| 151 | Emails with statements about location and return of base plates | Overruled. The portion of the exhibit from a Mayflower employee made in the course of employment is not hearsay under Rule 801(d)(2)(D). Mayflower has not shown that the remainder of the exhibit is inadmissible for all purposes. Mayflower may renew this objection to the remainder of the exhibit at trial, and Plaintiff must demonstrate that the remainder of the exhibit is not hearsay (e.g., not offered for the truth of the matter asserted) or subject to a hearsay exception. |

| Exhibit Number | Description | Ruling |
|---|---|---|
| 154 | PowerPoint presentation used at summary judgment motions hearing | Overruled as moot for reasons stated at the November 5, 2026 hearing.[4] |
| 156 | Emails with statements about location and return of base plates | Overruled. The portion of the exhibit from a Mayflower employee made in the course of employment is not hearsay under Rule 801(d)(2)(D). Mayflower has not shown that the remainder of the exhibit is inadmissible for all purposes. Mayflower may renew this objection to the remainder of the exhibit at trial, and Plaintiff must demonstrate that the remainder of the exhibit is not hearsay (e.g., not offered for the truth of the matter asserted) or subject to a hearsay exception. |
| 157 | Transcript of Defendant Burist's criminal trial | Plaintiff withdrew this exhibit at the November 5, 2026 hearing. Plaintiff stated that he intends only to use this exhibit for impeachment purposes. |

**SO ORDERED**, this 15th day of November, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

[4] Plaintiff will be limited to using this exhibit as a demonstrative.