**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| KYLE SLOAN,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS BURIST, and MAYFLOWER TRANSIT LLC,<br><br>Defendants. | CIVIL ACTION NO.: 2:22-cv-76 |

**ORDER**

This case is set for trial, starting on November 17, 2026. The parties designated various portions of deposition transcripts that they intend to use at trial. Mayflower Transit LLC ("Mayflower") objects to some of those designations and exhibits that were used during the depositions (which Plaintiff maintain should be admitted as trial exhibits). On November 13, 2026, I held a telephonic hearing on objections related to three experts: Dr. Todd Morton; Dr. Charles Alford; and Brooks Rugemer. For the reasons stated below, I **SUSTAIN in part** and **OVERRULE in part** Mayflower's objections. For clarity, all rulings related to Mr. Rugemer are repeated in the attached table. See Attach. A.

## I. Dr. Todd Morton

In its November 9, 2026 letter and during the hearing, Mayflower asked the Court to exclude Dr. Todd Morton's expert report and curriculum vitae. During the hearing, Mayflower argued that the expert report and curriculum vitae are hearsay. Plaintiff did not articulate any reason why the documents do not constitute hearsay and did not identify any applicable hearsay exception to support admission. Accordingly, I **SUSTAIN** this objection and **EXCLUDE** Dr. Morton's expert report and curriculum vitae as trial exhibits. I do not exclude Dr. Morton's testimony about this evidence.

## II. Dr. Charles Alford

Mayflower moves to exclude a portion of Dr. Alford's testimony related to a fringe benefit calculation. For the reasons stated at the hearing, I **OVERRULE** this objection.

## III. Brooks Rugemer

At the November 13, 2026 hearing, Mayflower objected to both Rugemer's deposition testimony and to trial exhibits that Rugemer discusses during the deposition. Mayflower's objections can be grouped into four categories:

1. Legal conclusions about agency and regulatory compliance;
2. Opinions and speculation about others' states of mind;
3. Objections related to exhibits;
4. Questions and testimony about an alleged cover-up; and
5. Redirect examination exceeding the scope of cross-examination.

I address each category in turn.

### A. Legal Conclusions–Rugemer's Testimony on the Existence of an Agency Relationship and Regulatory Compliance Is Impermissible

During the hearing, Mayflower argued that Rugemer improperly opined on the existence of an agency relationship in several portions of his deposition testimony. Many of Mayflower's objections about alleged legal conclusions from the November 13, 2026 hearing duplicated objections made in Mayflower's motion to exclude Plaintiff's expert testimony from Brooks Rugemer. Doc. 458. I am issuing a separate Order addressing that motion and excluding Rugemer's testimony that an agency relationship between Mayflower and Moholland existed and regulatory compliance. Therefore, I also **SUSTAIN** Mayflower's objections based on the same grounds. For clarity, the following portions of Rugemer's testimony are excluded under this ruling:

1. 035:005–035:018[1]
2. 040:009–040:015
3. 041:016–041:020
4. 042:004–042:011
5. 047:013–048:002[2]

---

[1] Mayflower argues that the following portions of Rugemer's testimony constitute legal opinions: 035:005–036:005; 036:012–037:013. However, only 035:005–035:018 constitutes a legal opinion. The other portions consist of facts that support Rugemer's opinions. As such, I do not exclude those other portions.

[2] Mayflower also asserted that the following testimony was speculative and should be excluded: 047:006–047:012. I overruled this objection during the hearing, and I memorialize my ruling here.

6. 051:007–051:017

7. 063:019–063:024

8. 064:016–064:024

9. 082:005–082:011

10. 091:023–092:015

11. 093:001–094:007

12. 118:015–118:025

13. 119:009–120:020

**B. Mental State of Another–Rugemer's Testimony on Motive or Mental State of Another Is Impermissible**

Mayflower argues that Rugemer impermissibly speculates about other individuals' states of mind, motives, and credibility.

"[A]n expert cannot speculate as to an individual's state of mind." Guisto v. Int'l Paper Co., No. 1:19-CV-00646, 2021 WL 3603374, at *6 (N.D. Ga. Aug. 13, 2021). Speculative state-of-mind statements are not admissible as expert testimony because they are "legal conclusions as to another person's state of mind" and thus are not the type of evidence that a jury "need[s] the assistance of an expert to understand." Omar v. Babcock, 177 F. App'x 59, 63 n.6 (11th Cir. 2006) (citing Fed. R. Evid. 702).

Rugemer's challenged testimony contains three unresolved instances of possible impermissible speculation as to another person's state of mind.[3] First, Plaintiff's counsel asked: "Adam Petrie, who we identified as one of the senior managers for safety at Mayflower, is showing his knowledge that Mayflower is continuing to allow the use of Moholland's plates through the end of the week ending July 1st, 2022." 066:18–066:024. Rugemer responded in the affirmative. Id. Inferring what an email author knew is improper state-of-mind testimony. I **SUSTAIN** this objection.

Second, Plaintiff's counsel asked Rugemer whether Rob Garr "had an incentive to testify favorably[.]" 083:007–084:005. Rugemer responded, "[A]bsolutely." Id. Plaintiff's counsel also, on lines 086:014–086:018, asked Rugemer whether a document formed "the basis of [Rugemer's] opinion earlier that Rob Garr had an incentive to testify favorably to Mayflower and his credibility should be questioned," to which Rugemer also provided an affirmative response. Id. In giving these affirmative answers, Rugemer impermissibly testified about Garr's motives and evaluated bias and

---

[3] During the hearing, Mayflower raised an additional challenge as to Rugemer's opinion that "there's just an ongoing, nearly interminable allowance of Moholland to keep using these tags" at lines 063:022–063:024. Because I exclude this testimony as an impermissible legal opinion, I need not address this argument.

credibility; these determinations belong exclusively to the jury.[4] I **SUSTAIN** this objection.

Third, Plaintiff's counsel asked Rugemer about the "purpose that Steve Bojan . . . is seeking here pictures without UniGroup decals or plates[.]" 078:014–078:024. Had Rugemer responded to this question in the affirmative, Rugemer would have provided impermissible testimony. However, Rugemer did not answer this question. Doc. 467-5 at 20. By not answering the question, Rugemer did not impermissibly testify. However, given the nature of the question and the fact that Rugemer did not testify, I **SUSTAIN** the objection to this portion of the deposition transcript.

In sum, I **SUSTAIN** Mayflower's objections to the following testimony:[5] 066:018–066:024; 083:001–084:005; 086:014–086:018; and 078:014–078:024.

### C. Document-Related Objections

During Rugemer's deposition, Plaintiff's counsel asked Rugemer about numerous documents and identified several of those documents as deposition exhibits. Plaintiff intends to present Rugemer at trial through his deposition testimony due to

---

[4] During the hearing, Defendant also challenged lines 084:006–086:007, arguing that this portion of Rugemer's testimony contained impermissible speculation and opinions about credibility. Upon review, this testimony contains neither: Rugemer reads documents, describes evidence he reviewed, and opines about the amount of time that motor carriers take to recover signage and plates from former agents. Mayflower's argument about lines 084:006–086:007 is unconvincing.

[5] Because I conclude that Rugemer's statements about Garr's motives and credibility should be excluded for this reason, I do not address Mayflower's additional argument about improper credibility determinations.

Rugemer's unavailability, and Plaintiff has designated certain portions of the deposition to be used at trial. Consequently, Plaintiff also seeks to use the deposition exhibits introduced during the deposition as trial exhibits.

Mayflower objects to (1) the admission of some of the deposition exhibits into evidence, and (2) Rugemer's testimony about inadmissible documents. Specifically, Mayflower contends the exhibits are impermissible hearsay and that Rugemer cannot authenticate certain exhibits. As to testimony, Mayflower argues that Rugemer improperly read extended portions of inadmissible exhibits into the record, which would allow Plaintiff to essentially put inadmissible hearsay into evidence. I first address Mayflower's challenges to the admission of the exhibits into evidence and then address Mayflower's challenges to Rugemer's testimony about these exhibits. Notably, I only sustain Mayflower's challenges to the admission of documents into evidence where Mayflower has shown that the documents are inadmissible for all purposes or Plaintiff has failed entirely to show any possible basis for admission.

### *1. Admission of deposition exhibits into evidence.*

During the hearing, Mayflower raised eight objections to exhibits introduced during Rugemer's deposition, contending that each exhibit is inadmissible hearsay. I address each in turn. This subsection addresses only whether the Mayflower has shown that the particular exhibit should not be admitted into evidence and does not address whether Rugemer is permitted to testify about the document.

**Deposition Exhibit 4 (Correspondence and Cab Cards 042:012–042:023 and deposition).** Mayflower objects to a set of cab cards and email correspondence about cab cards for the truck involved in the incident. Doc. 467-5 at 11.

This evidence consists of two components: the cab cards and email correspondences about the cab cards. Mayflower failed to show that either is inadmissible hearsay. Starting with the cab cards, under Federal Rule of Evidence 803(8), a document is not excluded as hearsay if it is a record, report, statement, or data compilation, in any form, of a public agency that sets forth the activities of the agency or a matter observed under a legal duty to report. Fed. R. Evid. 803(8). The Missouri Department of Transportation's issuance of a cab card reflects routine ministerial recordkeeping, and the Missouri Department of Transportation is under a legal duty to produce cab cards. Mayflower has not asserted that the cab card is untrustworthy.

As to the emails, Mayflower has not shown sufficiently that the correspondences are inadmissible for all possible purposes. Notably, a portion of this email exchange originates with a Mayflower employee, and the statement is made in the course of employment, making the statement non-hearsay. See Fed. R. Evid. 801(d)(2)(D). It also appears that the remainder of the email correspondences may be offered for a reason other than the truth of the matter asserted. Mayflower may re-raise its objections at trial if Plaintiff fails to show that a hearsay exception or sufficient non-hearsay reason supports the admission of this testimony. I **OVERRULE** the objection.

**Deposition Exhibit 5 (Cab Card 043:008–043:020).** Mayflower objects to the cab card for the truck involved in the incident. Doc. 467-5 at 11. In addition to asserting that this is hearsay, Mayflower asserted that Rugemer cannot testify to the specifics of the document and so cannot authenticate it.

Rugemer's deposition testimony contains a sufficient foundation. "[O]nly minimal foundational testimony is required in order to admit public records under Rule 803(8)." Carrizosa v. Chiquita Brands Int'l, Inc., 47 F.4th 1278, 1297 (11th Cir. 2022). Indeed, "[p]ublic records may be authenticated by showing that they are 'from the public office where items of [that] nature are kept.'" United States v. Rivera-Soto, 451 F. App'x 806, 807 (11th Cir. 2011). Here, Rugemer testified unequivocally that this document "was provided by the Missouri Department of Transportation." Doc. 467-5 at 12. Therefore, this cab card is also admissible under Rule 803(7). I **OVERRULE** the objection.

**Deposition Exhibit 6 (International Fuel Tax Agreement License 048:004–048:006).** Mayflower objects to the admission of an International Fuel Tax Agreement license. Doc. 467-5 at 12.

Like the cab cards, this license falls within the public records exception. The license reflects routine, ministerial recordkeeping by the issuing state agency, which operates under a legal duty to issue and maintain International Fuel Tax Agreement credentials. Because Mayflower has not shown that the circumstances suggest a lack of

trustworthiness, the license is admissible under Rule 803(8). I **OVERRULE** the objection.

**Deposition Exhibit 7 (Agency statements 051:018–051:019)**. Mayflower objects to a collection of agency statements. Doc. 467-5 at 13.

A document is admissible as a business record under Rule 803(6) if (1) was made at or near the time of the event by someone with knowledge, (2) it was kept in the regular course of business, (3) it was the organization's regular practice to make such a record, (4) a qualified witness is able to testify to these facts, and (5) the party opposing admission does not show a lack of trustworthiness. Fed. R. Evid. 803(6). While the witness does not need to have personal knowledge of the record-keeping practice, "[Rule] 803(6) requires the testimony of a custodian or other qualified witness who can explain the record-keeping procedure utilized." United States v. Garnett, 122 F.3d 1016, 1018–19 (11th Cir. 1997).

While the agency statements may qualify as business records generally under Rule 803(6), nothing indicates that Rugemer is a custodian or a qualified witness who can testify about Mayflower's recordkeeping practices. At best, during his deposition, Rugemer reads and summarizes elements of the agency statements as part of his testimony, but he does not establish whether Mayflower typically made such records or that they were kept in the regular course of business. Thus, I **SUSTAIN** Mayflower's objection to this exhibit.

**Deposition Exhibit 8 (Email Collection 064:025–065:012).** Mayflower objected to the admission of a collection of emails. Doc. 467-5 at 16–17. Mayflower has not shown sufficiently that this exhibit is inadmissible for all possible purposes. Notably, a portion of this email exchange originates with a Mayflower employee, and the statement is made in the course of employment, making the statement non-hearsay. See Fed. R. Evid. 801(d)(2)(D). It also appears that the remainder of the email correspondences may be offered for a reason other than the truth of the matter asserted. Mayflower may re-raise its objections at trial if Plaintiff fails to show that a hearsay exception or sufficient non-hearsay reason supports the admission of this testimony. I **OVERRULE** the objection.

**Deposition Exhibit 9 (July 1, 2022 Internal Email 066:025–067:001)**. Mayflower objected to the admission of an email dated July 1, 2022. Doc. 467-5 at 17.

Mayflower's hearsay challenge to this evidence fails. The objected-to exhibit consists of a single email sent from one UniGroup employee to another UniGroup employee. Under Rule 801(d)(2)(D), a statement is not hearsay when it "is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). "[T]he [relevant] inquiry is whether [the deponent] was authorized to act for his principal . . . concerning the matter about which he allegedly spoke." Wilkinson v. Carnival Cruise Lines, Inc., 920 F.2d 1560, 1566 (11th Cir. 1991). In the email, the

writer, who is using a UniGroup email address, provides an update about the status of base plates previously shared with Moholland. I **OVERRULE** the objection.

**Deposition Exhibit 10 (Roadside Inspection Report 075:021–076:006).** Mayflower objected to a driver examination report. Doc. 467-5 at 19.

This report falls within the public records exception. The report reflects routine, ministerial recordkeeping by the Georgia Department of Public Safety, which operates under a legal duty to issue driver examination reports. Because Mayflower has not shown that the circumstances suggest a lack of trustworthiness, the report is admissible under Rule 803(8). I **OVERRULE** the objection.

**Deposition Exhibit 13 (Lease Certification 088:019–088:020).** Mayflower objected to an equipment description addendum and statement of lease certification. Doc. 467-5 at 22.

Like the agency statements, the equipment description addendum and statement of lease certification do not satisfy Rule 803(6) based on Rugemer's testimony. Nothing indicates that Rugemer is sufficiently familiar with Mayflower's recordkeeping when discussing this evidence; instead, he simply reads it and discusses it during the deposition. Id. I **SUSTAIN** the objection.

**2. *Rugemer's testimony about challenged documents.***

Mayflower also challenged portions of Rugemer's testimony in which Rugemer allegedly reads emails into the record without offering an expert opinion.

Generally, "it is inappropriate for experts to become a vehicle for factual narrative." Pledger v. Reliance Trust Co., No. 1:15-CV-4444, 2019 WL 4439606, at *12 (N.D. Ga. Feb. 25, 2019). Moreover, "an expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence." Tillman v. C.R. Bard, Inc., 96 F. Supp. 3d 1307, 1330 (M.D. Fla. 2015); see also Affiliati Network, Inc. v. Wanamaker, No. 1:16-cv-24097, 2017 WL 7361048, at *5 (S.D. Fla. Aug. 14, 2017) (excluding opinion where expert did not explain how he reached his conclusions about payment card fraud based on his professional marketing experience).

At the hearing, Mayflower argued that Rugemer simply reads portions of the IRP card for the tractor into the record in the following portions of Rugemer's testimony: 044:001–045:003. Doc. 467-5 at 11–12. Mayflower is correct that the challenged testimony is a description of the contents of the cab card. However, along with offering expert opinions, experts may also offer non-opinion testimony. Here, Rugemer is describing a non-hearsay document, and nothing suggests that Rugemer is doing so "solely for the purpose of constructing a factual narrative based on record evidence." Tillman, 96 F. Supp. 3d at 1330. I **OVERRULE** Mayflower's objection to this testimony.

Second, Mayflower challenged the following portions of Rugemer's testimony: 052:010–055:020; 056:003–056:017; 056:021–057:011; and 060:025–062:009. Id. at 13–16. Mayflower asserted that this testimony should not be admitted because Rugemer is simply reading emails. Mayflower's argument is unconvincing. In the challenged

portions, Rugemer and Plaintiff's counsel review a series of emails; at the end of the exchange Plaintiff's counsel confirms with Rugemer that the emails "form the basis of Rugemer's opinion that there was authorization for Joe Moholland to operate this tractor under Mayflower's IRP, IFTA stickers, and license and registration on July 1st[.]" Id. at 16. Rugemer is not reading an otherwise inadmissible document into the record. I **OVERRULE** Mayflower's objection to this testimony.

Third, Mayflower pointed to testimony and questions in the following portions of Rugemer's testimony: 062:011–062:016; and 062:018–063:018. Id. Here, too, Mayflower asserts that Rugemer simply reviewed emails before providing an impermissible legal conclusion. My reasoning as to Mayflower's second challenge holds true here: Rugemer considered documents before providing a conclusion. I **OVERRULE** Mayflower's objection to this testimony.

Fourth, Mayflower objected to the following portions of Rugemer's testimony: 067:012–068:008. Id. at 17. Mayflower asserts that this testimony does little more than describe roadside inspection records. Mayflower's argument is unconvincing. Expert witnesses routinely use documents during depositions, and Rugemer is reviewing a document that Mayflower has not shown is inadmissible. Mayflower has not shown why the Court should exclude this testimony. Thus, I **OVERRULE** Mayflower's objection to this testimony.

Fifth, Mayflower argued that, for similar reasons, Rugemer improperly discussed an email exchange between Sue DeMien and Chris Wynn in the following portions of Rugemer's testimony: 069:002–069:011; and 069:014–071:001. Id. at 18. Mayflower's argument is unconvincing. Rugemer reviewed this correspondence before providing an opinion, and Mayflower has not shown that the email exchange Rugemer discusses is inadmissible hearsay. I **OVERRULE** Mayflower's objection to this testimony.

Sixth, Mayflower also objects to the following portions of Rugemer's testimony: 072:012–072:025. Id. This portion of the transcript captures Rugemer again reviewing documents before providing an opinion. Mayflower has not shown that this evidence is inadmissible. I **OVERRULE** Mayflower's objection to this testimony.

Seventh, Mayflower argued that the Court should also exclude the following portions of Rugemer's testimony: 086:020–087:024. Id. at 21–22. At the hearing, Mayflower asserted that this testimony constituted little more than reading the contents of exhibits into the record without offering analysis or non-legal conclusions. In the challenged testimony, Rugemer and Plaintiff's counsel briefly discuss a cab card and a lease agreement signed by a Mayflower employee. For reasons similar to those discussed above, I **OVERRULE** Mayflower's objections to this testimony.

Finally, Mayflower argued that the Court should exclude the following portions of Rugemer's testimony: 088:003–088:018; and 089:005–090:007. In these portions, Rugemer summarizes a lease agreement; however, I have concluded that this lease

agreement is not admissible at this time. Accordingly, Rugemer's testimony risks exposing the jury to otherwise inadmissible evidence. I **SUSTAIN** Mayflower's objection to this testimony.[6]

### D. Objections Related to the Alleged Cover-Up Testimony

At the hearing, Mayflower objected to questions and testimony about Steve Bojan's July 12, 2022 email, which Mayflower maintains implies that Mayflower engaged in a post-accident cover-up. Mayflower objects on the grounds that this line of questioning improperly invited Rugemer to speculate about Mr. Bojan's state of mind and relied on argumentative questions that assume facts not in evidence.[7] Mayflower objects to the questions and testimony found at 078:014–082:011.

In relevant part, Plaintiff's counsel first asked Rugemer about the "purpose that Steve Bojan . . . is seeking here pictures without UniGroup decals or plates," and Rugemer did not answer this question. After an objection to form, Plaintiff's counsel then asked, "Is it industry custom to try to cover up your involvement in a collision after the wreck?," to which Rugemer responded, "No, it is not[.]" Plaintiff's counsel followed up by asking whether it is "proper under the Federal Motor Carrier Safety

---

[6] If the documents are admitted into evidence before Rugemer testifies at trial, Plaintiff may ask the Court to revisit this ruling.

[7] Mayflower also asserted that the line of questioning was prejudicial. Because Mayflower previously raised similar prejudice arguments in its motion to exclude Plaintiff's expert testimony from Brooks Rugemer, doc. 458, I address Mayflower's prejudice arguments in a separate Order.

regulations or industry—or any industry custom or standard to send selective pictures showing some trucks not bearing a motor carrier's name when there are other trucks that do bear a motor carrier's name at the same time," to which Rugemer stated, "There's no reasoning for it. As I said earlier on, this whole process is something that they have protocols. Mayflower has protocols to do this with agents that they wish to separate from. This can be done in a manner of days." Then, Plaintiff's counsel asked, "Is that an indication that the agency agreement remained in place as of July 13, 2022, the fact that it wasn't done during the time period when Mayflower alleges the agreement was terminated?," to which Rugemer responded in the affirmative.

As to Mayflower's form objections under Federal Rule of Evidence 611(a), I conclude that the examination falls within permissible bounds and may be admitted, subject to a condition. Plaintiff's counsel's questions were properly grounded in the record evidence. And rather than testifying to facts not in evidence, Rugemer addressed general motor carrier industry customs, regulatory prohibitions against falsifying records, and carrier separation timelines. But as I explain in my Order addressing Mayflower's motion to exclude Plaintiff's expert testimony from Rugemer, the questioning and testimony, without more, should be excluded under Rule 403. However, if Mayflower presents information, evidence, or argument at trial that suggests that the absence of adverse findings in a government investigation is probative of its lack of responsibility, then Plaintiff may respond by introducing Rugemer's

testimony regarding efforts by Mayflower to obscure its involvement in the accident. Therefore, I conditionally **SUSTAIN** this objection.

### E. Objections Relating to the Scope of Redirect Examination

Finally, Mayflower challenged two portions of Plaintiff's redirect examination of Rugemer, asserting that Plaintiff exceeded the permissible scope of redirect examination: 116:016–117:018; and 118:001–118:014. Mayflower argued that Plaintiff's counsel exceeded the scope of the redirect examination because Plaintiff's counsel asked Rugemer about vehicle license plates, Mayflower decals, a cab card, and an International Fuel Tax Agreement ("IFTA") sticker, but Mayflower contends it never cross-examined Rugemer on these topics.

During the deposition, Plaintiff's counsel asserted that this redirect examination was within the proper scope because the cross-examination touched on the matter of agency, including Nicholas Burist's testimony about agency, Samsara access, Rob Garr's testimony about the temporary agency agreement, and that Plaintiff's questions merely addressed the same general topic of agency.

Courts generally "limit the scope of redirect examination to the subject matter brought out on cross-examination"; ideally, parties should not present new material. United States v. Williams, 805 F. App'x 672, 687 (11th Cir. 2020) (quoting United States v. Riggi, 951 F.2d 1368, 1375 (3d Cir. 1991)). A court may, at its discretion, terminate redirect examination when the examining party uses redirect examination for purposes

other than "to augment the evidence or address issues raised on cross-examination." United States v. Hansen, 563 F. App'x 675, 677 (11th Cir. 2014).

Mayflower's objection lacks merit. During Rugemer's cross-examination, Mayflower's counsel expressly asked Rugemer about the presence of Mayflower decals with Mayflower's DOT number on the tractor involved in the accident. 101:010–101:015. Rugemer also offered testimony during cross-examination about the IFTA sticker and the license plates in response to a question from Mayflower's counsel about the basis for Rugemer's opinion on agency, and Mayflower did not object to that answer. 104:001–104:004. Given the questions and testimony during Mayflower's cross-examination of Rugemer, Mayflower has not shown that Plaintiff exceeded the scope of redirect such as to warrant excluding testimony. Thus, I **OVERRULE** Mayflower's objection.

## CONCLUSION

For the reasons stated above, I **SUSTAIN in part** and **OVERRULE in part** Mayflower's objections.

**SO ORDERED**, this 15th day of November, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

## Attachment A

| Portions of Brooks Rugemer's Testimony to Which Mayflower Objects | |
|---|---|
| **Line Number** | **Ruling** |
| 035:005–035:018 | Sustained. Rugemer offers an improper legal conclusion. |
| 035:019–036:005 | Overruled. Mayflower has not shown that there is no basis to admit the agency agreement. |
| 036:012–037:013 | Overruled. Mayflower argued that this portion contained a legal conclusion, but this testimony does not contain a legal conclusion. |
| 040:009–040:015 | Sustained. Rugemer offers an improper legal conclusion. |
| 041:016–041:020 | Sustained. Rugemer offers an improper legal conclusion. |
| 042:004–042:011 | Sustained. Rugemer offers an improper legal conclusion. |
| 042:012–042:023 | Overruled. Mayflower has not shown that there is no basis to admit the correspondence and cab cards. |
| 043:008–043:020 | Overruled. Mayflower has not shown that there is no basis to admit the cab card. |
| 044:001–045:003 | Overruled. Rugemer does not offer an improper factual narrative. |
| 047:006–047:012 | Overruled. Rugemer does not offer an improper factual narrative. |
| 047:013–048:003 | Sustained. Rugemer offers an improper legal conclusion. |
| 048:004–048:006 | Overruled. Mayflower has not shown that there is no basis to admit the International Fuel Tax Agreement license. |
| 051:007–051:017 | Sustained. Rugemer offers an improper legal conclusion. |
| 051:018–051:019 | Sustained. Plaintiff has not shown a basis for admitting the lease certification. |
| 052:010–055:020 | Overruled. Rugemer does not offer an improper factual narrative. |
| 056:003–056:017 | Overruled. Rugemer does not offer an improper factual narrative. |
| 056:021–057:011 | Overruled. Rugemer does not offer an improper factual narrative. |
| 057:012–060:014 | Sustained. Attorney discussion of objections. This portion should not be played for the jury. |
| 060:025–062:009 | Overruled. Rugemer does not offer an improper factual narrative. |
| 062:011–062:016 | Overruled. Rugemer does not offer an improper factual narrative. |
| 062:018–063:018 | Overruled. Rugemer does not offer an improper factual narrative. |
| 063:019–063:024 | Sustained. Rugemer offers an improper legal conclusion. |
| 064:016–064:024 | Sustained. Rugemer offers an improper legal conclusion. |
| 064:025–065:012 | Overruled. Mayflower has not shown that there is no basis to admit the correspondence. |
| 066:018–066:024 | Sustained. Rugemer opines about the mental state of another individual. |

| Portions of Brooks Rugemer's Testimony to Which Mayflower Objects | |
|---|---|
| 066:025–067:001 | Overruled. Mayflower has not shown that there is no basis to admit the July 1, 2022 internal email. |
| 067:012–068:008 | Overruled. Rugemer does not offer an improper factual narrative. |
| 069:002–069:011 | Overruled. Rugemer does not offer an improper factual narrative. |
| 069:014–071:001 | Overruled. Rugemer does not offer an improper factual narrative. |
| 071:002–072:004 | Sustained. Attorney discussion of objections. This portion should not be played for the jury. |
| 072:012–072:025 | Overruled. Rugemer does not offer an improper factual narrative. |
| 075:021–076:006 | Overruled. Mayflower has not shown that there is no basis to admit the roadside inspection report. |
| 077:020–078:013 | Overruled. Rugemer does not offer an improper factual narrative. |
| 078:014–078:024 | Sustained. Rugemer is asked about the mental state of another and does not answer because of objection. |
| 078:014–082:011 | Conditionally sustained. Rugemer's testimony regarding a potential cover-up is excluded unless Mayflower seeks to introduce evidence and argument that the absence of an adverse governmental investigation is probative of its position in the case. |
| 082:005–082:011 | Sustained. Rugemer offers an improper legal conclusion. |
| 082:017–082:021 | Sustained. Attorney discussion of objections. This portion should not be played for the jury. |
| 083:001–083:006 | Overruled. Rugemer does not offer an improper factual narrative. |
| 083:007–084:005 | Sustained. Rugemer opines about the mental state of another individual. |
| 084:005–086:007 | Overruled. Rugemer does not offer an improper factual narrative. |
| 086:008–086:009 | Overruled. Mayflower has not shown that there is no basis to admit the July 11, 2022 letter. |
| 086:014–086:018 | Sustained. Rugemer opines about the mental state of another individual. |
| 086:020–086:024 | Overruled. Rugemer does not offer an improper factual narrative. |
| 087:001–087:008 | Overruled. Rugemer does not offer an improper factual narrative. |
| 088:003–088:018 | Overruled. Rugemer does not offer an improper factual narrative. |
| 088:019–088:020 | Sustained. Rugemer recites or summarizes a potentially inadmissible document. |
| 089:005–090:007 | Sustained. Rugemer recites or summarizes a potentially inadmissible document. |
| 091:023–092:015 | Sustained. Rugemer offers an improper legal conclusion. |
| 093:001–094:007 | Sustained. Rugemer offers an improper legal conclusion. |

| **Portions of Brooks Rugemer's Testimony to Which Mayflower Objects** | |
|---|---|
| 116:016–117:018 | Overruled. Plaintiff's counsel's redirect did not stray beyond the scope of cross-examination. Though, the exchange between counsel should not be played for the jury. |
| 118:001–118:014 | Overruled. Plaintiff's counsel's redirect did not stray beyond the scope of cross-examination. Though, the exchange between counsel should not be played for the jury. |
| 118:015–118:025 | Sustained. Rugemer offers an improper legal conclusion. |
| 119:009–120:020 | Sustained. Rugemer offers an improper legal conclusion. |

| **Deposition Exhibits to Which Mayflower Objects** | |
|---|---|
| **Exhibit Number** | **Ruling** |
| 4 | Overruled. |
| 5 | Overruled. |
| 6 | Overruled. |
| 7 | Sustained. |
| 8 | Overruled. |
| 9 | Overruled. |
| 10 | Overruled. |
| 13 | Sustained. |