**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| KYLE SLOAN, INDIVIDUALLY; AND AS PERSONAL REPRESENTATIVE OF THE ESTATES OF RYLIE SLOAN AND JAMIE SLOAN; KYLE SLOAN AS SURVIVING SPOUSE OF JAMIE SLOAN; KYLE SLOAN AS SURVIVING PARENT OF RYLIE SLOAN; AND SUSAN WEST, INDIVIDUALLY; AND AS THE NEXT FRIEND AND NATURAL GUARDIAN OF K.W., A MINOR,<br>Plaintiffs,<br><br>v.<br><br>NICHOLAS BURIST and MAYFLOWER TRANSIT, LLC,<br>Defendants. | CIVIL ACTION FILE<br>NUMBER 2:22-cv-00076-LGW<br>**THIS DEFENDANT DEMANDS A JURY TRIAL** |

**DEFENDANT NICHOLAS BURIST'S ANSWER TO THE THIRD AMENDED COMPLAINT FOR DAMAGES**

Defendant Nicholas Burist incorporates by reference herein his Answer, Answer to the First Amended Complaint for Damages, and Answer to the Second Amended Complaint for Damages, answers the Third Amended Complaint for Damages, and shows the Court as follows.

**FIRST DEFENSE**

Plaintiffs failed to properly or sufficiently serve this Defendant with the Summons, Complaint, and amended complaints.

**SECOND DEFENSE**

This Court lacks personal jurisdiction and venue over this Defendant.

**THIRD DEFENSE**

**NATURE OF COMPLAINT**

1.

This Defendant admits this civil action arises from a motor vehicle collision, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**PARTIES, JURISDICTION, AND VENUE**

2.

This Defendant admits the Court has subject matter jurisdiction, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

3.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations that the vehicle he was driving struck Plaintiff's vehicle or that he is liable to Plaintiffs and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

6.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.

This Defendant admits he is a citizen of Virginia and a resident of Georgia (he is incarcerated), he was driving a 2014 ProStar International tractor with vehicle identification number 3HSDJAPR7EN491357 with tag number 59AP8M, and Plaintiffs can serve him at the Camden County Jail. This Defendant asserts his Fifth

Amendment right against self-incrimination as to the allegations his acts or omissions killed or injured anyone and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

10.

This Defendant admits he was operating a commercial motor vehicle in Camden County, Georgia, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

11.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.

This Defendant denies the Court has personal jurisdiction over him and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

19.

This Defendant admits the Court has subject matter jurisdiction, denies the Court has personal jurisdiction or venue

over him, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**MAYFLOWER'S MOTOR CARRIER AUTHORITY, AGENCY, AND CONTROL**

20.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.

This Defendant denies he was a lessee, owner, or lessor of the tractor he was driving and is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations.

37.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 46.

47.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

## GENERAL ALLEGATIONS

51.

This Defendant incorporates by reference herein his responses to Paragraphs 1 to 50 of the Third Amended Complaint for Damages.

52.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was traveling southbound on Interstate 95 in Camden County, Georgia on July 1, 2022 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

53.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 53.

54.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 54.

55.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 55.

56.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 57.

58.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 59.

60.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 60.

61.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 61.

62.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 62.

63.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 63.

64.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 64.

65.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was on notice of any deficiencies or failed to correct or cure them and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

66.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he knew or should have

known of any deficiencies or failed to maintain or repair the vehicle and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

67.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

**COUNT ONE – NEGLIGENCE OF NICHOLAS BURIST**

69.

This Defendant incorporates by reference herein his responses to Paragraphs 1 to 68 of the Third Amended Complaint for Damages.

70.

This Defendant admits he earned his living as a truck driver, had a commercial driver’s license, and was driving a commercial vehicle at the time of the July 1, 2022 accident. This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was driving a dangerous vehicle and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

71.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 71.

72.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 72.

73.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 73.

74.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 74.

75.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 75.

76.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 76.

77.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations in Paragraph 77.

**COUNT TWO – NEGLIGENCE OF MAYFLOWER TRANSIT**

78.

This Defendant incorporates by reference herein his responses to Paragraphs 1 to 77 of the Third Amended Complaint for Damages.

79.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he operated the vehicle in a negligent or reckless manner and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

89.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent or committed tortious acts or omissions and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

90.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he breached duties and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**COUNT THREE – VICARIOUS LIABILITY – MAYFLOWER AS STATUTORY EMPLOYER UNDER THE FMCSR**

91.

This Defendant incorporates by reference herein his responses to Paragraphs 1 to 90 of the Third Amended Complaint for Damages.

92.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

95.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

96.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.

97.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97.

98.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100.

101.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101.

102.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102.

103.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103.

104.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104.

105.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105.

106.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106.

107.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he committed negligent acts or omissions and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

108.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he is liable for the July 1, 2022 accident and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

109.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109.

110.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

111.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent, unsafe, or unqualified, or operated the vehicle without due care or in a careless, reckless, willful, wanton, or unlawful manner and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

112.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he used, abused, or was addicted to drugs or alcohol and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

113.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he used, abused, or was addicted to drugs or alcohol and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

114.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he used, abused, or was addicted to drugs or alcohol and is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations.

115.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he used, abused, or was addicted to drugs or alcohol and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

116.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he should have been disqualified and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

117.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117.

118.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent, grossly negligent, careless, reckless, willful, or wanton, or is liable for any damages and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

119.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent, grossly negligent, careless, reckless, willful, or wanton, or is liable for any damages and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

120.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent, grossly negligent, careless, reckless, willful, or wanton, or is liable for any damages and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

121.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent, grossly negligent, careless, reckless, willful, or wanton, or is liable for any damages and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## COUNT FOUR – LOSS OF CONSORTIUM

122.

This Defendant incorporates by reference herein his responses to Paragraphs 1 to 121 of the Third Amended Complaint for Damages.

123.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123.

124.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent, grossly negligent, careless, reckless, willful, or wanton, or caused any injury or loss and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

125.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent, grossly negligent, careless, reckless, willful, or wanton, or caused any injury or loss and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

126.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent, grossly negligent, careless, reckless, willful, or wanton, or caused any injury or loss and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

127.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent, grossly negligent, careless, reckless, willful, or wanton, or caused any injury or loss and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**COUNT FIVE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

128.

This Defendant incorporates by reference herein his responses to Paragraphs 1 to 127 of the Third Amended Complaint for Damages.

129.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129.

130.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent or is liable to Plaintiffs and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

131.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent or is liable to Plaintiffs and is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations.

132.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132.

133.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent or is liable to Plaintiffs and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

134.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent or is liable to Plaintiffs and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

135.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent or is liable to Plaintiffs and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

136.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent or is liable to Plaintiffs and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**COUNT SIX – ESTATE CLAIMS OF JAMIE SLOAN**

137.

This Defendant incorporates by reference herein his responses to Paragraphs 1 to 136 of the Third Amended Complaint for Damages.

138.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138.

139.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139.

140.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.

141.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.

142.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142.

## COUNT SEVEN – ESTATE CLAIMS OF RYLIE SLOAN

143.

This Defendant incorporates by reference herein his responses to Paragraphs 1 to 142 of the Third Amended Complaint for Damages.

144.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144.

145.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145.

146.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146.

147.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147.

148.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148.

**COUNT EIGHT – WRONGFUL DEATH OF JAMIE SLOAN**

149.

This Defendant incorporates by reference herein his responses to Paragraphs 1 to 148 of the Third Amended Complaint for Damages.

150.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150.

151.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151.

152.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152.

153.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he committed wrongful acts or omissions or caused the death of Jamie Sloan and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**COUNT NINE – WRONGFUL DEATH OF RYLIE SLOAN**

154.

This Defendant incorporates by reference herein his responses to Paragraphs 1 to 153 of the Third Amended Complaint for Damages.

155.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155.

156.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156.

157.

Upon reasonable inquiry, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157.

158.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he committed wrongful acts or omissions or caused the death of Rylie Sloan and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**DAMAGES**

159.

This Defendant incorporates by reference herein his responses to Paragraphs 1 to 158 of the Third Amended Complaint for Damages.

160.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he caused any injuries or death or is liable for the July 1, 2022 accident and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

161.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent, grossly negligent, careless, reckless, willful, or wanton and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

162.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he was negligent, grossly negligent, careless, reckless, willful, or wanton and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

163.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he is liable for negligence, damages, costs, interest, or attorney’s fees and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

164.

This Defendant asserts his Fifth Amendment right against self-incrimination as to the allegations he is liable for the wrongful death or survival claims and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

165.

This Defendant denies all allegations in Paragraphs 1 to 164 of the Third Amended Complaint for Damages, including the unnumbered paragraphs and prayer for relief, he did not specifically admit.

WHEREFORE, having answered all allegations in Paragraphs 1 to 164 of the Third Amended Complaint for Damages, this Defendant respectfully requests judgment in accordance with the Law.

**THIS DEFENDANT DEMANDS A JURY TRIAL.**

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

/s/ Grant B. Smith____
GRANT B. SMITH, ESQ.
Georgia bar number 658345
J. HILLIARD BURTON
Georgia bar number 703213
Attorneys for Defendant Nicholas Burist

3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
Gbsmith@wwhgd.com
Hburton@wwhgd.com

## CERTIFICATE OF SERVICE

I electronically filed **DEFENDANT NICHOLAS BURIST'S ANSWER TO THE THIRD AMENDED COMPLAINT FOR DAMAGES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Charles J. Hodge, Esq.
J. Camden Hodge, Esq.
Hodge Law Firm
P.O. Box 2765
Spartanburg, SC 29306
CHodge@hodgelawfirm.com

Joseph R. Padgett, Esq.
Hamilton & Padgett, LLC
13 St. Andrews Ct.
Brunswick, Georgia 31520
joseph@hamiltonpadgettlaw.com

T. Ryan Langley, Esq.
Matthew T. Foss, Esq.
Langley Law Firm
229 Magnolia Street
Spartanburg, SC 29306
Ryan@thelangleylawfirm.com
Matt@thelangleylawfirm.com

Todd R. Ehrenriech, Esq.
Stephen Kyle McDonald, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
24 Drayton St., Suite 300
Savannah, GA 31401
todd.ehrenreich@lewisbrisbois.com
stephen.mcdonald@lewisbrisbois.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

This 16th day of November, 2026.

/s/ Grant B. Smith
GRANT B. SMITH, ESQ.
Attorneys for Defendant Nicholas Burist