**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| KYLE SLOAN, Individually; and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan; KYLE SLOAN as Surviving Spouse of Jamie Sloan; KYLE SLOAN as Surviving Parent of Rylie Sloan,<br>Plaintiffs,<br><br>v.<br><br>MAYFLOWER TRANSIT, LLC; and NICHOLAS BURIST,<br><br>Defendants. | **CASE NO: 2:22-CV-00076-LGW**<br><br>**Jury Trial Demanded** |

**DEFENDANT MAYFLOWER TRANSIT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**

**COMES NOW** Mayflower Transit, LLC (hereinafter "Defendant Mayflower"), a named Defendant in the above referenced matter, and files its Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint for Damages (hereinafter "Complaint") as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant Mayflower sets forth those affirmative defenses specifically enumerated in Federal Rules of Civil Procedure 8 in the event that subsequent discovery in this case makes applicable any of said defenses.

**THIRD DEFENSE**

Defendant Mayflower sets forth those affirmative defenses specifically enumerated in Federal Rules of Civil Procedure 12 in the event that subsequent discovery in this case makes applicable any of said defenses.

**FOURTH DEFENSE**

No act or omission of Defendant Mayflower either proximately caused or contributed to whatever injury or damage Plaintiffs allege they sustained.

**FIFTH DEFENSE**

Defendant Mayflower is not guilty of any negligence whatsoever.

**SIXTH DEFENSE**

Defendant Mayflower is neither the owner or operator of the alleged tractor-trailer allegedly driven by Defendant Driver and thus, Plaintiffs have no legal authority to recover damages from Defendant Mayflower.

**SEVENTH DEFENSE**

Defendant Mayflower is not responsible for and does not have any authority or control over Defendant Driver as alleged in Plaintiff's Complaint because Defendant Driver was not Defendant Mayflower's driver and thus, Plaintiffs have no legal authority to recover damages from Defendant Mayflower.

**EIGHTH DEFENSE**

Plaintiff's alleged damages were directly and proximately caused by the acts or omissions of persons or entities other than Defendant Mayflower.

**NINTH DEFENSE**

While completely denying that Defendant Mayflower was at all negligent, even if Defendant Mayflower were negligent, such alleged negligence did not proximately cause Plaintiff's alleged injuries and damages.

**TENTH DEFENSE**

While specifically denying any negligence on their part, if Defendant Mayflower were negligent, the negligence of Plaintiffs equaled or exceeded any negligence of Defendant Mayflower.

**ELEVENTH DEFENSE**

While specifically denying any negligence on their part, if Defendant Mayflower were negligent, any damages awarded to Plaintiff should be reduced proportionally based upon the negligence of other unnamed responsible parties, if any, pursuant to O.C.G.A. § 51-12-33.

**TWELFTH DEFENSE**

Any acts and omissions by Defendant Mayflower were unintentional and in the exercise of ordinary care.

**THIRTEENTH DEFENSE**

Plaintiffs failed to mitigate their alleged damages, if any.

**FOURTEENTH DEFENSE**

Defendant Mayflower contests the special damages and injuries which are being asserted and demand strict proof thereof as set forth in O.C.G.A. § 9-11-9(g).

**FIFTEENTH DEFENSE**

At the time of the alleged incident that is the subject of Plaintiff's Second Amended Complaint for Damages, the Defendant Driver and the tractor-trailer Defendant Driver was

allegedly operating were not under the authority, control, direction, or ownership of Defendant Mayflower and thus, Plaintiffs have no legal authority to recover damages from Defendant Mayflower.

**SIXTEENTH DEFENSE**

If, in fact, Plaintiffs suffered any damage by reason of the facts stated in Plaintiff's Complaint or under any theory of liability set forth in said Complaint, which Defendant Mayflower expressly denies, any negligence alleged was that of other named Defendants or non-parties to whom Defendant Mayflower had no authority, direction, or control over. Accordingly, Defendant Mayflower may have a right of indemnity and/or contribution against said parties and Defendant Mayflower reserves the right to pursue such relief.

**SEVENTEENTH DEFENSE**

Defendant Mayflower hereby incorporates the defenses, affirmative and otherwise, asserted by any other defendants to the above-styled civil action to the extent those defenses are consistent with Defendant Mayflower's standing/posture in this action and with this Defendant's other defenses asserted herein.

**EIGHTEENTH DEFENSE**

Although Defendant Mayflower expressly denies that any of Defendant Mayflower's employees or agents were involved in the alleged incident that is the subject of Plaintiff's third Amended Complaint for Damages, if any employees or agents of Defendant Mayflower's are found to have intentionally or negligently injured the Plaintiffs, then those employees and/or agents were acting outside the scope of their authority, agency, and/or employment to such an extent that Defendant Mayflower may not be held vicariously liable therefore.

**NINETEENTH DEFENSE**

Defendant Mayflower denies having breached any duty owed to the Plaintiffs or that Defendant Mayflower is liable to Plaintiffs or indebted to the Plaintiffs in any amount; therefore, the Plaintiffs cannot recover from this Defendant.

**TWENTIETH DEFENSE**

Plaintiff's First Amended Complaint for Damages fails to state a cause of action for punitive damages against Defendant Mayflower and there is insufficient evidence to create a jury issue on punitive damages against this Defendant. As a defense to Plaintiff's claims for punitive damages, however, this Defendant also states that any such claim and/or award pursuant to O.C.G.A. § 51-12-5.1 should be denied on the grounds that this would violate the guarantees of the Eighth Amendment to the United States Constitution against excessive fines and penalties and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 17), the substantive and procedural due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 1), and the equal protection guarantees of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 2).

**TWENTY-FIRST DEFENSE**

Defendant Mayflower asserts the defenses of contributory/comparative negligence, assumption of the risk, failure to avoid consequences, and failure to exercise ordinary care.

**TWENTY-SECOND DEFENSE**

To the extent as may be shown by the evidence through discovery, Defendant Mayflower asserts the defenses of discharge in bankruptcy, estoppel, fraud, illegality, laches, accord and satisfaction, payment, release, res judicata, and waiver.

**TWENTY-THIRD DEFENSE**

Defendant responds to the numbered paragraphs of Plaintiff's First Amended Complaint as follows:

**NATURE OF COMPLAINT**

1.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 of the Complaint and, therefore, cannot admit or deny the same.

**PARTIES, JURISDICTION, AND VENUE**

2.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 of the Complaint and, therefore, cannot admit or deny the same.

3.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3 of the Complaint and, therefore, cannot admit or deny the same.

4.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4 of the Complaint and, therefore, cannot admit or deny the same.

5.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5 of the Complaint and, therefore, cannot admit or deny the same.

6.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6 of the Complaint and, therefore, cannot admit or deny the same.

7.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 7 of the Complaint and, therefore, cannot admit or deny the same.

8.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 8 of the Complaint and, therefore, cannot admit or deny the same.

9.

Defendant Mayflower denies that Defendant Nicholas Burist was an employee/agent of Defendant Mayflower Transit LLC as alleged in Paragraph No. 9 of the Complaint. Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 9 of the Complaint and, therefore, cannot admit or deny the same.

10.

Defendant Mayflower denies that it owned, leased, or operated or gave authority for the operation of the commercial motor vehicle as alleged in Paragraph No. 10 of the Complaint. Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 10 of the Complaint and, therefore, cannot admit or deny the same.

11.

Defendant Mayflower admits the allegations contained in Paragraph No. 11 as alleged in the Complaint.

12.

Defendant Mayflower denies the allegations contained in Paragraph No. 12 as alleged in the Complaint.

13.

Defendant Mayflower denies the allegations contained in Paragraph No. 13 as alleged in the Complaint.

14.

Defendant Mayflower admits that it was licensed by the U.S. Department of Transportation and is subject to Federal and State laws as alleged in Paragraph No. 14. Mayflower further admits that its DOT number is 125563 as alleged in Paragraph 14. Mayflower is without knowledge or information sufficient to form a belief as to the truth of whether Defendant Driver was operating a commercial vehicle with Mayflower's DOT number on the vehicle as alleged in Paragraph 14. Further, Mayflower denies any allegation in Paragraph 14 that alleges or attempts to allege that Defendant Driver or the vehicle he was driving was under the authority, ownership, direction, or control of Mayflower. Further, Mayflower denies any allegation in Paragraph 14 that alleges or attempts to allege that Defendant Driver has the authorization to drive said commercial vehicle displaying Mayflower's DOT number because Defendant Driver and Defendant Driver's vehicle was not under the authority, ownership, control, or direction of Mayflower at the time of the accident.

15.

Defendant admits that its parent company is UniGroup, C.A. Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and therefore, cannot admit or deny the same.

16.

Paragraph No. 16 of the Complaint requires no response. To the extent a response may be required. Mayflower denies the allegations contained in Paragraph 16.

17.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 17 of the Complaint and, therefore, cannot admit or deny the same.

18.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 18 of the Complaint and, therefore, cannot admit or deny the same.

19.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 19 of the Complaint and, therefore, cannot admit or deny the same.

**MAYFLOWER'S MOTOR CARRIER AUTHORITY, AGENCY AND CONTROL**

20.

Defendant Mayflower denies the allegations in Paragraph 20 of the Complaint that states Defendant Driver was employed by Mayflower at the time of the subject incident. Mayflower further denies that Defendant Driver was working in the Course and scope of any employment with Mayflower at the time of the subject incident because Defendant Driver was not an employee of Mayflower's at that time. Mayflower further denies that Defendant Driver operated the tractor-trailer in furtherance of Mayflower's business at the time of the subject incident complained of in the Complaint.

21.

Defendant Mayflower denies the allegations contained in Paragraph No. 21 as alleged in the Complaint.

22.

Mayflower denies that it had an agency agreement with Moholland in effect at the time of the accident. Mayflower further denies that the shipment commenced prior to the termination date. Mayflower therefore denies the allegations in Paragraph 22.

23.

Defendant Mayflower denies that it had an agency agreement with Moholland in effect at the time of the accident. Mayflower therefore denies the allegations contained in Paragraph No. 23 as alleged in the Complaint.

24.

Defendant Mayflower denies that it had an agency agreement with Moholland in effect at the time of the accident. Mayflower therefore denies the allegations contained in Paragraph No. 24 as alleged in the Complaint.

25.

Defendant Mayflower denies that it had an agency agreement with Moholland or Locke in effect at the time of the accident. Mayflower therefore denies the allegations contained in Paragraph No. 25 as alleged in the Complaint.

26.

Mayflower admits that at one point in time prior to the accident it had an equipment lease agreement with Defendant Moholland for the tractor involved in the accident. Mayflower denies

that this equipment lease agreement was in effect at the time of the accident because Mayflower's relationship with Defendant Moholland had been terminated prior to the accident. Mayflower further denies any allegation that the equipment lease agreement was never terminated.

27.

Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore, cannot admit or deny the same. However, Defendant Mayflower denies that it had an agency agreement, relationship with, and or authority, direction or control over Moholland or Defendant Driver at the time of the collision. Mayflower therefore denies the allegations contained in Paragraph No. 23 as alleged in the Complaint.

28.

Mayflower admits that it does and has utilized Trans Advantage, Inc., to conduct business. Mayflower denies that it had any agency agreement, relationship with, and/or authority, direction or control over Defendant Driver, Moholland, or Locke, the tractor trailer, or the load on the date of the accident. Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 and therefore cannot admit or deny the same.

29.

Paragraph No. 29 of the Complaint is not directed towards Defendant Mayflower. As a result, no response is required. To the extent a response is required, Defendant Mayflower is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph No. 29 of Plaintiff's Complaint, accordingly these allegations are denied.

30.

Mayflower denies the allegations that it authorized and was responsible for the use of said tractor-trailer by Defendant Driver. Mayflower further denies that Defendant Driver or the tractor-trailer were under its authority as a motor carrier as alleged in Paragraph 30 of the Complaint. Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30. Accordingly they are denied.

31.

Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore, cannot admit or deny the same. Mayflower expressly denies that its markings were authorized to be present on the tractor trailer on the date of the accident. Mayflower further denies it had an agency agreement with, relationship with, and/or authority, direction or control over Defendant Burist, the tractor trailer, or the load on the date of the accident.

32.

Mayflower admits that Moholland advertised words to this effect on its Facebook page. Mayflower denies that this advertisement was accurate and/or correct on the date of the accident because Mayflower had terminated its relationship with Moholland prior to the accident. Mayflower further denies that Moholland had Mayflower's authorization to advertise this on it's facebook page after the termination of Mayflower's and Moholland's relationship. Mayflower denies any remaining allegations in Paragraph 32

33.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore cannot admit or deny the same.

34.

Mayflower denies that it had any agency agreement, relationship with, and/or authority, direction or control over Defendant Driver, Moholland, or Locke, the tractor trailer, or the load on the date of the accident. Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 and therefore cannot admit or deny the same.

35.

Mayflower denies the allegations contained in Paragraph 35 of the Complaint.

36.

Mayflower denies the allegations contained in Paragraph 36 of the Complaint.

37.

Mayflower denies the allegations in Paragraph 37.

38.

Mayflower denies the allegations in Paragraph 38.

39.

Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and therefore, cannot admit or deny the same.

40.

Defendant Mayflower denies the allegations contained in Paragraph No. 40 as alleged in the Complaint.

41.

Defendant Mayflower denies that Moholland was an agent for Mayflower at the time of the accident. Mayflower therefore denies the allegations contained in Paragraph 41 of the Complaint.

42.

Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 62 of the Complaint and, therefore, cannot admit or deny the same. However, Mayflower expressly denies that Moholland had Mayflower’s authorization to house commercial motor vehicles with Mayflower’s markings on Moholland’s lot at the time of the incident that is the subject of the Complaint or thereafter. Mayflower further denies it had an agency agreement with, relationship with, and/or authority, direction, or control over Moholland, Locke, Burist, the tractor trailer, or the load on the date of accident.

43.

Defendant Mayflower denies Defendant Driver was an agent, employee, or at all associated with Mayflower or its business on the date of the accident. Mayflower therefore denies the allegations in Paragraph 63.

44.

Defendant Mayflower denies the allegations contained in Paragraph No. 44 as alleged in the Complaint.

45.

Defendant Mayflower denies the allegations contained in Paragraph No. 45 as alleged in the Complaint.

46.

Mayflower denies that it had an agency agreement with, relationship with, and/or the authority, direction, or control over Moholland, Locke, Defendant Burist, the tractor/trailer, or the load on the date of the accident. Mayflower therefore denies the allegations in Paragraph 46.

47.

Mayflower denies that it had an agency agreement with or a relationship with Moholland, Locke, and/or Burist at the time of the accident. Mayflower denies the allegations contained in Paragraph 47.

48.

Defendant Mayflower denies the allegations contained in Paragraph No. 48 as alleged in the Complaint.

49.

Defendant Mayflower denies the allegations in Paragraph 49.

50.

Defendant Mayflower denies the allegations in Paragraph No. 50.

**GENERAL ALLEGATIONS**

51.

Defendant Mayflower reaffirms and incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 50 of Plaintiff's Complaint.

52.

Defendant Mayflower denies that Defendant Driver was an employee/agent and/or apparent agent of Defendant Mayflower on July 1, 2022, as alleged in Paragraph No. 52 of the Complaint. Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 52 of the Complaint and, therefore, cannot admit or deny the same.

53.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 53 of the Complaint and, therefore, cannot admit or deny the same.

54.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 54 of the Complaint and, therefore, cannot admit or deny the same.

55.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 55 of the Complaint and, therefore, cannot admit or deny the same.

56.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 56 of the Complaint and, therefore, cannot admit or deny the same.

57.

Defendant Mayflower denies it was negligent. Therefore Mayflower denies the allegations in Paragraph 57.

58.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 58 of the Complaint and, therefore, cannot admit or deny the same.

59.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 59 of the Complaint and, therefore, cannot admit or deny the same.

60.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 60 of the Complaint and, therefore, cannot admit or deny the same.

61.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 61 of the Complaint and, therefore, cannot admit or deny the same.

62.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 62 of the Complaint and, therefore, cannot admit or deny the same.

63.

Defendant Mayflower denies that it is legally responsible for the actions and inactions of the Defendant Driver as alleged in Paragraph No. 63 of the Complaint. Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 63 of the Complaint and, therefore, cannot admit or deny the same.

64.

Defendant Mayflower denies any allegation of negligent maintenance, repair, operation, or entrustment of the vehicle as alleged in Paragraph 64 of the Complaint. Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64 of the Complaint, and therefore, cannot admit or deny the same.

65.

Defendant Mayflower denies the allegations contained in Paragraph No. 65 as alleged in the Complaint.

66.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegation that one or more of the above deficiencies existed prior to the collision as alleged in Paragraph No. 66 of the Complaint. Therefore, Defendant Mayflower cannot admit

or deny the same. Defendant Mayflower denies all remaining allegations, including, but not limited to, that it knew or should have known the nature and extent of the deficiencies yet chose not to maintain and/or repair in accordance with industry standards, and the rules and regulations of the FMCSA and State Laws as alleged in Paragraph No. 66 of the Complaint. Further, Defendant Mayflower vehemently denies any allegation that the vehicle Defendant Driver was allegedly driving that is the subject of the Complaint was at all in the ownership, control, or authority of Defendant Mayflower. Accordingly, Defendant Mayflower denies any and all remaining allegations contained in Paragraph No. 66 of the Complaint.

67.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 67 of the Complaint and, therefore, cannot admit or deny the same.

68.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 68 of the Complaint and, therefore, cannot admit or deny the same.

**COUNT ONE - NEGLIGENCE OF NICHOLAS BURIST**

69.

Defendant Mayflower reaffirms and incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 68 of Plaintiff's Complaint.

70.

Defendant Mayflower denies that at the time of the incident, Defendant Driver was driving a vehicle entrusted to him by Defendant Mayflower as alleged in Paragraph No. 70 of the Complaint. The remaining allegations contained in Paragraph No. 70 of the Complaint is not directed towards Defendant Mayflower. As a result, no response is required. To the extent a response is required, Defendant Mayflower is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph No. 70 of Plaintiff's Complaint, accordingly these allegations are denied.

71.

Paragraph No. 71 of the Complaint is not directed towards Defendant Mayflower. As a result, no response is required. To the extent a response is required, Defendant Mayflower is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph No. 71 of Plaintiff's Complaint, accordingly these allegations are denied.

72.

Paragraph No. 72 of the Complaint is not directed towards Defendant Mayflower. As a result, no response is required. To the extent a response is required, Defendant Mayflower is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph No. 72 of Plaintiff's Complaint, accordingly these allegations are denied.

73.

Paragraph No. 73 of the Complaint is not directed towards Defendant Mayflower. As a result, no response is required. To the extent a response is required, Defendant Mayflower is

without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph No. 73 of Plaintiff's Complaint, accordingly these allegations are denied.

74.

Paragraph No. 74 of the Complaint is not directed towards Defendant Mayflower. As a result, no response is required. To the extent a response is required, Defendant Mayflower is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph No. 74 of Plaintiff's Complaint, accordingly these allegations are denied.

75.

Paragraph No. 75 of the Complaint is not directed towards Defendant Mayflower. As a result, no response is required. To the extent a response is required, Defendant Mayflower is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph No. 75 of Plaintiff's Complaint, accordingly these allegations are denied.

76.

Paragraph No. 76 of the Complaint is not directed towards Defendant Mayflower. As a result, no response is required. To the extent a response is required, Defendant Mayflower is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph No. 76 of Plaintiff's Complaint, accordingly these allegations are denied.

77.

Defendant denies any allegation that it was negligent or negligent in conjunction with Defendant Nicholas Burist as alleged in Paragraph No. 77 of the Complaint. The rest of the allegations contained in Paragraph No. 77 of the Complaint is not directed towards Defendant Mayflower. As a result, no response is required. To the extent a response is required, Defendant

Mayflower is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph No. 77 of Plaintiff's Complaint, accordingly these allegations are denied.

**COUNT TWO - NEGLIGENCE OF MAYFLOWER TRANSIT**

78.

Defendant Mayflower reaffirms and incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 77 of Plaintiff's Complaint.

79.

Defendant Mayflower denies the allegations contained in Paragraph No. 79 of the Complaint.

80.

Mayflower denies the allegations contained in Paragraph No 80.

81.

Defendant Mayflower denies the allegations contained in Paragraph No. 81 as alleged in the Complaint.

82.

Mayflower denies that it had an agency agreement, relationship with, and/or the authority, direction, or control over Moholland, Locke, Burist, the tractor/trailer, or the load on the date of the accident. Mayflower therefore denies the allegations contained in Paragraph 82.

83.

Defendant Mayflower denies the allegations contained in Paragraph No. 83 of the Complaint.

84.

Defendant Mayflower denies the allegations contained in Paragraph No. 84 of the Complaint.

85.

Defendant Mayflower denies the allegations contained in Paragraph 85.

86.

Defendant Mayflower denies the allegations contained in Paragraph 86.

87.

Defendant Mayflower denies the allegations contained in Paragraph No. 87.

88.

Defendant Mayflower denies the allegations contained in Paragraph 88.

89.

Defendant Mayflower denies the allegations contained in Paragraph No. 89.

90.

Defendant Mayflower is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph No. 90 of Plaintiff's Complaint, accordingly these allegations are denied.

**COUNT THREE – VICARIOUS LIABILITY – MAYFLOWER AS STATUTORY EMPLOYER UNDER THE FMCSR**

91.

Defendant Mayflower reaffirms and incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 90 of Plaintiff's Complaint.

92.

Defendant Mayflower admits that the reference federal regulation speaks for itself. Unless specifically admitted, Defendant Mayflower denies any remaining allegations contained in Paragraph No. 92 of the Complaint.

93.

Defendant Mayflower admits that the reference federal regulation speaks for itself. Unless specifically admitted, Defendant Mayflower denies any remaining allegations contained in Paragraph No. 93 of the Complaint.

94.

Defendant Mayflower admits that the reference federal regulation speaks for itself. Unless specifically admitted, Defendant Mayflower denies any remaining allegations contained in Paragraph No. 94 of the Complaint.

95.

Defendant Mayflower admits that the reference federal regulation speaks for itself. Unless specifically admitted, Defendant Mayflower denies any remaining allegations contained in Paragraph No. 95 of the Complaint.

96.

Defendant Mayflower admits that the reference federal regulation speaks for itself. Unless specifically admitted, Defendant Mayflower denies any remaining allegations contained in Paragraph No. 96 of the Complaint.

97.

Defendant Mayflower admits that it is an authorized motor carrier subject to the Federal Motor Carrier Regulations. The remaining allegations contained in Paragraph 97 of the Complaint are not directed towards Mayflower. As a result, no response is required. To the extent a response is required, Mayflower is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint and, therefore, cannot admit or deny the same.

98.

Defendant Mayflower admits to the allegations contained in Paragraph No. 98 of the Complaint.

99.

Defendant Mayflower admits that it operates as a motor carrier and maintains a fleet of trucks, trailers, and other equipment. Mayflower denies that on the date of the accident it had an agency agreement with, relationship with, and/or authority, direction, or control over Moholland, Locke, Burist, Payne, the tractor trailer, or the load on the date of the accident. Mayflower further denies any allegation that on the date of the accident it maintained a fleet of trucks, trailers, and other equipment with Moholland. Mayflower further denies any remaining allegations found in Paragraph 99.

100.

Defendant Mayflower denies the allegations contained in Paragraph No. 100 as alleged in the Complaint.

101.

Defendant Mayflower denies the allegations contained in Paragraph No. 101 as alleged in the Complaint.

102.

Defendant Mayflower denies the allegations contained in Paragraph 102.

103.

Defendant Mayflower denies the allegations contained in Paragraph No. 103.

104.

Defendant Mayflower denies the allegations contained in Paragraph No. 104.

105.

Defendant Mayflower denies the allegations contained in Paragraph No. 105.

106.

Defendant Mayflower denies the allegations contained in Paragraph No. 106.

107.

Defendant Mayflower denies the allegations contained in Paragraph No. 107.

108.

Defendant Mayflower denies the allegations contained in Paragraph No. 108.

109.

Defendant Mayflower denies the allegations contained in Paragraph No. 109.

110.

Defendant Mayflower denies the allegations contained in Paragraph No. 110.

111.

Defendant Mayflower denies that it had an agency agreement with, relationship with, and/or authority, direction, or control over Defendant Driver, Locke, Moholland, Payne, the tractor trailer, or the load on the date of the accident. Mayflower therefore denies the allegations contained in Paragraph 111.

112.

Defendant Mayflower denies that it had an agency agreement with, relationship with, and/or authority, direction, or control over Defendant Driver, Locke, Moholland, Payne, the tractor trailer, or the load on the date of the accident. Mayflower therefore denies the allegations contained in Paragraph 112.

113.

Defendant Mayflower denies that it had an agency agreement with, relationship with, and/or authority, direction, or control over Defendant Driver, Locke, Moholland, Payne, the tractor trailer, or the load on the date of the accident. Mayflower therefore denies the allegations contained in Paragraph 113.

114.

Defendant Mayflower denies that it had an agency agreement with, relationship with, and/or authority, direction, or control over Defendant Driver, Locke, Moholland, Payne, the tractor trailer, or the load on the date of the accident. Mayflower therefore denies the allegations contained in Paragraph 114.

115.

Defendant Mayflower denies that it had an agency agreement with, relationship with, and/or authority, direction, or control over Defendant Driver, Locke, Moholland, Payne, the tractor trailer, or the load on the date of the accident. Mayflower therefore denies the allegations contained in Paragraph 115.

116.

Defendant Mayflower denies that it had an agency agreement with, relationship with, and/or authority, direction, or control over Defendant Driver, Locke, Moholland, Payne, the tractor trailer, or the load on the date of the accident. Mayflower therefore denies the allegations contained in Paragraph 116.

117.

Defendant Mayflower denies that it had an agency agreement with, relationship with, and/or authority, direction, or control over Defendant Driver, Locke, Moholland, Payne, the tractor trailer, or the load on the date of the accident. Mayflower therefore denies the allegations contained in Paragraph 117.

118.

Defendant Mayflower denies the allegations contained in Paragraph No. 118.

119.

Defendant Mayflower denies the allegations contained in Paragraph No. 119.

120.

Defendant Mayflower denies the allegations contained in Paragraph No. 120.

121.

Defendant Mayflower denies the allegations contained in Paragraph No. 121.

**COUNT FOUR – LOSS OF CONSORTIUM**

122.

Defendant Mayflower reaffirms and incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 121 of Plaintiff's Complaint.

123.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 123 of the Complaint and, therefore, cannot admit or deny the same.

124.

Defendant Mayflower denies that it directly or proximately caused any injuries to Plaintiffs as alleged in Paragraph No. 124 of the Complaint. As to the remaining allegations, Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 124 of the Complaint and, therefore, cannot admit or deny the same.

125.

Defendant Mayflower denies that it acted negligently, grossly negligently, carelessly, recklessly, willfully, or wantonly as alleged in Paragraph No. 125 of the Complaint. As to the remaining allegations contained in Paragraph No. 125, Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 125 of the Complaint and, therefore, cannot admit or deny the same.

126.

Defendant Mayflower denies the allegations contained in Paragraph No. 126 of the Complaint.

127.

Defendant Mayflower denies that it was negligent, grossly negligent, careless, reckless, willful, or wanton as alleged in Paragraph No. 127 of the Complaint. Defendant Mayflower further denies that any allegation that it directly or proximately caused any injury as alleged in Paragraph No. 127 of the Complaint. As to the remaining allegations in Paragraph No. 127 of the Complaint, Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 127 of the Complaint and, therefore, cannot admit or deny the same.

**COUNT FIVE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

128.

Defendant Mayflower reaffirms and incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 127 of Plaintiff's Complaint.

129.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 129 of the Complaint and, therefore, cannot admit or deny the same.

130.

Defendant Mayflower denies that it was negligent or collectively negligent as alleged in Paragraph No. 130 of the Complaint. Mayflower therefore denies the allegations in Paragraph 130.

131.

Defendant Mayflower denies that it was in any way negligent or that it in any way directly or proximately caused Plaintiff Sloan to suffer from any injuries as alleged in Paragraph No. 131 of the Complaint. Mayflower therefore denies the allegations in Paragraph 131.

132.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 132 of the Complaint and, therefore, cannot admit or deny the same.

133.

Defendant Mayflower denies that it was negligent or collectively negligent as alleged in Paragraph No. 133 of the Complaint. Mayflower therefore denies the allegations in Paragraph 133.

134.

Defendant Mayflower denies that it was in any way negligent or that it in any way directly or proximately caused Plaintiff Sloan to suffer from any injuries as alleged in Paragraph No. 134 of the Complaint. Mayflower therefore denies the allegations in Paragraph 134.

135.

Defendant Mayflower denies that it was in any way negligent or that it in any way directly or proximately caused Kyle Sloan to suffer from any injuries as alleged in Paragraph No. 135 of the Complaint. Mayflower therefore denies the allegations in Paragraph 135.

136.

Defendant Mayflower denies that it was in any way negligent or that it in any way directly or proximately caused the injuries alleged. Defendant Mayflower denies that this cause of action is applicable to Defendant Mayflower because neither the Defendant Driver, nor the truck were in Defendant Mayflower's custody, direction, authority, or control of Defendant Mayflower at the time of the incident that is the subject of the Complaint. Defendant Mayflower further denies any remaining allegations contained in Paragraph No. 136 of the Complaint.

**COUNT SIX – ESTATE CLAIMS OF JAMIE SLOAN**

137.

Defendant Mayflower reaffirms and incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 136 of Plaintiff's Complaint.

138.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 138 of the Complaint and, therefore, cannot admit or deny the same.

139.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 139 of the Complaint and, therefore, cannot admit or deny the same.

140.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No.140 of the Complaint and, therefore, cannot admit or deny the same.

141.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 141 of the Complaint and, therefore, cannot admit or deny the same.

142.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 142 of the Complaint and, therefore, cannot admit or deny the same.

**COUNT SEVEN – ESTATE OF RYLIE SLOAN**

143.

Defendant Mayflower reaffirms and incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 142 of Plaintiff’s Complaint.

144.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 144 of the Complaint and, therefore, cannot admit or deny the same.

145.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 145 of the Complaint and, therefore, cannot admit or deny the same.

146.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 146 of the Complaint and, therefore, cannot admit or deny the same.

147.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 147 of the Complaint and, therefore, cannot admit or deny the same.

148.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 148 of the Complaint and, therefore, cannot admit or deny the same.

**COUNT EIGHT – WRONGFUL DEATH OF JAMIE SLOAN**

149.

Defendant Mayflower reaffirms and incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 148 of Plaintiff's Complaint.

150.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 150 of the Complaint and, therefore, cannot admit or deny the same.

151.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 151 of the Complaint and, therefore, cannot admit or deny the same.

152.

Defendant Mayflower denies the allegations contained in Paragraph 152.

153.

Defendant Mayflower denies any allegation that it committed wrongful acts and/or omissions which caused Plaintiff Jamie Sloan's death as alleged in Paragraph No. 153 of the Complaint. As to the remaining allegations contained in Paragraph No. 153 of the Complaint, Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 153 of the Complaint and, therefore, cannot admit or deny the same.

**COUNT NINE – WRONGFUL DEATH OF RYLIE SLOAN**

154.

Defendant Mayflower reaffirms and incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 153 of Plaintiff's Complaint.

155.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 155 of the Complaint and, therefore, cannot admit or deny the same.

156.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 156 of the Complaint and, therefore, cannot admit or deny the same.

157.

Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 157 of the Complaint and, therefore, cannot admit or deny the same.

158.

Defendant Mayflower denies any allegation that it committed wrongful acts and/or omissions which caused Plaintiff Rylie Sloan's death as alleged in Paragraph No. 158 of the Complaint. As to the remaining allegations contained in Paragraph No. 158 of the Complaint, Defendant Mayflower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 158 of the Complaint and, therefore, cannot admit or deny the same.

**DAMAGES**

159.

Defendant Mayflower reaffirms and incorporates by reference its responses to Paragraph No. 1 through Paragraph No. 158 of Plaintiff's Complaint.

160.

Defendant Mayflower denies the allegations contained in Paragraph No. 160 of the Complaint.

161.

Defendant Mayflower denies the allegations contained in Paragraph No. 161 of the Complaint.

162.

Defendant Mayflower denies the allegations contained in Paragraph No. 162 of the Complaint.

163.

Defendant Mayflower denies the allegations contained in Paragraph No. 163 of the Complaint.

164.

Defendant Mayflower denies the allegations contained in Paragraph No. 164 of the Complaint.

**TWENTY-FOURTH DEFENSE**

To the extent Defendant Mayflower has not specifically answered any allegation contained in Plaintiff's Third Amended Complaint for Damages, they are hereby denied.

**TWENTY-FIFTH DEFENSE**

Defendant Mayflower further denies the allegations contained in the WHEREFORE Paragraph of Plaintiff's Third Amended Complaint for Damages, including those contained within subparagraphs (a) through (h).

**WHEREFORE**, having fully answered Plaintiff's Third Amended Complaint for Damages, Defendant Mayflower Transit, LLC, respectfully prays for the following relief from this Honorable Court:

1. For Plaintiff's claims be denied and Plaintiff's Complaint be dismissed with prejudice;
2. For all costs, attorney's fees, and expenses of this action be taxed against Plaintiff;
3. For the case to be tried before a jury of twelve (12) persons; and
4. For such other relief as this Honorable Court deems just and proper.

Respectfully submitted this 16th day of November, 2026.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Stephen Kyle McDonald*
BRANTLEY ROWLEN
Georgia Bar No. 153031
STEPHEN KYLE MCDONALD
Georgia Bar No. 661387
TODD R. EHRENREICH
*Admitted Pro Hac Vice*
JEFFREY R. GELDENS
*Admitted Pro Hac Vice*

*Counsel for Mayflower Transit, LLC*

600 Peachtree Street N.E.
Suite 4700
Atlanta, Georgia 30308
404.348.8585 Telephone
404.467.8845 Facsimile
Brantley.Rowlen@lewisbrisbois.com
Stephen.McDonald@lewisbrisbois.com

24 Drayton St., Suite 300
Savannah, Georgia 31401
912.525.4960 -- Telephone
Todd.Ehrenreich@lewisbrisbois.com
Jeffrey.Geldens@lewisbrisbois.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the within and foregoing ***DEFENDANT MAYFLOWER TRANSIT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES*** with the Clerk using the ECF system, which will automatically send an electronic copy of the same to all counsel of record as follows:

Ryan Langley, Esq.
Matthew T. Foss, Esq.
**LANGLEY LAW FIRM**
229 Magnolia Street
Spartanburg, South Carolina 29306
Ryan@thelangleylawfirm.com
Matt@thelangleylawfirm.com

Charles J. Hodge, Esq.
Hodge Law Firm
951 East Main Street, Suite A
Spartanburg, SC 29302
P.O. Box 2765
Spartanburg, South Carolina 29304
CHodge@hodgelawfirm.com

Joseph R. Padgett,. Esq.
**HAMILTON & MADGETT, LLC**
13 Street Andrews Court
Brunswick Georgia 31520
Joseph@hamiltonpadgettlaw.com

***Counsel for Plaintiffs***

John H. Burton, Esq.
Grant B. Smith, Esq.
**WEINBERG WHEELER HUDGINS GUNN & DIAL**
3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia 30326
hburton@wwhgd.com
gbsmith@wwhgd.com

***Counsel for Defendant Nicholas Burist***

Respectfully submitted this 16th day of November, 2026.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Stephen Kyle McDonald*
BRANTLEY ROWLEN
Georgia Bar No. 153031
STEPHEN KYLE MCDONALD
Georgia Bar No. 661387
TODD R. EHRENREICH
*Admitted Pro Hac Vice*
JEFFREY R. GELDENS
*Admitted Pro Hac Vice*

*Counsel for Mayflower Transit, LLC*

600 Peachtree Street N.E.
Suite 4700
Atlanta, Georgia 30308
404.348.8585 Telephone
404.467.8845 Facsimile
Brantley.Rowlen@lewisbrisbois.com
Stephen.McDonald@lewisbrisbois.com

24 Drayton St., Suite 300
Savannah, Georgia 31401
912.525.4960 -- Telephone
Todd.Ehrenreich@lewisbrisbois.com
Jeffrey.Geldens@lewisbrisbois.com