**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| KYLE SLOAN, Individually, and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan, KYLE SLOAN as Surviving Spouse of Jamie Sloan, and KYLE SLOAN as Surviving Parent of Rylie Sloan,<br><br>Plaintiffs,<br><br>v.<br><br>MAYFLOWER TRANSIT LLC; and NICHOLAS BURIST<br><br>Defendants. | ) | Civil Action No.<br>2:22-cv-00076-LGW-BWC |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT MAYFLOWER'S MOTION TO STRIKE THE TESTIMONY OF SEARGENT COPELAND**

Plaintiffs submit this memorandum in opposition to Defendant Mayflower Transit LLC's Motion to Strike the Testimony of Sergeant Copeland. The motion should be denied. The testimony was about the investigation of an allegation of stolen plates in the report. Mayflower moved to strike only after it conducted an extensive cross examination. When the cross examination did not go the way Mayflower wanted. Mayflower alleged incorrectly that Sgt. Copeland had been deposed and failed to update his deposition testimony. This is false.

Mayflower chose not to depose Sgt. Copeland despite Plaintiff giving notice on more than four occasions that intended to call him as a witness. Most of Sgt. Copeland's testimony was fact testimony and lay opinion outside Rule 26(a)(2). Thus, any expert portion required no written report, and any shortfall in the summary disclosure was harmless. The Court sustained many if not most of Defendant's objections in cross and instructed the jury to disregard any legal

conclusions. This is more than sufficient to cure any issue with the few answers that were about emails, particularly considering they were concerning Defendants' recent document production in the past few weeks.

**1. The motion to strike came too late.**

Federal Rule of Evidence 103(a)(1) permits a party to claim error in admitting evidence only if the party, on the record, "timely objects or moves to strike" and "states the specific ground, unless it was apparent from the context." Fed. R. Evid. 103(a)(1). An objection ordinarily must be made when the evidence is offered, and a motion to strike is not a substitute for an objection a party could have made but chose not to make.

Mayflower raised no objection when Sergeant Copeland was tendered or while he testified, and it moved to strike only after the jury had heard him testify. The primary basis for the motion to strike is the testimony on emails Mayflower produced mere weeks ago. Although Rule 103(a)(1) does not itself bar the motion, Mayflower's delay is strong grounds to find any objection waived and any resulting prejudice curable. And because the motion seeks exclusion for a disclosure failure, it is governed by Federal Rule of Civil Procedure 37(c)(1), under which Mayflower's timing and its forgone opportunity to cure before trial weigh heavily against exclusion. This follows a familiar pattern. Mayflower sits on its rights for years and produces documents late. It then takes part in the testimony built on those documents, whether in deposition or at trial. It cross-examines the witness, objects, and seeks to have evidence or testimony excluded. Only after the testimony is finished and has not gone Mayflower's way, does it move to strike.

**2. Most of Sergeant Copeland's testimony was not expert testimony at all.**

Rule 26(a)(2)'s disclosure requirements apply to witnesses a party may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A).

Sergeant Copeland's account of what he did, what he observed, and what he recorded is percipient fact testimony outside that rule.

To the extent he offered opinions drawn from his own investigation, those opinions were permissible lay opinion under Rule 701. Rule 701 "does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences." *United States v. Hill*, 643 F.3d 807, 841 (11th Cir. 2011); *see also Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003) (testimony based on particularized knowledge garnered from years of experience in the field is lay testimony not subject to Rule 702). The Eleventh Circuit has applied that principle to law-enforcement witnesses. In *United States v. Jayyousi*, 657 F.3d 1085, 1102 (11th Cir. 2011), the court held that a case agent's interpretation of code words he learned during his investigation was admissible lay opinion because he limited his testimony to what he learned in that investigation. Sergeant Copeland's opinions were likewise tied to his own investigation of this crash and the allegation of stolen plates made after the crash.

His testimony about his report is also independently admissible. Rule 803(8)(A)(iii) excepts from the hearsay rule a public office's record setting out, in a civil case, factual findings from a legally authorized investigation, where the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness. Fed. R. Evid. 803(8)(A)(iii), (B).

The Court confined Sergeant Copeland to his report and kept him out of hypotheticals, treating his testimony as grounded in his investigation rather than as freestanding expert opinion. Because his testimony stayed tied to the independently admissible report, any incremental prejudice to Mayflower is minimal.

**3. Any expert portion required no written report, and any shortfall in the summary disclosure was harmless.**

Sergeant Copeland is a non-retained witness. A written report under Rule 26(a)(2)(B) is required only of a witness "retained or specially employed to provide expert testimony in the case" or one whose duties as the party's employee regularly involve giving expert testimony; other expert witnesses require only the disclosure described in Rule 26(a)(2)(C). Fed. R. Civ. P. 26(a)(2)(B)–(C). Whether a witness is retained turns on how the witness came to the case, not on the content of the testimony: the question "hinges on how she formed her relationship with the party she will testify for—not on the content of the testimony." *Cedant v. United States,* 75 F.4th 1314, 1317 (11th Cir. 2023) Sergeant Copeland came to this case by investigating the crash, not by being hired to testify. He therefore was not required to provide a Rule 26(a)(2)(B) report. A Rule 26(a)(2)(C) disclosure—stating the subject matter of his testimony and a summary of the facts and opinions to which he would testify—sufficed, and his own report supplied that substance.

Even assuming the disclosure of the report was somehow insufficient, Rule 37(c)(1) permits the testimony where the failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Given Mayflower's late production of emails and the limited time, resources, and capacity of a Georgia Highway Patrol Sergeant any alleged failure was substantially justified.

Moreover, there was no surprise: Plaintiffs repeatedly identified Sergeant Copeland as an expert witness, so Mayflower knew who he was. Also, the report from which he testified was a public record in Mayflower's possession throughout the case; written by Sergeant Copeland himself, it *is* the summary of his facts and opinions. Mayflower engaged in a vigorous cross examination based on that report.

Importantly, Mayflower had every opportunity to cure any perceived deficiency, yet it never deposed him and never requested a fuller disclosure. Thus, any risk of unfair surprise at trial

was Mayflower's own making and also was addressed when the Court held him to the four corners of his report. Finally, Mayflower had the opportunity to conduct voir dire and object to his qualifications and examine the witness, but instead, chose to waive this right.

If recalled, Sgt. Copeland will further testify that if contacted by Mayflower counsel he would have happily answered any inquiry or reviewed any evidence from the civil trial, because it was his duty to respond to them just as it was his duty to respond to Plaintiff. He will further testify that he lacked the time, resources, and capacity to produce an official government report of the kind Mayflower demands in the short time between when he was able to review the emails and trial.

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court deny Defendant Mayflower Transit LLC's Motion to Strike the Testimony of Sergeant Copeland.

Respectfully submitted this 17th day of November 2026.

HODGE LAW FIRM
P.O. Box 2765
Spartanburg, SC 29306
Tel: (864) 585-3873
Fax: (864) 585-6485

/s/ Charles J. Hodge
Charles J. Hodge
Admitted Pro Hac Vice
J. Camden Hodge
Admitted Pro Hac Vice
Camden@hodgelawfirm.com
Attorneys for Plaintiffs

HAMILTON & PADGETT, LLC
13 St. Andrews Ct.
Brunswick, Georgia 31520
P: (912) 200-2727

/s/ Joseph R. Padgett
Joseph R. Padgett
Georgia Bar No. 872672
joseph@hamiltonpadgettlaw.com
Attorney for Plaintiffs

LANGLEY STILL & FOSS LAW FIRM
229 Magnolia Street
Spartanburg, SC 29306
Tel: (864) 774-4662

/s/ T. Ryan Langley
T. Ryan Langley
Georgia State Bar No.: 692386
Matthew T. Foss
Admitted Pro Hac Vice
Ryan@LSFlawfirm.com
Matt@LSFlawfirm.com
Attorneys for Plaintiffs