**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| KYLE SLOAN, et. al. | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NICHOLAS BURIST, et al., | * | Civil Action No. 2:22-cv-0076-LGW-BWC |
| | * | |
| Defendants. | * | |
| | * | |

**DEFENDANT MAYFLOWER TRANSIT, LLC'S OBJECTION TO PLAINTIFFS' INSTRUCTIONS**

Jury instructions must provide the jury with an accurate statement of the law without unnecessary confusion; the goal is not just "technically correct" instructions, but also instructions that objectively guide the jury through the legal principles they must use in finding the facts. <u>See</u> <u>Bateman v. Mnemonics, Inc.</u>, 79 F.3d 1532, 1546 (11th Cir. 1996)("The instruction given by the court is not technically incorrect" but "It fails .. . to define the important term "compatibility" and, more importantly, fails to instruct the jury on the legal consequences of a finding that certain copying of code by PAC was dictated by compatibility requirements."). "If the instructions as a whole correctly instruct the jury, even if technically imperfect, no reversible error is committed." <u>Eskra v. Provident Life & Acc. Ins. Co.</u>, 125 F.3d 1406, 1415 (11th Cir. 1997).

"Under this standard, we examine whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled." <u>Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.</u>, 389 F.3d 1339, 1351 (11th Cir. 2004)(citations omitted).

Here, the specific plaintiff instructions to which Mayflower objects mislead the jury and distract from the issues. Mayflower states its objections based on the numbers of plaintiff's instructions in the discussion below.

Rather than the questions invited by the evidence and the causes of actions, under Plaintiffs' instructions he jury would be improperly focused on regulatory issues, specific facts in isolation (rather than examining the facts as a whole), and Mayflower's operations and compliance program. Mayflower is a regulated company with substantial commercial relationships, but this case is not a commercial or regulatory dispute. Focusing on such questions would distort the jury's consideration of the tort question of negligence and whether Mayflower is responsible (via agency theory, since the evidence was that Burist worked for someone else) for the negligence. For these reasons, the following proposed instructions should be rejected, in favor of Mayflower's proffered instructions for the case:

First, Plaintiffs instructions regarding negligence per se should be rejected. Introducing a litany of regulations is improper, confusing, and prejudicial. It is not a "negligence per se" claim, and seeks instead to have the court interject additional avenues for Plaintiffs challenges to Mayflower's character. None of the alleged elements is relevant or required for a proper and correct instruction to the jury on the law, because none of those violations (labeling, failing to terminate, etc.) See, e.g., Chapman v. Shetos Inc., No. 1:24-CV-0455-SEG, 2025 WL 3247775, at *5 (N.D. Ga. July 1, 2025)("Here, the record does not establish the causation element of the negligence *per se* claim. Plaintiff asserts that Elsayed's decision to leave the scene "makes him negligent per se . . . but does not explain how a violation of O.C.G.A § 40-6-270 resulted in Plaintiff's injuries" and "Absent evidence connecting Elsayed's statutory violation to Plaintiff's injuries, Plaintiff has failed to carry his burden to establish causation."). Plaintiffs here seek to

have the jury examine the details of motor carrier regulations (under the umbrella of "safety" or "compliance") without enough connection to the case and the decisive questions.

Second, even assuming "negligence per se" somehow opens the door to jury instruction that violation of a law or regulation is relevant and must be considered for negligence, these instructions go too far and are improperly prejudicial. The instructions are not supported by the evidence and introduce collateral inquiry that the jury should not do at this stage.

Plaintiffs' Instructions 9 and 10 involve elements not at issue for Mayflower. There is no evidence that Mayflower knew, or had reason to believe, there was any alcohol prior to this incident. There is no evidence of any such violation, so number 9 invites consideration of an issue not in the evidence. As to number 10, the instruction relates to maintenance of the vehicle, and there has been no testimony that Mayflower failed to maintain the vehicle. In fact, the only evidence is of the roadside inspection, for which the relevant authorities decided Mayflower was not responsible. Plaintiffs have presented no evidence of a violation by Mayflower. Legal regulation recitation to this extent is improper and suggests to the jury that they must, rather than that they can, consider regulations in assessing negligence.

Instruction 11 addresses requirements for marking. Plaintiffs were not harmed by any lack of marking. The marking on the truck was neither the cause of, nor relevant to, causation here. Plaintiffs are suing for personal injury and wrongful death, not improper marking. There is no tort for negligent removal of marking here. Moholland's disregard of instructions to remove markings is not a basis for negligence, either. The marking issue is also irrelevant to apparent agency, because there is no reliance on the markings in relation to the subject tort.

There also is no cause of action for violation of the FMCSA or those regulations, and regardless, none is pled here. Instruction 12 is a claim to use federal law as a preemption or

substitute for Georgia common law agency, even though the issue is one of state law here. See generally Montgomery v. Caribe Transp. II, LLC, 608 U.S. 219, 226 (2026)("All agree that common-law duties and standards of care form part of a State's authority to regulate safety."). The instructions Mayflower provided adequate cover this. The US Supreme Court has ruled that the Federal regulations do not preempt state common law on torts.

Moreover, the cited regulation relates to a collateral, not decisive question, and injecting the administrative issues raised in this manner is not proper. The jury heard dueling evidence regarding the "motor carrier" status but does not require instruction to resolve it. This is not a DOT administrative proceeding, and accordingly. The jury should not be required to adjudicate the content of volumes of motor carrier regulations to reach the question of agency or attribution here, which can be simply explained via less confusing means. Plaintiffs lose nothing by the exclusion of this instruction, as the evidence was presented and argument can be made in relation to the governing state law claims. In contrast, Mayflower faces trial where its defense will be lost among regulations that are for industry audiences and not designed for tort law in this form and forum.

Using this as a substitute for common law agency deprives Mayflower of a proper defense under Georgia law and impermissibly lightens plaintiffs burden under the guise of "negligence per se." Moreover, while Georgia law may adopt these regulations, they relate to regulation of motor transit, not common law torts. Plaintiffs cannot convert administrative violations into a cause of action under state law. The authority does not support grafting questions of administrative law and regulation onto this straightforward tort case. The jury will be misled, confused, or drawn to collateral questions, to Mayflower's detriment.

Instructions 13, 14, and 15 likewise improperly use the regulations to insert confusion and tilt burdens. Instruction 13 fails for the same reasons as 12, and additionally, is vague and improper

because it purports that unspecified obligations may not be left to the driver. Surely, the obligations that relate to driving the vehicle competently, including not getting drunk, cannot be generally asserted in this manner. Here, Burist acted outside any reasonably foreseeable role (even assuming he was properly attributed to mayflower). This general instruction need not be given, since plaintiffs can argue general duties via the law of negligence without the stamp of a federal regulation for which no concrete guidance or scenarios are given. Further, instruction 14 has these flaws and also uses substantial verbiage that is unnecessary, prolix, and distracting. At most, lease liabiltiy is an attempted proxy for agency. This is a tort case, not an administrative or commercial proceeding.

Instruction 15 is prejudicial. Either the regulations are evidence of negligence or they are not, but leading the jury into collateral "aiding and abetting" is confusing and improper. Moreover, these regulations contemplate aiding and abetting violations of the regulations together, and there is no evidence of that. The jury would have to consider what Mayflower was aiding and abetting, and there is no evidence of that here. Mayflower did not "aid or abet" anything, even assuming the violations are relevant and attributable. These terms also create a negative connotation (criminal conduct), and further are more likely a "catch all" for use in regulation rather than for causes of action in tort. This instruction is an attempt to create a conspiracy or other joint venture liability that has not been shown or relevant here.

The last paragraph of instruction 17 is argument and improper. A plaintiff cannot receive instruction on applying their facts to the law, and this instruction attempts to do so via the suggested language. The Court should not be a proxy for closing argument via jury instruction.

Instruction 18 continues the trend of catch-all agency that ignores the narrow focus the jury needs in order to avoid confusion. Under 18, extra agency theories are excessive and confusing. Further “motor carrier” is a legal issue not a factual issue.

Instruction 20 includes citation to specific evidence, which is improper. The instruction is also confusing and too long, with discussion of revocation and other issues that are better addressed via pattern instructions or other parts.

Instruction 21 is at most a codification of common law agency, with confusing additions. This instruction is covered adequately in other instructions and makes the jury focus on the regulations again, rather than the tort and liability issues. For these reasons, and as explained above, this invocation of regulatory schemes is improper since the jury can decide the case without these instructions and placing regulatory compliance at issue unduly prejudices Mayflower.

Instruction 22 is an improper attempt to allege an unpled joint venture theory of liability. The jury will be improperly prejudiced to find liability based on this potential theory. Moreover, for the reasons discussed herein, joint venture, conspiracy, or “aiding and abetting” whether explicit or suggested, is improperly prejudicial and invites verdict based on character or other improper factors. The evidence is better served by different instructions.

Instruction 23 is unnecessary and prejudicial. Mayflower objects. There is no authority to show that for tort cases apparent agency can be shown via the marking regulations. The marking is not, on its own, enough where the principal has disclaimed such marking. The same objection applies as to the claim of violation of marking obligations. The first two paragraphs are substantially prejudicial.

Instruction 24 is confusing and contradictory. It is not a proper statement of statutory employer. Also, that is a pure legal question; otherwise it is agency under common law. The jury is not charged with deciding violation of regulations or administrative law issues.

As to instruction 25, Mayflower objects to negligent maintenance and motor carrier operating authority as a theory of liability. There is no evidence that Mayflower had obligations to maintain Locke's truck at that time. The evidence is to the contrary. Mayflower objects to negligent entrustment, because no evidence of entrustment of this truck by Mayflower. Implicit permission is not enough, there must consent to entrustment, so the jury should not hear this theory. See McManus v. Taylor, 756 S.E.2d 709, 714 (Ga. Ct. App. 2014)(noting as to his sufficient"His cousin, Trey, also testified that he knew not to let Billy drive, even if that instruction was not explicitly repeated").

As to Mayflower's instructions, Mayflower has provided the Georgia Pattern Instructions. Plaintiffs object to them; however, they have not shown that these instructions are not the proper means to advise on the necessary elements of Georgia tort law. As to instruction 60.330, there is no Federal cause of action in this case, and, moreover, the Georgia instructions govern here since the clearly decided issue is captured by that instruction. For instruction 60.350, additional instructions on exceptions are not required for an accurate statement of the law regarding independent contractors. Plaintiffs have not stated which are justified by the evidence, which the commentary requires to be provided for giving the exceptions instruction. The wrongful act at issue here is wrongful independently and entirely within Burist's control. He drove intoxicated and also exceeded the bounds of foreseeable conduct; none of it is in furtherance of employment, required, or could be ratified. As to Mayflower's role (if any) there is no connection to these

exceptions.

Respectfully submitted this 19th day of November 2026,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
*/s/ Stephen Kyle McDonald*
BRANTLEY ROWLEN
Georgia Bar No. 153031
STEPHEN KYLE MCDONALD
Georgia Bar No. 661387
Todd R. Ehrenreich
*Admitted Pro Hac Vice*
Jeffrey Geldens
*Admitted Pro Hac Vice*
*Counsel for Mayflower Transit, LLC*

600 Peachtree Street N.E.
Suite 4700
Atlanta, Georgia 30308
404-348-8585 Telephone
404-467-8845 Facsimile
Brantley.Rowlen@lewisbrisbois.com
Stephen.McDonald@lewisbrisbois.com

Todd.Ehrenreich@lewisbrisbois.com
Jeffrey.Geldens@lewisbrisbois.com

**Certificate of Service**

I CERTIFY that on November 19, 2026, I e-filed a true and correct copy of the foregoing via the Court's CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Stephen Kyle McDonald*
BRANTLEY ROWLEN
Georgia Bar No. 153031
STEPHEN KYLE MCDONALD
Georgia Bar No. 661387
Todd R. Ehrenreich
*Admitted Pro Hac Vice*
Jeffrey Geldens
*Admitted Pro Hac Vice*

*Counsel for Mayflower Transit, LLC*

600 Peachtree Street N.E.
Suite 4700
Atlanta, Georgia 30308
404-348-8585 Telephone
404-467-8845 Facsimile
Brantley.Rowlen@lewisbrisbois.com
Stephen.McDonald@lewisbrisbois.com

24 Drayton St., Suite 300
Savannah, GA 31401
Tel. (912) 525-4960

Todd.Ehrenreich@lewisbrisbois.com
Jeffrey.Geldens@lewisbrisbois.com