**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| KYLE SLOAN, Individually, and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan, KYLE SLOAN as Surviving Spouse of Jamie Sloan, and KYLE SLOAN as Surviving Parent of Rylie Sloan,<br><br>Plaintiffs,<br><br>v.<br><br>MAYFLOWER TRANSIT LLC; and NICHOLAS BURIST<br><br>Defendants. | ) | Civil Action No.<br>2:22-cv-00076-LGW-BWC |

**PLAINTIFF'S MOTION TO STRIKE AND EXCLUDE THE OPINIONS OF MAYFLOWER'S EXPERT PHILLIP J. SMITH**

Plaintiff moves to strike and exclude all four opinions of Defendant Mayflower Transit LLC's retained expert, Phillip J. Smith. Smith Report at 18 (Ex. A). Each tells the jury how to decide the ultimate legal question in this case — whether Mayflower remained the responsible carrier for the tractor on July 1, 2022. This Court has ruled that it would be improper to permit expert testimony on this issue. See, Docs. 488 and 489, and transcript of trial proceedings for November 17, 2026 for Judge Wood's oral affirmance of Orders 488-9.

## I. The Court has already drawn the line in its ruling on Mr. Rugemer.

On November 15, 2026, the Magistrate Judge held that an expert "may not testify to the legal implications of conduct or tell the jury what result to reach," that a contract's meaning "is a legal conclusion that experts may not opine on," and that "statements about the existence and termination of an agency relationship will not assist the jury." Doc. 488 at 9–10 (quoting *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1128 (11th Cir. 2018), and *Great Lakes*

*Ins. SE v. Williams*, No. 1:23-CV-23556, 2025 WL 2144467, at *5 (S.D. Fla. Mar. 31, 2025)). Whether Mayflower qualifies as the responsible motor carrier "under regulations constitutes testimony that applies a legal standard to facts, and it is not permissible for an expert to offer such testimony." *Id.* at 10–11 (citing *Cordoves v. Miami-Dade County*, 104 F. Supp. 3d 1350 (S.D. Fla. 2015)). The Court barred Mr. Rugemer from offering "any opinion that an agency relationship existed at the time of the accident, that an agency relationship existed at any time, or that Mayflower was the responsible motor carrier for safety," *id.* at 11, 16; excluded his testimony that the tractor was under Mayflower's "exclusive possession and control," Doc. 489, Attach. A (93:1–11); and excluded testimony about another person's motive or mental state, *id.* (78:14–24, 83:7–84:5).

The Court's reasoning is direct. Mr. Rugemer's "opinions about the existence of the agency relationship constitute legal conclusions. Consequently, Rugemer's statements about the existence and termination of an agency relationship will not assist the jury." Doc. 488 at 10. An expert's report "must offer more 'than what lawyers for the parties can argue in closing arguments,'" and an "imprecise opinion easily could serve to confuse the jury[] and might [mislead] it." *Id.* at 9 (quoting *Cook v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1111 (11th Cir. 2005), and *Frazier*, 387 F.3d at 1266). The Court rejected Plaintiff's argument that Mr. Rugemer "merely explained the technical regulatory and industry framework," because that argument "ignore[d] the portions where Rugemer plainly states legal conclusions." *Id.* at 8, 11. The Court did not exclude Mr. Rugemer's testimony reading "emails and forms and quot[ing] regulations," *id.* at 11; it excluded his ultimate conclusions. Plaintiff asks for exactly the same line here. Mr. Smith may describe the documents. He may not tell the jury what they mean legally or which carrier was responsible. Of course, however, Mr. Rugemer issued a supplemental reports on additional documents produced

by Mayflower. Mr. Smith has not issued a supplemental report, and is therefore not entitled to testify as to any additional documents since his December 9, 2024 disclosure.

Rule 704(a) does not change the result. An opinion is not objectionable merely because it embraces an ultimate issue, but an expert still may not "merely tell the jury what result to reach" or testify to the legal implications of conduct. *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990). If Mr. Rugemer may not tell the jury that the agency continued and that Mayflower was the responsible carrier, Mr. Smith may not tell the jury that the agency and lease ended and that Mayflower had no responsibility.

## II. Each of Mr. Smith's four opinions is a legal conclusion on the ultimate issue.

**Opinion 1.** "It is my opinion that Mayflower had by April 28, 2022 met all of provisions and requirements demanded by FMCSR part 376 and part 390.21T." Smith Report at 18. This applies federal regulations to Mayflower's conduct and announces a verdict of compliance — the converse of the regulatory opinion barred by Doc. 488 at 10–11 and *Cordoves*. It is also untrue on the face of the record: on July 1, 2022 the tractor still bore Mayflower's name and USDOT number 125563 on its door, Mayflower's Missouri apportioned plate, and Mayflower's cab card, all of which the Court has admitted. Doc. 489 at 8–10.

**Opinion 2.** "It is my opinion that the canceled Agency Agreement did terminate the Carrier-Agent Operating Lease Agreement and therefore the subject semi-tractor was not under the exclusive possession, control, and use of the Mayflower operating authority at the time of the accident." *Id.* This is three excluded opinions in one sentence: the meaning of a contract, which "is a legal conclusion that experts may not opine on," Doc. 488 at 9 (quoting *Great Lakes*, 2025 WL 2144467, at *5); the termination of the agency relationship, *id.* at 10; and the application of

the "exclusive possession, control, and use" requirement of 49 C.F.R. § 376.12(c)(1) — the phrase the Court struck from Mr. Rugemer's testimony. Doc. 489, Attach. A (93:1–11).

**Opinion 3.** "It is my opinion that Mayflower made multiple good faith attempts in writing, advising and requiring Moholland to remove all Mayflower signage from the involved equipment." Smith Report at 18. "Good faith" is a statement about a party's state of mind. The Court excluded Mr. Rugemer's testimony on another's motive and mental state. Doc. 489, Attach. A (78:14–24, 83:7–84:5). Mr. Smith identifies no writing; his only support is a list of pages from Rob Garr's deposition, and summarizing a fact witness offers "nothing more than what lawyers for the parties can argue in closing arguments." *Frazier*, 387 F.3d at 1262–63; Doc. 488 at 7.

**Opinion 4.** "It is my opinion that Mayflower had no involvement or responsibility for the interstate movement of the load being transported by the involved commercial equipment," which Moholland moved under its own authority while "maintain[ing] full and sole responsibility for compliance with the FMCSR's. This truth is testified to in sworn deposition by Mr. Garr." Smith Report at 18. This is the responsible-motor-carrier opinion the Court barred, stated in the negative, followed by an endorsement of a fact witness's credibility ("[t]his truth"). Who is responsible, and whom to believe, are for the jury. An expert "may not testify to the legal implications of conduct or tell the jury what result to reach." *Commodores*, 879 F.3d at 1128 (quoted in Doc. 488 at 9).

## III. The Court should resolve this motion on the merits.

The Court considered Mayflower's motion on the merits "given the potential risk of the admission of improper testimony" at trial. Doc. 488 at 5. The same risk exists here. Admitting Mr. Smith's opinions that the agency and lease ended and that Mayflower had no responsibility, after excluding Mr. Rugemer's opinions on the same questions, would leave the jury with only one side of a legal question the Court has held belongs to it.

**CONCLUSION**

Plaintiff asks the Court to exclude Mr. Smith's Opinions 1 through 4 and the corresponding parts of his Discussion #3, and to order that Mr. Smith may not testify (a) that Mayflower complied with 49 C.F.R. Part 376 or § 390.21; (b) that the Agency Agreement or the Carrier-Agent Operating Lease was terminated, or that any agency relationship had ended; (c) that the tractor was not under Mayflower's "exclusive possession, control, and use"; (d) that Mayflower acted in "good faith"; (e) that Mayflower had no involvement or responsibility, or that Moholland had sole responsibility, for the load or for compliance with the FMCSRs; or (f) that Mr. Garr's testimony is true. Because trial is underway, Plaintiff requests a ruling before Mr. Smith testifies.

Respectfully submitted this 19th day of November 2026.

HODGE LAW FIRM
P.O. Box 2765
Spartanburg, SC 29306
Tel: (864) 585-3873
Fax: (864) 585-6485

/s/ Charles J. Hodge
Charles J. Hodge
Admitted Pro Hac Vice
J. Camden Hodge
Admitted Pro Hac Vice
Camden@hodgelawfirm.com
Attorneys for Plaintiffs

HAMILTON & PADGETT, LLC
13 St. Andrews Ct.
Brunswick, Georgia 31520
P: (912) 200-2727

/s/ Joseph R. Padgett
Joseph R. Padgett
Georgia Bar No. 872672
joseph@hamiltonpadgettlaw.com
Attorney for Plaintiffs

LANGLEY STILL & FOSS LAW FIRM
229 Magnolia Street
Spartanburg, SC 29306
Tel: (864) 774-4662

/s/ T. Ryan Langley
T. Ryan Langley
Georgia State Bar No.: 692386
Matthew T. Foss
Admitted Pro Hac Vice
Ryan@LSFlawfirm.com
Matt@LSFlawfirm.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ T. Ryan Langley
T. Ryan Langley