**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| KYLE SLOAN, Individually, and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan; KYLE SLOAN as Surviving Spouse of Jamie Sloan; and KYLE SLOAN as Surviving Parent of Rylie Sloan,<br><br>Plaintiff,<br><br>v.<br><br>MAYFLOWER TRANSIT LLC and NICHOLAS BURIST,<br><br>Defendants. | ) | Civil Action No. 2:22-cv-00076-LGW |

**PLAINTIFFS' 51(a)(2) MOTION TO ADD REQUESTED JURY CHARGE ON FAILURE TO PRODUCE EVIDENCE (O.C.G.A. § 24-14-22)**

Plaintiffs move under Federal Rule of Civil Procedure 51(a)(2) to add a charge on failure to produce evidence, O.C.G.A. § 24-14-22, to Plaintiffs' requested jury charges. Mayflower Transit, LLC ("Mayflower") told Plaintiffs and the Court that it would call Jason Jones, Christopher Wynn, and its retained expert, Phillip Smith. It called none of them. The need for this charge became clear only when Mayflower rested.

**Background**

1. In the proposed Consolidated Amended Pretrial Order, Mayflower listed as "Will Call" witnesses Jason Jones (its 30(b)(6) designee), Michael Kratzer (its 30(b)(6) designee), Christopher Wynn, and Phillip Smith of Analysis, Inc. Doc. 464 at 14. It listed Sue DeMien, Adam Petry, and Theresa Dawkins as "May Call" witnesses. *Id*. at 14–15. The Pretrial Order provides that "[a] representation that a party will have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time

prior to trial to allow the opposing party to subpoena the witness or obtain his testimony." *Id*. at 13 ¶ 15.

2. At the November 5, 2026 hearing, Mayflower repeated those representations. Defense counsel stated that Smith "is on will call list," that Jones "will be on a will call list," and confirmed that Wynn "can be produced in person." Doc. 480 at 2, 9, 14.

3. On Friday, November 13, 2026, the last business day before trial, Mayflower moved Jones, Kratzer, and Wynn from "Will Call" to "May Call." Doc. 481 at 1–2. Smith remained a "Will Call" witness. Id. at 2.

4. Mayflower told the Court before trial that "every fact witness has testified that this was not a Mayflower load" and that "all the fact witnesses have said that the DOT number and authority . . . were Moholland's." Doc. 474 at 2, 5. Yet Mayflower rested without calling Jones, Wynn, Smith, DeMien, Petry, or Dawkins, live or by deposition.

5. Plaintiff was relying upon Mayflower's representation that it was calling Jason Jones to refute his prior testimony regarding Mayflower's system, business relationship, and communication. Now, when Mayflower makes this same representation at closing, it becomes misleading and inaccurate based on the evidence revealed in discovery and throughout the course of the case.

6. These witnesses are Mayflower's own designees, personnel, and retained expert, and several wrote the documents at the center of this case. Petry told Moholland it could keep Mayflower's plates through July 1, 2022. Trial Ex. 26 (Plaintiffs). DeMien wrote that "the risk this brings to our company cannot be ignored," asked whether to issue a cease-and-desist or report the plates stolen, and later asked FMCSA to remove the June 17 inspection from Mayflower's profile. Trial Ex. 158 (Plaintiff); Trial Ex. 104 (Joint). Wynn answered

DeMien's email and sent the temporary agency agreements to FMCSA on July 5, 2022. Trial Ex. 158 (Plaintiff); Trial Ex. 5 (Joint). Jones signed the declaration supporting Mayflower's motion to dismiss, and testified Mayflower had no knowledge of the June 17, 2022 roadside inspection – despite it clearly being in their email system. Jones Dep. Pg. 52–54. Trial Ex. 150 (Joint).

**Argument**

Rule 51 allows this request. After the close of evidence, a party may request instructions "on issues that could not reasonably have been anticipated by an earlier date that the court set for requests," and, with the Court's permission, "untimely requests for instructions on any issue." Fed. R. Civ. P. 51(a)(2)(A)–(B). Plaintiffs relied, as the Pretrial Order allowed, on Mayflower's representation that it would call these witnesses. Doc. 464 ¶ 15. Plaintiffs could not have anticipated that Mayflower would drop them on the eve of trial, or not call Smith at all.

The witnesses were in Mayflower's power and within its reach: they are its corporate designees, its personnel and its retained expert, and Mayflower confirmed as much by designating them "Will Call" and telling the Court they would appear. Their testimony goes to the heart of what Mayflower denies: whether it authorized and knew of Moholland's use of its credentials, and whether its lease of this tractor continued through July 1, 2022.

**Requested Charge**

**PLAINTIFFS' REQUESTED CHARGE NO. [__]: FAILURE TO PRODUCE EVIDENCE**

If a party has evidence in its power and within its reach by which it may repel a claim or charge against it, but does not produce it, or if a party has more certain and satisfactory evidence in its power but relies on evidence of a weaker and inferior nature, a presumption arises that the claim or charge against that party is well founded. This presumption may be rebutted.

O.C.G.A. § 24-14-22

Plaintiffs respectfully ask the Court to add this charge to Plaintiffs' requested jury charges and to give it to the jury.

Respectfully submitted this 22nd day of November 2026.

HODGE LAW FIRM
P.O. Box 2765
Spartanburg, SC 29306
Tel: (864) 585-3873
Fax: (864) 585-6485

/s/ Charles J. Hodge
Charles J. Hodge
Admitted Pro Hac Vice
J. Camden Hodge
Admitted Pro Hac Vice
Camden@hodgelawfirm.com
Attorneys for Plaintiffs

HAMILTON & PADGETT, LLC
13 St. Andrews Ct.
Brunswick, Georgia 31520
P: (912) 200-2727

/s/ Joseph R. Padgett
Joseph R. Padgett
Georgia Bar No. 872672
joseph@hamiltonpadgettlaw.com
Attorney for Plaintiffs

LANGLEY STILL & FOSS LAW FIRM
229 Magnolia Street
Spartanburg, SC 29306
Tel: (864) 774-4662

/s/ T. Ryan Langley
T. Ryan Langley
Georgia State Bar No.: 692386
Matthew T. Foss
Admitted Pro Hac Vice
Ryan@LSFlawfirm.com
Matt@LSFlawfirm.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Charles J. Hodge
Charles J. Hodge