**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| KYLE SLOAN, Individually, and as Personal Representative of the Estates of Rylie Sloan and Jamie Sloan; KYLE SLOAN as Surviving Spouse of Jamie Sloan; KYLE SLOAN as Surviving Parent of Rylie Sloan,<br><br>Plaintiffs,<br><br>v.<br><br>MAYFLOWER TRANSIT LLC; NICHOLAS BURIST,<br><br>Defendants. | CASE NO. 2:22-cv-0076-LGW-BWC |

**PLAINTIFFS' MOTION AND BRIEF IN SUPPORT OF PARTIAL JUDGMENT AS A MATTER OF LAW UNDER FED. R. CIV. P. 50(a) ON DEFENDANTS' REQUEST TO APPORTION FAULT TO NONPARTIES JOE MOHOLLAND, INC. AND LOCKE RELOCATIONS, LLC**

**Introduction**

Plaintiffs move under Rule 50(a) for judgment as a matter of law on one issue. Defendants ask the jury to assign fault under O.C.G.A. § 51-12-33 to the settling former defendants Joe Moholland, Inc. d/b/a Joe Moholland Moving ("Moholland") and Locke Relocations, LLC ("Locke"). Docs. 461, 468. Plaintiffs opposed, Doc. 478, and the request is pending. The evidence is now closed. No witness, expert or lay, testified that Moholland or Locke breached any standard of care, or that anything either did, apart from the driving of Defendant Nicholas Burist ("Burist") and the conduct of Defendant Mayflower Transit, LLC ("Mayflower") itself, caused this collision. What remains is Burist's fault, proximate cause of damages and whether Mayflower is responsible as the motor carrier or statutory employer under lease liability. Mayflower made no cross claim and thus the only question is Burist and/or Mayflower's liability.

## Relevant Background

1. On July 1, 2022, Burist was driving tractor unit 251-333 on Interstate 95, hauling a military household-goods load, when the collision killed Jamie and Rylie Sloan and injured Kyle Sloan. Trial Ex. 82 (Joint); (Rugemer, Garr, Kratzer, Burist Trial Testimony). The tractor door read "Joe Moholland Moving / Operated By Mayflower Transit / Fenton, MO / USDOT# 125563," and the cab card named Mayflower as the carrier responsible for safety. Trial Ex. 100 (Plaintiff); Trial Ex. 31 (Plaintiff). The IFTA license was purchased by Mayflower. (Kratzer Trial Testimony). The motor carrier purchases the IFTA license. (Kratzer Trial Testimony).
2. Moholland, Mayflower's agent, dispatched the load, and Burist drove under Moholland's contractor agreement with Locke. Trial Ex. 18 (Joint); Trial Ex. 48 (Joint). Moholland ran the tractor on Mayflower's plate, cab card, IFTA credential and USDOT number, and on June 28, 2022 Mayflower allowed that use through July 1. Trial Ex. 26 (Plaintiff).
3. Plaintiffs settled with Moholland and Locke before trial. Doc. 461 at 7–8. Mayflower filed no cross claim and offered no expert testimony or lay testimony that Moholland or Locke breached any duty or caused the collision. (Kratzer, Copeland, Locke and Garr Trial Testimony. The only testimony from any witness that there was another motor carrier responsible came from Rob Garr. This is insufficient for apportionment.

## Legal Standard

The Court may "resolve the issue against" a party that "has been fully heard on an issue" when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). The Court views the evidence, and all reasonable inferences from it, in the light most favorable to the nonmoving party; judgment as a matter of law is proper

when the facts and inferences point so overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary verdict. *Richardson v. Leeds Police Dep't*, 71 F.3d 801, 805 (11th Cir. 1995). That standard applies to a defendant's request to shift fault to nonparties, an issue on which the defendant bears the burden of proof.

Plaintiffs move on three independent grounds, each sufficient by itself: (1) Defendants filed no cross claim and offered no competent evidence that Moholland or Locke breached a duty that proximately caused the collision; (2) any fault attributed to Moholland or Locke through Burist's driving is vicarious and indivisible from Burist's own fault, which is already on the verdict form; and (3) the remaining conduct, Moholland's operation of the tractor on Mayflower's credentials, was authorized or ratified by Mayflower and cannot be apportioned under 49 U.S.C. § 13907(a) and O.C.G.A. § 51-2-5(4)-(6).

## Argument

### I. Defendants offered no competent evidence of nonparty fault.

"Fault" under § 51-12-33 means a breach of a legal duty that proximately caused the injury. *Zaldivar v. Prickett, 297 Ga. 589, 774 S.E.2d 688 (2015)*; *Quynn v. Hulsey, 310 Ga. 473, 477, 850 S.E.2d 725, 729 (2020)*. A defendant seeking apportionment must prove that the nonparty breached its duty and that the breach proximately caused the injury. *Sw. Emergency Physicians, P.C. v. Quinney*, 347 Ga. App. 410, 428, 819 S.E.2d 696, 709 (2018). A nonparty's fault "cannot be considered for the purposes of apportioning damages without some competent evidence that the nonparty in fact contributed to the alleged injury or damages." *Id.* at 427. A settlement, a notice of nonparty fault, counsel's questions and the nonparties' absence are not evidence, and "assumptions based on speculation are not evidence." *Id.* at 428. *See also McCommons v. White, 371 Ga. App. 93, 104, 899 S.E.2d 731, 741 (2024)* (no apportionment charge where settling nonparties had been dismissed and no evidence showed that they breached a duty - "Durhamtown offered no evidence

to establish some breach of legal duty on the part of any non-party. Thus, it was not improper for the trial court to refuse to charge the jury on apportionment under these facts.")

Defendants' theory is that Moholland and Locke bear responsibility for how the move was dispatched and how the equipment and driver were furnished. Docs. 461, 468. Yet Mayflower has filed no cross claims against these former parties.

Whether a household-goods agent or contractor met the applicable federal and industry standards in dispatching a load, qualifying a driver or maintaining a truck turns on what those standards required and how they were breached, and Defendants offered no expert testimony on either. Nor did any lay witness identify a breach. Testimony that Moholland dispatched the load or that Locke contracted with Burist may show a relationship to the move, not a breach. And no witness tied the maintenance items cited in the June 17, 2022 inspection to the July 1 collision. Trial Ex. 101 (Plaintiff); Trial Ex. 103 (Plaintiff). The evidence is that Burist's driving caused this crash, and his fault is already on the verdict form. In *Quinney*, the court refused to list a hospital separately from its employee nurses where no evidence showed negligence by the hospital independent of theirs and the only basis was counsel's argument. 347 Ga. App. at 426–28. The same result follows here.

## II. What remains is Burist's fault and without a direct negligence claim against Mayflower this fault cannot be apportioned.

Any fault assigned to Moholland or Locke because Burist drove negligently is Burist's fault. "Generally, where a party's liability is solely vicarious, that party and the actively-negligent tortfeasor are regarded as a single tortfeasor. Thus, where a defendant employer's liability is entirely dependent on principles of vicarious liability, such as respondeat superior, then "[u]nless additional and independent acts of negligence over and above those alleged against the servant or employee are alleged against the employer, a verdict exonerating the employee also exonerates the

employer." *PN Express, Inc. v. Zegel*, 304 Ga. App. 672, 680, 697 S.E.2d 226, 233 (2010). Likewise, a verdict against the employee also implicates the employer. Here the sole claims against Mayflower are under statutory employment. As such, no apportionment should be on the verdict form.

Fault in that situation "cannot be apportioned between the principal and the agent/tortfeasor." *Eliezer v. Mosley*, 369 Ga. App. 102, 108, 891 S.E.2d 555, 559 (2023). Division of fault is not possible in cases predicated solely on the theory that one of the two named defendants is vicariously liable for the acts or omissions of the other named defendant under the doctrine of respondeat superior. *Id*. See *SecureAlert, Inc. v. Boggs*, 345 Ga. App. 812, 815 (815 SE2d 156) (2018) (noting that under "the doctrine of respondeat superior, … the principal is entirely responsible for the agent's negligence," and fault "cannot be apportioned between the principal and the agent/tortfeasor"); *PN Express v. Zegel*, 304 Ga. App. 672, 680 (697 SE2d 226) (2010) (explaining that where an employer's liability is solely vicarious, the employer and employee "are regarded as a single tortfeasor"). The court in *Loudermilk*, 305 Ga. at 575, n. 20, held that "[a]part from concerted action, there may exist other legal theories that preclude division of fault as a matter of law — perhaps, for instance, *vicarious liability* or other agency-based or derivative theories of liability."

The rule applies equally to nonparties. "Vicarious liability for another's fault is liability for all of it," and where fault is indivisible "the jury should not be charged on apportioning damages between the vicariously liable named defendant and the allegedly negligent non-party." *Ga. Power Co. v. Ries*, 379 Ga. App. 356, 367, 928 S.E.2d 447, 457 (2026). In *Ries*, the court vacated the judgment because the trial court let the jury assign fault to a nonparty contractor whose only alleged fault was a breach of the defendant's non-delegable statutory duty; that fault was

"indivisible" from the defendant's. 379 Ga. App. at 366–69. Mayflower essentially has a non-delegable motor carrier status. The IFTA license and IRP cab card are not transferable. Non-transferability and non-delegability are synonymous. Moreover, as articulated earlier herein, under the agency ratification law Mayflower cannot apportion is liability by charging an agent with conduct Mayflower approved.

The facts in *Quynn* involved negligent hiring which is not plead or sought by Plaintiff's here. In that case the court found that apportionment was only proper for negligence of the principal on its own, independently proven, 310 Ga. at 479–80. In this case there was no claim for negligent hiring by Mayflower and moreover Mayflower offered no evidence that Moholland or Locke were independently negligent. *Id* (holding that the need for different evidence to prove the parties' negligence could render the claims in a vicarious liability case "divisible" and "capable of being assigned percentages of fault").

The only other conduct at issue, running this tractor on Mayflower's credentials, is conduct Mayflower allowed its agent Moholland to perform. The testimony from Rob Garr that Moholland was operating on its own DOT authority and not Mayflowers is not competent evidence. There can be only one motor carrier on any particular load and Moholland lacked the necessary credentials to operate as a motor carrier by Mayflowers own admission. (Trial Testimony of Michael Kratzer).

Furthermore, after Mayflower safety management staff warned that "the risk this brings to our company cannot be ignored" and that "so much can happen and come back to us the longer we keep letting them use our plates," Mayflower extended that use through July 1. Trial Ex. 158 (Plaintiff); Trial Ex. 151 (Plaintiff); Trial Ex. 26 (Plaintiff). A household-goods carrier "shall be responsible for all acts or omissions of any of its agents which relate to the performance of

household goods transportation services . . . and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier." 49 U.S.C. § 13907(a). Georgia law is the same: an employer is liable for a contractor's wrongful act that is "the violation of a duty imposed by statute," O.C.G.A. § 51-2-5(4), and the parties agree the Court will so charge (Agreed Charge No. 19).

**Relief Requested**

Plaintiffs respectfully request that the Court:

1. grant judgment as a matter of law under Rule 50(a) that no fault may be apportioned to Moholland or Locke;
2. omit Moholland and Locke from the verdict form;
3. instruct the jury not to consider any fault of Moholland or Locke; and
4. preclude Defendants from arguing that Moholland or Locke is at fault.

Respectfully submitted this 22nd day of November 2026.

HODGE LAW FIRM
P.O. Box 2765
Spartanburg, SC 29306
Tel: (864) 585-3873
Fax: (864) 585-6485

/s/ Charles J. Hodge
Charles J. Hodge
Admitted Pro Hac Vice
J. Camden Hodge
Admitted Pro Hac Vice
CHodge@hodgelawfirm.com
Camden@hodgelawfirm.com
Attorneys for Plaintiffs

HAMILTON & PADGETT, LLC
13 St. Andrews Ct.
Brunswick, Georgia 31520
P: (912) 200-2727

/s/ Joseph R. Padgett
Joseph R. Padgett
Georgia Bar No. 872672
joseph@hamiltonpadgettlaw.com
Attorney for Plaintiffs

LANGLEY STILL & FOSS LAW FIRM
229 Magnolia Street
Spartanburg, SC 29306
Tel: (864) 774-4662

/s/ T. Ryan Langley
T. Ryan Langley
Georgia State Bar No.: 692386
Matthew T. Foss
Admitted Pro Hac Vice
Ryan@LSFlawfirm.com
Matt@LSFlawfirm.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on November 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all counsel of record.

/s/ Charles J. Hodge
Charles J. Hodge