**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| KYLE SLOAN, et. al. | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil Action No. |
| NICHOLAS BURIST, et al., | * | 2:22-cv-0076-LGW-BWC |
| | * | |
| Defendants. | * | |
| | * | |

**DEFENDANT MAYFLOWER TRANSIT, LLC'S MOTION FOR VERDICT FORM AND MEMORANDUM IN SUPPORT**

Defendant Mayflower moves the Court to have the jury consider apportionment. Plaintiffs settled with Moholland and Locke, then dropped them from the case. The jury may not be able to hear of that in specific form, but Mayflower is entitled to have those defendants' liability for this claim (in relation to Mayflower's via apportionment) decided. By settling, Plaintiffs have discharged those two parties, and thus, as the Georgia statute recognizes, this is not a cross-claim or other judgment in absentia. Ga. Code Ann. § 51-12-33(f). Rather, the jury must be provided with the opportunity to decide based on the evidence, which Mayflower provided, that these other parties are liable.

Before trial, Plaintiffs settled with Moholland and Locke. Now, Plaintiffs' eleventh-hour decision to waive direct negligence is neither a cure for confusion nor proper. It seeks to prevent Mayflower from apportioning fault, despite Georgia law. Under Georgia law, any potential basis for liability that is based on different facts or legal theory can be apportioned. Thus, there is no required all-or-nothing as to agency and vicarious liability. This is particularly true here, where Burist committed crimes, and the evidence showed he did so without any tie to Mayflower under governing law. Accordingly, the Court must include Moholland on the verdict form, as well as

ask the jury the proportion of direct fault Burist and Moholland bear. Plaintiffs cannot avoid this important element, as Mayflower is entitled to have the jury instructed consistent with the evidence as part of a fair trial.

Under the statute, the jury shall "apportion its award of damages among the person or persons who are liable according to the percentage of fault of each person." and "Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution." Ga. Code Ann. § 51-12-33(b). "In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit." Ga. Code Ann. § 51-12-33(c).

The issue the Court highlighted involves the jury potentially mixing apportionment of liability. However, a properly phrased question to the jury will allow the jury to understand that the apportionment is based on differing elements. Likewise, the total liability can be based upon the differing bases—Burist's intentional act of driving recklessly and committing homicide by vehicle.

As to Burist, the answer is straightforward. His acts were reckless and his own. Thus, even if he somehow can be connected to Mayflower, the jury should determine his percentage of fault. See Quynn v. Hulsey, 310 Ga. 473, 479, 850 S.E.2d 725, 730 (2020)(" in this case, while Quynn's claims against TriEst may have required Hulsey to have been negligent, and so are derivative of its employee's negligence to that extent, a jury would still be able to assign fault to TriEst on account of TriEst's own alleged negligence."); see also Georgia Power Co. v. Ries, 928 S.E.2d 447, 458 (Ga. Ct. App. 2026)("This is not a situation where different evidence would be

needed to prove that Reaves Construction was negligent than would be needed to prove that Ansley Walk was negligent, with regard to construction of the staircase”). Here, none of the evidence proving Plaintiffs’ theories of regulation-based liability, document-based liability, or “possession” liability relate to the fact of Burist’s driving. Burist’s consumption of alcohol and driving were the proximate cause of this incident, and according apportionment is proper.

The same applies to Moholland, even if it is not determined the carrier. Moholland’s decision to run this load in the manner the evidence shows can be negligence that caused Plaintiffs’ harm, even if somehow Moholland’s work on this load (without Mayflower) is attributed to Mayflower. This is because the evidence showed that Moholland undertook motor carrier responsibility for this load. If the jury determines that Mayflower is somehow connected as a principal, then different facts are required to adjudicate Moholland’s role, which were presented at trial. The purported “agent” of Moholland independently acted in choosing to hire Locke and permit Burist to drive, along with its failure to take appropriate measures. These are based on evidence of independent acts by Moholland, shown in the evidence – arranging the TMM load, booking it via the bill of lading, assigning it to Locke via the folders at the lot at departure, and failing to ensure the drive itself was safe. Because Plaintiffs have sought to impose liability through these varying theories, if the jury finds Mayflower responsible there is still room to allocate among Mayflower and Moholland and Burist.

Plaintiffs last-minute change of their theory[1] should not affect Mayflower’s statutory rights here. As a matter of Georgia law, apportionment applies. The verdict form can ask the jury the necessary elements for these claims.

---

[11] Plaintiffs first disclosed their proposed verdict scheme to Mayflower’s counsel the evening of Sunday, November 23, and provided their proposed verdict form shortly thereafter.

Consequently, the following are appropriate for the verdict form:

Negligence as to Burist

Was Nicholas Burist negligent in causing the damage to Plaintiffs when he crashed into Plaintiffs on July 1, 2022?

Agency liability

Do you find that Nicholas Burist was an agent of Mayflower Transit, LLC as to his negligence in causing damage to the Plaintiffs in the crash of July 1, 2022?

If your answer is yes, was Nicholas Burist acting within the course and scope of such agency for Mayflower when he crashed into the Plaintiffs on July , 2022.

Responsible motor carrier

Do you find that Mayflower was the responsible motor carrier?

Vicarious liability

Do you find that Nicholas Burist was an employee of Mayflower Transit, LLC as to his negligence in causing damage to the Plaintiffs on July 1, 2022?

If your answer is yes, was Nicholas Burist acting within the course and scope of such agency when he crashed into Plaintiffs on July 1, 2022?

Statutory employer liability

Do you find that Nicholas Burst was a statutory employee of Mayflower Transit, LLC as to his negligence in causing damage to the Plaintiffs on July 1, 2022?

If your answer is yes, did such statutory employment include performing the acts from which you determined Mr. Burist was negligent?

Negligence by Moholland and Locke

Even if Mayflower is responsible under the above, do you find that Moholland was negligent on its own, such that its own negligence was outside the scope of any relationship with Mayflower?

Even if Mayflower is responsible under any of the above, do you find that Locke on its own, such that its own negligence was outside the scope of any relationship with Mayflower?

APPORTIONMENT OF FAULT

Please allocate the percentage of fault, based on how muAgency liability

Do you find that Nicholas Burist was an agent of Mayflower Transit, LLC as to his negligence in causing damage to the Plaintiffs in the crash of July 1, 2022?

If your answer is yes, was Nicholas Burist acting within the course and scope of such agency for Mayflower when he crashed into the Plaintiffs on July , 2022.

Vicarious liability

Do you find that Nicholas Burist was an employee of Mayflower Transit, LLC as to his negligence in causing damage to the Plaintiffs on July 1, 2022?

If your answer is yes, was Nicholas Burist acting within the course and scope of such agency when he crashed into Plaintiffs on July 1, 2022?

Statutory employer liability

Do you find that Nicholas Burst was a statutory employee of Mayflower Transit, LLC as to his negligence in causing damage to the Plaintiffs on July 1, 2022?

If your answer is yes, did such statutory employment include performing the acts from which you determined Mr. Burist was negligent?

APPORTIONMENT OF FAULT

Please allocate the percentage of fault, based on how much of each of your findings contributed to Plaintiffs' harm in this case.

Negligence of Burist

Responsibility of Mayflower (based on Burist's negligence)

Responsibility of Moholland (based on Burist's negligence)

Responsibility of Moholland (for its own negligence as to the crash)

Responsibility of Locke (for its own negligence as to the crash)

Your allocation must add up to 100 percent.

Respectfully Submitted, this 23 day of November, 2026

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
*/s/ Stephen Kyle McDonald*
BRANTLEY ROWLEN
Georgia Bar No. 153031
STEPHEN KYLE MCDONALD
Georgia Bar No. 661387
Todd R. Ehrenreich
*Admitted Pro Hac Vice*
Jeffrey Geldens
*Admitted Pro Hac Vice*
*Counsel for Mayflower Transit, LLC*

**Certificate of Service**

I CERTIFY that on November 23, 2026, I e-filed a true and correct copy of the foregoing via the Court's CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Stephen Kyle McDonald*
BRANTLEY ROWLEN
Georgia Bar No. 153031
STEPHEN KYLE MCDONALD
Georgia Bar No. 661387
Todd R. Ehrenreich
*Admitted Pro Hac Vice*
Jeffrey Geldens
*Admitted Pro Hac Vice*

*Counsel for Mayflower Transit, LLC*

600 Peachtree Street N.E.
Suite 4700
Atlanta, Georgia 30308
404-348-8585 Telephone
404-467-8845 Facsimile
Brantley.Rowlen@lewisbrisbois.com
Stephen.McDonald@lewisbrisbois.com

24 Drayton St., Suite 300
Savannah, GA 31401
Tel. (912) 525-4960

Todd.Ehrenreich@lewisbrisbois.com
Jeffrey.Geldens@lewisbrisbois.com