IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KYLE SLOAN, INDIVIDUALLY; AND AS PERSONAL REPRESENTATIVE OF THE ESTATES OF RYLIE SLOAN AND JAMIE SLOAN; KYLE SLOAN AS SURVIVING SPOUSE OF JAMIE SLOAN; KYLE SLOAN AS SURVIVING PARENT OF RYLIE SLOAN

Plaintiffs,

v.

NICHOLAS BURIST; MAYFLOWER TRANSIT, LLC,

Defendants.

CIVIL ACTION FILE
NUMBER 2:22-cv-00076-LGW

**PLAINTIFFS' RESPONSE IN OPPOSITION TO JUDGE WOOD'S RECUSAL**

Plaintiffs oppose Judge Wood's Recusal on November 23, 2026. The Court's disclosed shareholding in Berkshire Hathaway does not require disqualification, and a mistrial at closing argument is not warranted. Furthermore, Berkshire Hathaway has no ownership in Joe Moholland per counsel for Joe Moholland and its amended disclosure at Doc. 100.

1. **The holding is not a financial interest in a party.**

The Court's concern appears to arise from Joe Moholland, Inc.'s original disclosure statement (Doc. 100). That disclosure was superseded. On June 22, 2023, Moholland filed its Amended Disclosure Statement of Parties and Intervenors under Federal Rule of Civil Procedure 7.1 and Local Rule 7.1.1. (Doc. 100.) The amended disclosure certifies that Moholland's owner is

Reflection Dock, LLC, whose sole member is Rob Garr, Moholland's president. (*Id.* at 1–2.) It lists no parent or publicly held corporation holding 10% or more of Moholland's stock, and it does not identify Berkshire Hathaway or any of its affiliates as having a financial or other interest in the outcome of this case. (*Id.*)

Case 2:22-cv-00076-LGW-BWC Document 100 Filed 06/22/23 Page 1 of 2

**In the United States District Court**
**for the Southern District of Georgia**
**Brunswick Division**

| | | |
|---|---|---|
| KYLE SLOAN | ) | |
| | ) | |
| v. | ) | 2:22-CV-00076-LGW |
| | ) | |
| NICHOLAS BURIST, ET AL | ) | |

**DEFENDANT, JOE MOHOLLAND, INC.'S AMENDED**
**DISCLOSURE STATEMENT OF PARTIES AND INTERVENORS**

3) This is a full and complete list of all other persons, associations of persons, firms, partnerships, subsidiaries and parent corporations, and organizations which have a financial interest in, or another interest which could be substantially affected by, the outcome of this case, including any parent or publicly-held corporation that holds ten percent (10%) or more of a party's stock (if no such individual or entity, state NONE):

| NAME | TITLE/RELATIONSHIP |
|---|---|
| REFLECTION DOCK, LLC | OWNER |
| ROB GARR | SOLE MEMBER OF REFLECTION DOCK |
| | |

(Doc. 100).

Berkshire Hathaway therefore does not own or control Moholland. In any event, Moholland has since been dismissed on March 6, 2023 and is no longer a party to this proceeding. The Court's holding in Berkshire Hathaway is not a financial interest in a party, and it is not an interest that could be substantially affected by the outcome. 28 U.S.C. § 455(b)(4).

Section 455(b)(4) requires disqualification only where the judge has “a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.” 28 U.S.C. § 455(b)(4). The only claimed connection runs through dismissed Joe Moholland, Inc., four corporate levels removed from Berkshire Hathaway. Moholland was dismissed from this action over a month ago, and a limited liability release was signed over a year ago. Joe Moholland is not a party to this proceeding. An interest connected to a dismissed former party is not an interest “in a party to the proceeding.” *McBride v. Galaxy Carpet Mills*, 920 F. Supp. 1278 (N.D. Ga. 1995)

An interest is disqualifying under § 455(b)(4) only if it exists in a party to the proceeding as the case actually stands, not as it once stood or might later stand. In *McBride*, 920 F. Supp. at 1278, Judge Vining raised recusal on his own because he might have been a member of the plaintiffs' proposed class. *Id.* at 1281. After the plaintiffs narrowed the class to exclude him, the court held that he had no "financial interest of the outcome of this litigation," so "recusal is not required under section 455(b)." *Id.* at 1282. The plaintiffs' attempt to "reserve the right" to return to the broader class did not change that result, because a possibility that the case could later change was not "sufficient to implicate the provisions of section 455(b)." *Id.* The court also found no basis for recusal under § 455(a). *Id.* The same is true here, and more clearly so. Joe Moholland, Inc. has been dismissed and is no longer a party to this proceeding. The Court’s remote holding in Berkshire Hathaway, four corporate levels removed from Moholland, is not a financial interest “in a party to the proceeding,” and no judgment in this case will run for or against Moholland. Recusal is "neither required nor warranted.” *Id.*

**2. No interest could be substantially affected by the outcome.**

Nothing the jury decides can impose liability on Moholland or alter its position. Moholland has been dismissed, and no judgment will be entered for or against it. Any fault the jury might assign to a nonparty is not binding on that nonparty in any other action. O.C.G.A. § 51-12-33(f)(2). This code section reads, “[w]here fault is assessed against nonparties pursuant to this Code section, findings of fault shall not subject any nonparty to liability in any action or be introduced as evidence of liability in any action. A minority shareholding in Berkshire Hathaway, held four corporate levels above a dismissed former party, cannot be “substantially affected” by this verdict. Additionally, there was no direct testimony of this through a witness in the case of an alleged tie to Berkshire Hathaway, only arguments of counsel, which are not evidence and not admissible. There is no substantial – or any – financial interest at stake by Moholland. Furthermore, even if there were, Long and Foster or Berkshire Hathaway are so removed, they did not even appear on the Limited Liability Release which was signed on March 6, 2023:

> claim or claims of the Undersigned against JOE MOHOLLAND, INC., on their behalf and on behalf of heirs, executors, administrators, successors and assigns, do hereby remise, release, acquit and forever discharge, JOE MOHOLLAND, INC. and its assigns, guarantors, officers, directors, shareholders, members, managers, employees, principals, agents, successors, representatives, and attorneys (hereinafter collectively together as “Limited Releasees”) from any and all claims,

(LLR Signed by Joe Moholland and Plaintiffs, March 6, 2023).

In this case, waiver of the Plaintiff is all that should be considered, and no objection to the same came from Mayflower. Plaintiffs, at a minimum, waive the claim and would ask this case to be tried/finished to verdict.

The federal judiciary's own guidance (Opinion 57, dated May 15, 2025) on corporate-family stock confirms that the question is whether the judge's holding reaches a *party*. When a judge holds stock in a "grandparent" or other corporation up the ownership chain, the concern is that "a judgment against a subsidiary can negatively impact the parent." Advisory Comm. on Civil Rules, Report to the Standing Comm. 14–15 (May 15, 2025) (quoting Fed. R. App. P. 26.1 advisory committee's note to 1998 amendment), *in* Comm. on Rules of Prac. & Proc., Agenda Book 300–01 (June 10, 2025). The Committee on Codes of Conduct likewise directs judges to ask whether the upstream entity "has control of a party." *Id.* at 16 (quoting Comm. on Codes of Conduct, Advisory Op. No. 57: Disqualification Based on a Parent-Subsidiary Relationship (Feb. 2024)). That concern does not arise here. Joe Moholland, Inc. has been dismissed on March 6, 2023. No judgment will be entered for or against it, and nothing the jury decides can affect its value, much less the value of Berkshire Hathaway four corporate levels above it. Because Moholland is not "a party to the proceeding," the Court's holding is not a financial interest requiring disqualification under 28 U.S.C. § 455(b)(4).

**3. Section 455(a) is not implicated, and any objection under it has been waived.**

The Court disclosed the holding on its own initiative. A reasonable, fully informed observer would not question the Court's impartiality based on a remote holding in one of the country's largest public companies, connected only to a dismissed former party. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860–61 (1988).

*Liljeberg* confirms that neither recusal nor a mistrial is warranted. Under § 455(a), the question is whether "a reasonable person, knowing all the circumstances," would question the judge's impartiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860–61 (1988). A reasonable person who knows all the circumstances here would know four things: (1) the Court

disclosed its holding on its own initiative; (2) the holding is in Berkshire Hathaway, one of the country's largest public companies; (3) Moholland's amended disclosure lists no Berkshire ownership (Doc. 100); and (4) Moholland was dismissed before trial and has no stake in the verdict. That person would not doubt the Court's impartiality. And unlike § 455(b), any ground under § 455(a) may be waived "after 'a full disclosure on the record of the basis for disqualification." *Id.* at 861 n.8 (quoting 28 U.S.C. § 455(e)). That is what happened here. Even where a violation is found, "[t]here need not be a draconian remedy for every violation of § 455(a)." *Id.* at 862. The Court weighs "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 864. Each factor weighs against a mistrial. Throwing out a fully tried case at closing argument would impose a severe injustice on Plaintiffs, two grieving families, and serve no corresponding interest. Here, the Court disclosed promptly and on the record, which is exactly how *Liljeberg* says the issue should be handled.

Any ground under § 455(a) may be waived after disclosure on the record. 28 U.S.C. § 455(e). Here, the judge's interest is in an entity several corporate levels removed from a defendant that has settled and been dismissed. The **prior** interested entity does not own that defendant, and no concrete effect on the judge's interest has been identified. The asserted connection therefore is not direct ownership in a party or the subject matter; at most, it is an "other interest," which requires a showing that the proceeding could substantially affect it. 28 USCS § 455. No such showing has been made.

Federal courts reject recusal theories based on remote, contingent, or speculative economic effects. An indirect and speculative effect on a judge's investment is neither a disqualifying financial interest nor a reasonable basis to question impartiality.

Recusal would therefore respond to conjecture rather than a statutory conflict. Because the identified relationship is attenuated and no substantial effect on the judge's interest has been shown, the Court should decline to recuse.

**4. Alternatively, divestiture, not mistrial, is the remedy.**

Even if the Court found the holding to be a financial interest in a party, disqualification is not required where substantial judicial time has been devoted to the matter and the judge divests the interest. 28 U.S.C. § 455(f). This case has been pending since 2022 and has been tried to closing argument. Declaring a mistrial now would impose the cost and delay of an entire retrial on the parties, including two grieving families, without any corresponding benefit to public confidence in the judiciary. *See Liljeberg*, 486 U.S. at 864.

**5. Prejudice to Plaintiffs**

The prejudice to Plaintiffs cannot be understated. Hundreds of thousands of dollars and thousands of attorney hours have been expended in this case. Defendants now have seen Plaintiffs' entire case. The prejudice is not substantial – it is monumental.

**CONCLUSION**

Plaintiffs respectfully request that the Court deny the motion and proceed with closing arguments. In the alternative, Plaintiffs request that the Court proceed under 28 U.S.C. § 455(f).

Respectfully submitted this 23rd day of November, 2026.

Respectfully submitted this 23rd day of November 2026.

HODGE LAW FIRM
P.O. Box 2765
Spartanburg, SC 29306
Tel: (864) 585-3873
Fax: (864) 585-6485

/s/ Charles J. Hodge
Charles J. Hodge
Admitted Pro Hac Vice
J. Camden Hodge
Admitted Pro Hac Vice
CHodge@hodgelawfirm.com
Camden@hodgelawfirm.com
Attorneys for Plaintiffs

HAMILTON & PADGETT, LLC
13 St. Andrews Ct.
Brunswick, Georgia 31520
P: (912) 200-2727

/s/ Joseph R. Padgett
Joseph R. Padgett
Georgia Bar No. 872672
joseph@hamiltonpadgettlaw.com
Attorney for Plaintiffs

LANGLEY STILL & FOSS LAW FIRM
229 Magnolia Street
Spartanburg, SC 29306
Tel: (864) 774-4662

/s/ T. Ryan Langley
T. Ryan Langley
Georgia State Bar No.: 692386
Matthew T. Foss
Admitted Pro Hac Vice
Ryan@LSFlawfirm.com
Matt@LSFlawfirm.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on November 23, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all counsel of record.

/s/ Matthew T. Foss
Matthew T. Foss